**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| LEVINA WONG,<br><br>      Plaintiff,<br><br>v.<br><br>VESON NAUTICAL LLC AND SEAN<br>BRIDGEO,<br><br>      Defendant. | Civil Action No. 24-cv-12752-IT |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS

Defendants Veson Nautical LLC ("Veson") and Sean Bridgeo ("Bridgeo") (collectively "Defendants") move pursuant to Fed. R. Civ. P. 26 and 37(a) and Local Rule 37.1, for an Order compelling Plaintiff Levina Wong ("Plaintiff") to produce relevant documents responsive to Defendants' Request for Production No. 18, which seeks non-privileged communications between herself and third parties concerning Bridgeo or the allegations underlying her Complaint or this lawsuit. In support of the Motion, Defendants submit this Memorandum of Law.

## INTRODUCTION

Plaintiff has improperly refused to produce non-privileged communications with third parties concerning Bridgeo or this lawsuit. Request No. 18 is narrowly tailored to communications directly bearing on the allegations, claims, defenses, and witnesses in this action, and those materials are plainly relevant and proportional because they may reveal Plaintiff's contemporaneous statements, identify witnesses, and lead to the discovery of admissible evidence. Plaintiff's boilerplate objections are unsupported and provide no basis to withhold discovery. The

Court should overrule those objections and compel production of all responsive, non-privileged documents.

**RELEVANT FACTUAL BACKGROUND**

Plaintiff filed a complaint against Defendants alleging intentional infliction of emotional distress, discrimination, retaliation, violation of Massachusetts Earned Sick Time Law, violation of Massachusetts Paid Family and Medical Leave Act, and tortious interference with advantageous business relations arising from her employment with Veson. *See* Plaintiff's Amended Complaint ("Compl."), at ECF No. 4. While Plaintiff had a collegial and friendly relationship with Bridgeo, and would often joke and tease him over Slack, she alleges in her Amended Complaint, in relevant part, that Bridgeo intended to inflict emotional distress on her, and that he discriminated against her, and subjected her to unwelcome harassment, based on her gender when he placed three toy rats in her office in jest. *See* Compl. at ¶¶ 209, 229. She also claims, in relevant part, that she was constructively discharged in a discriminatory and retaliatory manner because she raised concerns about gender discrimination/harassment in the workplace. Defendants vigorously dispute Plaintiff's allegations. *See* Compl. at ¶¶ 230, 231.

On or about June 2, 2025, Defendants served their first discovery requests on Plaintiff, including their First Request for Production of Documents. Therein, Defendants requested in Request No. 18, "Any documents which constitute, relate to, or refer to any communication between Plaintiff and any third parties, excluding her attorneys, but including and not limited to Plaintiff's family members and friends, concerning Bridgeo, or the subject matter of this Action." *See* Defendants' First Requests for Production of Documents, attached as Exhibit A.

On July 25, 2025, the parties filed a Confidentiality Stipulation and Protective Order governing the treatment and handling of discovery in the matter, which allows the parties to

designate documents as "Confidential Discovery Material," and "Highly Confidential: Attorneys' Eyes Only Discovery Material." *See* ECF No. 21.

On July 28, 2025, Plaintiff responded to Request No. 18 by stating, "Ms. Wong objects to Request No. 18 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of this case. Ms. Wong also objects to Request No. 18 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong further objects to Request No. 18 on the grounds that it is designed to harass." *See* Plaintiff's July 28, 2025 response to Defendants' Requests, attached as Exhibit B. Plaintiff did not produce any documents in response to Request No. 18.

On November 20, 2025, Defendants emailed Plaintiff a deficiency letter regarding her responses to Defendants' discovery requests, including her response to Request No. 18. A copy of that letter is attached as Exhibit C. In the letter, Defendants requested that Plaintiff amend her response and supplement her production, explaining that her objections were improper because Request No. 18 seeks only non-privileged communications between Plaintiff and third parties concerning Bridgeo or this Action.

On January 22, 2026, Defendants emailed Plaintiff again outlining outstanding discovery issues, and the parties further discussed those issues on February 13, 2026. The parties then jointly requested a conference with Judge Talwani on March 3, 2026, regarding their discovery impasse, including Plaintiff's failure to respond to Request No. 18, and appeared for a case management conference on March 5, 2026 to address those disputes.

On April 2, 2026, Plaintiff served an amended response to Request No. 18, but she maintained her objections and limited her production to text messages between Plaintiff and Veson employees who were employed at the same time as Plaintiff and Bridgeo, for the period September

2022 through July 8, 2024. *See* Plaintiff's Amended Responses to Defendants' Request for Production, attached as Exhibit D. Plaintiff did not produce any text messages with non-Veson employees.

## ARGUMENT

### A. LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides that parties may generally obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26. Thus, to be discoverable, the requested information must be non-privileged, relevant, and proportional. *Id.; see also Fernandes v. Bouley,* No. 20-11612-GAO, 2022 U.S. Dist. LEXIS 131260, at 5 (D. Mass. July 25, 2022) (explaining Fed. R. Civ. P. 26(b)(1)).

