# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEVINA WONG,<br><br>                  Plaintiff,<br><br>         v.<br><br>VESON NAUTICAL LLC and SEAN<br>BRIDGEO,<br><br>                  Defendants. | Civil Action No. 24-CV-12752-IT |

## **DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure Defendants Veson Nautical LLC ("Veson") and Sean Bridgeo ("Bridgeo") (collectively "Defendants") request that Plaintiff Levina Wong ("Plaintiff") produce the following documents within her possession, custody, or control for inspection and copying at the offices of Jackson Lewis P.C., 75 Park Plaza, 4th Floor, Boston Massachusetts, 02116 within the timeframe provided in the rules.

## **INSTRUCTIONS**

1.     In answering these requests for production, Plaintiff should provide all documents available to her, including documents in the possession of her attorney and all persons acting on her behalf.

2.     The requests which follow are to be considered as continuing, and Plaintiff is requested to provide, by way of supplementary responses, such additional documents as she or any persons acting on her behalf may hereafter obtain which will augment, clarify, or otherwise modify the responses now given to these requests.  Such supplementary responses are to be produced to Defendants within thirty (30) days after receipt of such documents.

3.      If any document requested to be produced was, but is no longer in Plaintiff's possession, custody or control, or is no longer in existence, please state whether it is: (a) missing or lost; (b) destroyed; (c) transferred whether voluntarily or involuntarily to others and if so, to whom; or (d) disposed of or otherwise unavailable.  In each instance, please explain the circumstances surrounding the authorization for such disposition and state the approximate date thereof.

4.      Selection of documents from files or other sources and the numbering of such documents shall be performed in such a manner as to ensure that the sources of each document may be determined, if necessary.

5.      Any word formed in the singular shall also be read in the plural, and vice versa.

6.      Verbs shall be read as though they were in all tenses.

7.      Any pronoun in one gender shall also be taken to include all genders.

8.      The terms "all" and "each" shall both be construed as "all" and "each."

9.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## DEFINITIONS

Defendant incorporates herein by reference the Definitions set forth in Defendant's First Set of Interrogatories to Plaintiff.

## DOCUMENTS TO BE PRODUCED

1.      Any and all documents that relate to or pertain to the allegations in Paragraph 31 of the Complaint that "Bridgeo began to actively and persistently undermine Ms. Wong in her role, usurp her responsibilities, and diminish her authority as the Company's GC."

2.      Any and all documents that relate or pertain to the allegations in Paragraph 33 of the Complaint that "Bridgeo consistently sought to exclude Ms. Wong from important decisions and communications within the purview of the legal department in a subtle but persistent campaign to undermine and sideline her."

3.      Any and all documents that relate or pertain to the allegations in Paragraph 34 of the Complaint that "Bridgeo later encouraged Unflat and other members of the HR department to exclude and undermine Ms. Wong and members of her team in a similar fashion because of Ms. Wong's sex."

4.      Any and all documents that relate or pertain to the allegations in Paragraph 38 of the Complaint that "Ms. Wong protested that it was improper for her to investigate her direct manager, Riley" and "[d]espite her objections, Bridgeo stubbornly insisted on his proposed strategy, and he later reported to Ms. Wong that the Board of Directors had directed his strategy to be followed."

5.      Any and all documents that relate or pertain to the allegations in Paragraphs 50 and 51 of the Complaint that Bridgeo's offer to meet with Plaintiff's team while she was on leave was "another veiled threat – in this instance, a threat to take over Ms. Wong's team and diminish her professional responsibilities" and "further evidence that Bridgeo believed that, as a woman, she could not manager her personal and professional obligations without his assistance."

6.      Any and all documents that relate or pertain to the allegation that Bridgeo's offer to meet with Plaintiff's team substantially interfered with Plaintiff's sick leave.

7.      Any and all documents that relate or pertain to the allegations in Paragraph 71 of the Complaint that "Bridgeo's persistent refusal to consult with Ms. Wong for her professional

expertise, and his constant undermining of her authority and responsibilities, was based on her sex."

8.      Any and all documents that relate or pertain to the allegations in Paragraphs 91 and 92 of the Complaint that Bridgeo believed Plaintiff had overstepped the limits of her authority as General Counsel by speaking with the CEO and COO about the purported rodent traps.

9.      Any and all documents that relate or pertain to the allegations in Paragraph 150 of the Complaint that "Veson encouraged Unflat and her team to relocate along with Bridgeo and his team to avoid the appearance that Bridgeo had been disciplined or singled out in any for his misconduct."

10.     Any and all documents that relate or pertain to the allegations in Paragraphs 167 and 168 of the Complaint that "Plaintiff sought medical help and was diagnosed with situational PTSD-like symptoms that made it extremely difficult for her to work in physical proximity to Bridgeo or even in his virtual presence.

11.     Any and all documents that relate to or pertain to the allegations in the Complaint that Veson discriminated against Plaintiff on the basis of her disability or failed to engage in an interactive process with her concerning any requests for accommodation.

12.     Any and all documents that relate to or pertain to the allegations in the Complaint that Defendants subjected Plaintiff to a harassing and hostile work environment because of her sex.

13.     Any and all documents that relate or pertain to the allegations in the Complaint that Defendants constructively discharged Plaintiff.

14. Any and all documents that relate or pertain to the allegations in the Complaint that Veson regarded Plaintiff as handicapped because of her purported situational PTSD-like symptoms.

15. Any and all documents that relate or pertain to the allegation that Bridgeo made a "veiled threat" to take over her team.