Boilerplate objections that a request is overly broad, burdensome, or irrelevant are insufficient, absent a specific showing of the nature of the burden or other factual support. *See Katz v. Shell Energy N. Am. (US), LP*, 566 F. Supp. 3d 104, 107 (D. Mass. 2021) (explaining that the party resisting discovery must specifically show how each request for production is either not relevant or overbroad, burdensome, or oppressive); *HealthEdge Software, Inc. v. Sharp Health Plan*, No. 19-cv-11020-ADB, 2021 U.S. Dist. LEXIS 88061, at *11 (D. Mass. May 6, 2021) ("Boilerplate generalized objections are inadequate and tantamount to not making any objection at all.") (internal citation omitted).

4

## B. REQUEST NO. 18 SEEKS RELEVANT, NON-PRIVILEGED COMMUNICATIONS PROPORTIONAL TO THE CASE

Request No. 18 seeks only communications between Plaintiff and third parties, excluding counsel, concerning Bridgeo or the subject matter of this lawsuit, i.e. Plaintiff's allegations directly at issue here. On its face, the request targets a discrete category of non-privileged communications directly related to the subject matter of this case and must be produced. *See Fernandes*, 2022 U.S. Dist. LEXIS 131260, at * 5 (explaining that Fed. R. Civ. P. 26(b)(1) "must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case).

These communications are relevant because they may:

1.  reveal Plaintiff's contemporaneous statements regarding the events at issue;

2.  identify third parties with knowledge of relevant facts;

3.  disclose additional witnesses;

4.  bear on Plaintiff's allegations, claimed damages, and credibility; and

5.  lead to the discovery of admissible evidence.

Plaintiff's decision to produce communications with only Veson employees while withholding all other communications underscores the potential relevance of the requested material. Communications with family, friends, or other third parties about Bridgeo or the subject matter of this lawsuit may be equally, if not more, probative of Plaintiff's contemporaneous perception of her treatment in the workplace, her relationship with Bridgeo, and may also identify individuals whom Defendants may wish to depose. These communications are within Plaintiff's possession, custody, or control, and there is no apparent undue burden or significant expense associated with producing them.

Moreover, because Request No. 18 expressly excludes communications with attorneys, it seeks only non-privileged material and they must be produced. If Plaintiff nevertheless contends that any responsive communication is privileged or otherwise protected, she should be required to produce a privilege log compliant with Fed. R. Civ. P. 26(b)(5), identifying the basis for withholding each document to provide Defendants with the opportunity to assess the accuracy of the privilege designation.

## C. **PLAINTIFF'S OBJECTIONS ARE UNSUPPORTED**

Plaintiff's relevance objection lacks merit. Plaintiff's communications with third parties about Bridgeo or the subject matter of this litigation are plainly relevant to her claims and Defendants' defenses. *See* Fed. R. Civ. P. 26. Such communications may reflect Plaintiff's contemporaneous account of the alleged conduct, her perception of her treatment in the workplace, her relationship with Bridgeo, her emotional state, her claimed damages, and any efforts to mitigate. As outlined above, they may also contain statements inconsistent with her allegations in this action or identify third parties with relevant knowledge, including potential witnesses whom Defendants may wish to depose. Moreover, discovery is not limited to evidence that is itself admissible at trial. Rather, parties may obtain discovery of any nonprivileged matter relevant to a claim or defense, including information that may lead to the discovery of admissible evidence. *See Fernandes*, 2022 U.S. Dist. LEXIS 131260, at * 5. Request No. 18 easily satisfies that standard.

In addition, Plaintiff's objection that the request seeks "confidential or sensitive personal information of third parties" is likewise unavailing. Confidentiality does not justify withholding otherwise discoverable material, particularly where the parties already have a Protective Order in place that permits documents to be designated "Confidential" or "Confidential – Attorneys' Eyes Only." That Protective Order provides a ready mechanism to address any legitimate privacy

concerns. To the extent any responsive communication contains genuinely private information unrelated to this action, Plaintiff may propose narrow redactions or designate the material pursuant to the Protective Order. What Plaintiff may not do, however, is withhold an entire category of plainly relevant, nonprivileged communications based on a generalized confidentiality objection.

Finally, Plaintiff's suggestion that Request No. 18 is intended to "harass" is baseless. The request is narrowly targeted to a discrete category of communications concerning Bridgeo or the subject matter of this lawsuit, which she has put directly at issue, and seeks information directly relevant to the claims and defenses in this case. It is a proper discovery request, not harassment.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order directing Plaintiff to fully respond to discovery as set forth above.

DEFENDANTS,

VESON NAUTICAL LLC

By its attorneys,

/s/ Eve R. Keller
Jamie Kessler, BBO # 681867
Eve Keller, BBO # 712209
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
Telephone: (617) 367-0025
Jamie.kessler@jacksonlewis.com
Eve.keller@jacksonlewis.com

4919-3296-9379, v. 2

7