16. Any and all documents that relate or pertain to the allegation that Bridgeo interfered with Plaintiff's business relationship with Veson based on malice.

17. Any documents which constitute, relate to, or refer to any communication between Plaintiff and Defendants (including but not limited to any current or former Veson employee) concerning the subject matter of this Action.

18. Any documents which constitute, relate to, or refer to any communication between Plaintiff and any third parties, excluding her attorneys, but including and not limited to Plaintiff's family members and friends, concerning Bridgeo, or the subject matter of this Action.

19. Any and all communications, including text messages, emails, notes, Facebook or other social media messages or chats between you and Bridgeo.

20. Any and all communications, including text messages, emails, notes, Facebook or other social media messages or chats between you and Kerry Unflat.

21. Any and all communications, including text messages, emails, notes, Facebook or other social media messages or chats between you and any other employee of Veson regarding Bridgeo, Unflat or the subject matter of this Action.

22. All documents which demonstrate, relate or refer to any financial loss that Plaintiff suffered, claims to have suffered, or claims Plaintiff will hereafter suffer as a result of any act or omission by Defendants.

23. Any and all documents concerning any damages Plaintiff intends to seek at the trial of this Action.

24. Any documents Plaintiff, or anyone acting on Plaintiff's behalf, submitted to any federal, state, county or municipal agency related to the subject matter of this Action, including without limitation any documents or statements submitted to the Massachusetts Commission Against Discrimination.

25. Any documents Plaintiff, or anyone acting on Plaintiff's behalf, received from any other federal, state, county or municipal agency related to any claims or potential claims Plaintiff has or had against Defendants.

26. Any written or recorded statements, reports, or affidavits of any person related to the subject matter of this Action, or any other claim which Plaintiff has or had against Defendants.

27. All documents identified in Plaintiff's responses to Defendant's First Set of Interrogatories.

28. All documents which Plaintiff reviewed or relied upon in formulating responses to Defendant's First Set of Interrogatories.

29. Any written reports prepared by any person who may be used at trial as an expert.

30. Any and all reports rendered by experts who have been consulted and/or retained for this litigation by Plaintiff and the curriculum vitae of such experts.

31. Any documents Plaintiff intends to introduce as exhibits or part of an exhibit at the trial of this matter.

32. Plaintiff's federal and state income tax returns for 2023 to the present and continuing.

33. All W-2 and/or 1099 forms issued to Plaintiff for 2023 to the present and continuing.

34. A fully executed original copy of the tax records authorization attached hereto.

35. All online profiles, postings, messages (including, without limitation, tweets, replies, re-tweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, calendars, day planners, journals, internet blogs, Facebook, Twitter, Instagram, LinkedIn, Snapchat, Tinder or other social media web pages, or diaries, and online communications that concern or relate to the allegations set forth in Plaintiff's Complaint.

36. All handwritten, hard copy or electronic diary, journal, day planner, or calendar entries that concern or relate to Plaintiff's daily activities from January 2023 through the present.

37. Any diaries, memoranda, letters or any written or electronic documents containing any reference to any allegations made by you in this Action.

38. Any documents Plaintiff provided or transmitted to any of Veson's managers, supervisors, human resources personnel, agents, or employees regarding Plaintiff's allegations in the Complaint.

39. Any and all records maintained by any physician, health care facility, hospital, psychologist, psychiatrist, social worker, or other healthcare provider with whom Plaintiff visited, consulted, or received treatment or evaluation for any condition or symptom that Plaintiff claims was caused by or resulted from Defendants' alleged conduct, including, but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered.

40. Any and all records maintained by any physician, health care facility, hospital, psychologist, psychiatrist, social worker, or other healthcare provider with whom Plaintiff visited,

consulted or received treatment from at any time from May 15, 2020, to present, including, but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered.

41.     Any and all documents concerning any physical or mental condition that Plaintiff claims is at issue in this case, which were not already produced in response to the above requests.

42.     A fully executed copy of the attached medical records authorization and the attached mental health records authorization for each medical caregiver, psychotherapist, psychologist, social worker, marriage counselor, clergy, or other mental health professional or healthcare provider who saw, evaluated, or rendered any treatment to Plaintiff at any time from May 15, 2020, to present.

43.     A fully executed employment records authorization attached hereto.

44.     Any and all documents that relate or refer to any employment of Plaintiff during, or subsequent to her employment with Veson, other than Plaintiff's employment with Veson (including any self-employment and any business or consulting work), including, without limitation: invoices for services rendered, correspondence to and from any employer or prospective employer, employment applications, and documents relative to compensation, income and benefits from subsequent employers, which were not produced in response to the above requests.

45.     Any and all documents that relate or pertain to any attempts by Plaintiff  to obtain new employment (including self-employment) or to engage in any business or to enter into any consulting or independent contractor relationship during or after her employment with Veson, including, without limitation: correspondence to or from other employers, potential employers, documents related to the acquisition or participation in any business; and all versions of Plaintiff's resume.

46.    Any and all documents of any kind in your possession, not previously identified, which in any way relate to the allegations made by you in this Action.

June 2, 2025

Respectfully Submitted,

Defendants,

By their attorneys,

*/s/ Eve R. Keller*

Jamie L. Kessler, BBO #681867
Eve R. Keller, BBO #712209
Jackson Lewis, P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
TELE: (617) 367-0025
Jamie.Kessler@jacksonlewis.com
Eve.keller@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

This hereby certifies that on this 2nd day of June 2025, this document will be sent electronically to all counsel of record.

/s/ Eve R. Keller
Eve R. Keller