# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| LEVINA WONG,<br><br>               Plaintiff,<br><br>        v.<br><br>VESON NAUTICAL LLC and SEAN<br>BRIDGEO,<br><br>               Defendants. | Civil Action No. 24-CV-12752-IT |

**PLAINTIFF LEVINA WONG'S**
**RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF**
**DOCUMENTS TO PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.1 and

34.1 of the Local Civil Rules of the United States District Court for the District of Massachusetts

("the Local Rules"), Plaintiff Levina Wong ("Ms. Wong"), provides responses to Defendant's First

Request for Production of Documents to Plaintiff (the "Requests") as follows:

**RESERVATION OF RIGHTS**

Any production of documents by Ms. Wong in response to the Requests is subject to Ms.

Wong's right to object to the admission into evidence of any and all such documents on the ground

that they are irrelevant to the issues in this action, or are otherwise inadmissible, or were produced

inadvertently.  By this response, Ms. Wong does not intend to waive, but explicitly preserves, her

attorney-client privilege and all other privileges and protections from disclosure, including the

protections afforded by the work product doctrine. Responsive documents that have been withheld

or redacted on the basis of privilege, if any, will be identified in a separate privilege log.

The responses and objections are based upon Ms. Wong's present knowledge, information, and belief. Ms. Wong reserves the right to rely on any facts, documents, or other evidence that may hereafter develop or come to her attention.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:** Any and all documents that relate to or pertain to the allegations in Paragraph 31 of the Complaint that "Bridgeo began to actively and persistently undermine Ms. Wong in her role, usurp her responsibilities, and diminish her authority as the Company's GC."

**RESPONSE TO REQUEST NO. 1:**

Ms. Wong objects to Request No. 1 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 1 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 1 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 1 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 1 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 1 in response to other Requests (*e.g.*, Request Nos. 17, 24).

**REQUEST NO. 2:** Any and all documents that relate or pertain to the allegations in Paragraph 33 of the Complaint that "Bridgeo consistently sought to exclude Ms. Wong from important decisions and communications within the purview of the legal department in a subtle but persistent campaign to undermine and sideline her."

**RESPONSE TO REQUEST NO. 2:**

Ms. Wong objects to Request No. 2 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 2 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 2 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 2 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 2 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 2 in response to other Requests (*e.g.*, Request Nos. 17, 24).

**REQUEST NO. 3:** Any and all documents that relate or pertain to the allegations in Paragraph 34 of the Complaint that "Bridgeo later encouraged Unflat and other members of the HR department to exclude and undermine Ms. Wong and members of her team in a similar fashion because of Ms. Wong's sex."

**RESPONSE TO REQUEST NO. 3:**

Ms. Wong objects to Request No. 3 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 3 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 3 to the extent that it

seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 3 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 3 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 3 in response to other Requests (*e.g.*, Request Nos. 17, 24).

**REQUEST NO. 4:** Any and all documents that relate or pertain to the allegations in Paragraph 38 of the Complaint that "Ms. Wong protested that it was improper for her to investigate her direct manager, Riley" and "[d]espite her objections, Bridgeo stubbornly insisted on his proposed strategy, and he later reported to Ms. Wong that the Board of Directors had directed his strategy to be followed."

**RESPONSE TO REQUEST NO. 4:**

Ms. Wong objects to Request No. 4 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 4 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 4 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 4 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 4 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 4 in response to other Requests (*e.g.*, Request No. 24).

**REQUEST NO. 5:** Any and all documents that relate or pertain to the allegations in Paragraphs 50 and 51 of the Complaint that Bridgeo's offer to meet with Plaintiff's team while she was on leave was "another veiled threat – in this instance, a threat to take over Ms. Wong's team and diminish her professional responsibilities" and "further evidence that Bridgeo believed that, as a woman, she could not manage her personal and professional obligations without his assistance."

**RESPONSE TO REQUEST NO. 5:**

Ms. Wong objects to Request No. 5 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 5 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 5 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 5 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 5 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 5 in response to other Requests (*e.g.*, Request No. 24).

**REQUEST NO. 6:** Any and all documents that relate or pertain to the allegation that Bridgeo's offer to meet with Plaintiff's team substantially interfered with Plaintiff's sick leave.

**RESPONSE TO REQUEST NO. 6:**

Ms. Wong objects to Request No. 6 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 6 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 6 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 6 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 6 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 6 in response to other Requests (*e.g.*, Request Nos. 17, 24).

**REQUEST NO. 7:** Any and all documents that relate or pertain to the allegations in Paragraph 71 of the Complaint that "Bridgeo's persistent refusal to consult with Ms. Wong for her professional expertise, and his constant undermining of her authority and responsibilities, was based on her sex."

**RESPONSE TO REQUEST NO. 7:**

Ms. Wong objects to Request No. 7 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 7 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 7 to the extent that it

seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 7 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 7 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 7 in response to other Requests (*e.g.*, Request Nos. 17, 24).

**REQUEST NO. 8:** Any and all documents that relate or pertain to the allegations in Paragraphs 91 and 92 of the Complaint that Bridgeo believed Plaintiff had overstepped the limits of her authority as General Counsel by speaking with the CEO and COO about the purported rodent traps.

**RESPONSE TO REQUEST NO. 8:**

Ms. Wong objects to Request No. 8 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 8 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 8 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 8 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 8 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are

within her personal possession, custody, or control and that are responsive to Request No. 8 in response to other Requests (*e.g.*, Request Nos. 17, 24).

**REQUEST NO. 9:** Any and all documents that relate or pertain to the allegations in Paragraph 150 of the Complaint that "Veson encouraged Unflat and her team to relocate along with Bridgeo and his team to avoid the appearance that Bridgeo had been disciplined or singled out in any way for his misconduct."

**RESPONSE TO REQUEST NO. 9:**

Ms. Wong objects to Request No. 9 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 9 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 9 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 9 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 9 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 9 in response to other Requests (*e.g.*, Request Nos. 17, 24).

**REQUEST NO. 10:** Any and all documents that relate or pertain to the allegations in Paragraphs 167 and 168 of the Complaint that "Plaintiff sought medical help and was diagnosed with situational PTSD-like symptoms that made it extremely difficult for her to work in physical proximity to Bridgeo or even in his virtual presence."

**RESPONSE TO REQUEST NO. 10:**

Ms. Wong objects to Request No. 10 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 10 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 10 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 10 to the extent it seeks confidential or sensitive personal information of third parties.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 10 in response to other Requests (*e.g.*, Request Nos. 17, 24, 39).

**REQUEST NO. 11:** Any and all documents that relate or pertain to the allegations in the Complaint that Veson discriminated against Plaintiff on the basis of her disability or failed to engage in an interactive process with her concerning any requests for accommodation.

**RESPONSE TO REQUEST NO. 11:**

Ms. Wong objects to Request No. 11 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 11 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 11 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 11 to the extent it seeks confidential or sensitive personal information of third parties. Ms.

Wong also objects to Request No. 11 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 11 in response to other Requests (*e.g.*, Request Nos. 17, 24).

**REQUEST NO. 12:** Any and all documents that relate or pertain to the allegations in the Complaint that Defendants subjected Plaintiff to a harassing and hostile work environment because of her sex.

**RESPONSE TO REQUEST NO. 12:**

Ms. Wong objects to Request No. 12 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 12 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 12 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 12 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 12 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her exclusive personal possession, custody, or control and that are responsive to Request No. 12 in response to other Requests (*e.g.*, Request Nos. 17, 24).

**REQUEST NO. 13:** Any and all documents that relate or pertain to the allegations in the Complaint that Defendants constructively discharged Plaintiff.

**RESPONSE TO REQUEST NO. 13:**

Ms. Wong objects to Request No. 13 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 13 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 13 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 13 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 13 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 13 in response to other Requests (*e.g.*, Request Nos. 17, 24, 39).

**REQUEST NO. 14:** Any and all documents that relate or pertain to the allegations in the Complaint that Veson regarded Plaintiff as handicapped because of her purported situational PTSD-like symptoms.

**RESPONSE TO REQUEST NO. 14:**

Ms. Wong objects to Request No. 14 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 14 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to

Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 14 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 14 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 14 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 14 in response to other Requests (*e.g.*, Request Nos. 17, 24, 39).

**REQUEST NO. 15:** Any and all documents that relate or pertain to the allegation that Bridgeo made a "veiled threat" to take over her team.

**RESPONSE TO REQUEST NO. 15:**

Ms. Wong objects to Request No. 15 on the grounds that it is substantially duplicative of Request No. 5.

Subject to and as limited by the foregoing specific objections, please see Ms. Wong's Response to Request No. 5 in response to Request No. 15.

**REQUEST NO. 16:** Any and all documents that relate or pertain to the allegation that Bridgeo interfered with Plaintiff's business relationship with Veson based on malice.

**RESPONSE TO REQUEST NO. 16:**

Ms. Wong objects to Request No. 16 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 16 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 16 to the extent that it

seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 16 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 16 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 14 in response to other Requests (*e.g.*, Request Nos. 17, 24).

**REQUEST NO. 17:** Any documents which constitute, relate to, or refer to any communication between Plaintiff and Defendants (including but not limited to any current or former Veson employee) concerning the subject matter of this Action.

**RESPONSE TO REQUEST NO. 17:**

Ms. Wong objects to Request No. 17 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case.  Ms. Wong also objects to Request No. 17 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 17 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 17 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 17 to the extent that it is designed to harass.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged communications between herself and individuals who were employed by Veson concurrently with Ms. Wong and

Bridgeo (*i.e.*, from September 2022 through July 8, 2024) that are within her personal possession, custody, or control and that are responsive to Request No. 17.

**REQUEST NO. 18:** Any documents which constitute, relate to, or refer to any communication between Plaintiff and any third parties, excluding her attorneys, but including and not limited to Plaintiff's family members and friends, concerning Bridgeo, or the subject matter of this Action.

**RESPONSE TO REQUEST NO. 18:**

Ms. Wong objects to Request No. 18 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 18 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong further objects to Request No. 18 on the grounds that it is designed to harass.

**REQUEST NO. 19:** Any and all communications, including text messages, emails, notes, Facebook or other social media messages or chats between you and Bridgeo.

**RESPONSE TO REQUEST NO. 19:**

Ms. Wong objects to Request No. 19 as overly broad, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 19 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 19 on the grounds that it is substantially duplicative of Request No. 17.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce communications between herself and Bridgeo that are within her personal possession, custody, or control and that are responsive to Request No. 19 in response to Request No. 17.

**REQUEST NO. 20:** Any and all communications, including text messages, emails, notes, Facebook or other social media messages or chats between you and Kerry Unflat.

**RESPONSE TO REQUEST NO. 20:**

Ms. Wong objects to Request No. 20 as overly broad, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 20 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 20 on the grounds that it is substantially duplicative of Request No. 17.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce communications between herself and Unflat that are within her personal possession, custody, or control and that are responsive to Request No. 20 in response to Request No. 17.

**REQUEST NO. 21:** Any and all communications, including text messages, emails, notes, Facebook or other social media messages or chats between you and any other employee of Veson regarding Bridgeo, Unflat or the subject matter of this Action.

**RESPONSE TO REQUEST NO. 21:**

Ms. Wong objects to Request No. 21 on the grounds that it is substantially duplicative of Request No. 17.

Subject to and as limited by the foregoing specific objections, please see Ms. Wong's Response to Request No. 17 in response to Request No. 21.

**REQUEST NO. 22:** Any documents which demonstrate, relate or refer to any financial loss that Plaintiff suffered, claims to have suffered, or claims Plaintiff will hereafter suffer as a result of any act or omission by Defendants.

**RESPONSE TO REQUEST NO. 22:**

Ms. Wong objects to Request No. 22 as overly broad, unduly burdensome, not reasonably limited in scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 22 to the extent that it seeks information

squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 22 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents within her personal possession, custody, or control and that are sufficient to show information responsive to Request No. 22.

**REQUEST NO. 23:** Any and all documents concerning any damages Plaintiff intends to seek at the trial of this Action.

**RESPONSE TO REQUEST NO. 23:**

Ms. Wong objects to Request No. 23 as overly broad, unduly burdensome, not reasonably limited in scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 23 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 23 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents within her personal possession, custody, or control and that are sufficient to show information responsive to Request No. 23.

**REQUEST NO. 24:** Any documents Plaintiff, or anyone acting on Plaintiff's behalf, submitted to any federal, state, county or municipal agency related to the subject matter of this Action, including without limitation any documents or statements submitted to the Massachusetts Commission Against Discrimination.

**RESPONSE TO REQUEST NO. 24:**

Ms. Wong objects to Request No. 24 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong.

Subject to and without waiving the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce documents that are within her personal possession, custody, or control and that are responsive to Request No. 24.

**REQUEST NO. 25:** Any documents Plaintiff, or anyone acting on Plaintiff's behalf, received from any other federal, state, county or municipal agency related to any claims or potential claims Plaintiff has or had against Defendants.

**RESPONSE TO REQUEST NO. 25:**

Ms. Wong objects to Request No. 25 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong.

Subject to and without waiving the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce documents that are within her personal possession, custody, or control and that are responsive to Request No. 25.

**REQUEST NO. 26:** Any written or recorded statements, reports, or affidavits of any person related to the subject matter of this Action, or any other claim which Plaintiff has or had against Defendants.

**RESPONSE TO REQUEST NO. 26:**

Ms. Wong objects to Request No. 26 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong also objects to Request No. 26 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and as limited by the foregoing specific objections, please see Ms. Wong's verified Charge submitted to the Massachusetts Commission Against Discrimination, and her Verified Complaint and her Verified Amended Complaint filed in this Action in response to Request No. 26.

**REQUEST NO. 27:** All documents identified in Plaintiff's responses to Defendant's First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 27:**

Ms. Wong objects to Request No. 27 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and as limited by the foregoing specific objections, please see Ms. Wong's résumé to be produced in response to Request No. 44, *infra*, and Plaintiff's Initial Disclosures dated April 1, 2025, which are the only documents specifically identified in her Responses to Defendants' First Set of Interrogatories to Plaintiff.

**REQUEST NO. 28:** All documents which Plaintiff reviewed or relied upon in formulating responses to Defendant's First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 28:**

Ms. Wong objects to Request No. 28 as overly broad, unduly burdensome, and to the extent that it seeks information that is irrelevant to this case. Ms. Wong also objects to Request No. 28 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

**REQUEST NO. 29:** Any written reports prepared by any person who may be used at trial as an expert.

**RESPONSE TO REQUEST NO. 29:**

Ms. Wong objects to Request No. 29 on the grounds that it seeks premature expert discovery or pretrial submissions. Ms. Wong also objects to Request No. 29 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that she will produce expert disclosures and/or related submission(s), if any, when and if, and only to the extent, required by the Federal Rules of Civil Procedure or other applicable rules or court orders.

**REQUEST NO. 30:** Any and all reports rendered by experts who have been consulted and/or retained for this litigation by Plaintiff and the curriculum vitae of such experts.

**RESPONSE TO REQUEST NO. 30:**

Ms. Wong objects to Request No. 30 on the grounds that it seeks premature expert discovery or pretrial submissions. Ms. Wong also objects to Request No. 30 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that she will produce expert disclosures and/or related submission(s), if any, when and if, and only to the extent, required by the Federal Rules of Civil Procedure or other applicable rules or court orders.

**REQUEST NO. 31:** Any documents Plaintiff intends to introduce as exhibits or part of an exhibit at the trial of this matter.

**RESPONSE TO REQUEST NO. 31:**

Ms. Wong objects to Request No. 31 on the grounds that it seeks premature pretrial submissions. Ms. Wong also objects to Request No. 31 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that she will produce pretrial submission(s) when and if, and only to the extent, required by the Federal Rules of Civil Procedure or other applicable rules or court orders.

**REQUEST NO. 32:** Plaintiff's federal and state income tax returns for 2023 to the present and continuing.

**RESPONSE TO REQUEST NO. 32:**

Ms. Wong objects to Request No. 32 as overly broad and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 32 to the extent it is designed to harass.

**REQUEST NO. 33:** All W-2 and/or 1099 forms issued to Plaintiff for 2023 for the present and continuing.

**RESPONSE TO REQUEST NO. 33:**

Ms. Wong objects to Request No. 33 as overly broad and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 33 to the extent it is designed to harass. Ms. Wong further objects to Request No. 33 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong.

Subject to and as limited by the foregoing specific objections, Ms. Wong will produce W-2 forms issued to her by Nexthink, her current employer, for the year 2024 and continuing in response to Request No. 33. By way of further response, Ms. Wong states that no 1099 forms have been issued to her during the requested time frame.

**REQUEST NO. 34:** A fully executed original copy of the tax records authorization attached hereto.

**RESPONSE TO REQUEST NO. 34:**

Ms. Wong objects to Request No. 34 on the grounds that it is vague and ambiguous – there is no "tax records authorization" attached to Defendant's First Request for Production of Documents to Plaintiff. Ms. Wong also objects to Request No. 34 as overly broad and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 34 to the extent it is designed to harass.

**REQUEST NO. 35:** All online profiles, postings, messages (including, without limitation, tweets, replies, re-tweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, calendars, day planners, journals, internet blogs, Facebook, Twitter, Instagram, LinkedIn, Snapchat, Tinder or other social media web pages, or diaries, and online communications that concern or relate to the allegations set forth in Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 35:**

Ms. Wong objects to Request No. 35 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 35 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 35 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 35 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong also objects to Request No. 35 on the grounds that it is substantially duplicative of Request Nos. 17 and 18.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 35 in response to Request No. 17. Further responding, Ms. Wong will also produce photographs that she

took of a rodenticide box at one of the potential London office sites and of the rats that Bridgeo

placed in her office and her bag in response to Request No. 35.

**REQUEST NO. 36:** All handwritten, hard copy or electronic diary, journal, day planner, or calendar entries that concern or relate to Plaintiff's daily activities from January 2023 through the present.

**RESPONSE TO REQUEST NO. 36:**

Ms. Wong objects to Request No. 36 as hopelessly overly broad, unduly burdensome, not

reasonably limited in time and scope, and seeking information that is irrelevant to, and

disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 36 to the extent

that it seeks information squarely in Defendants' possession, custody, or control, or that is equally

or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 36

to the extent that it seeks information protected from disclosure by the attorney-client privilege,

work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong

objects to Request No. 36 to the extent it seeks confidential or sensitive personal information of

third parties. Ms. Wong also objects to Request No. 36 to the extent it is designed to harass.

**REQUEST NO. 37:** Any diaries, memoranda, letters or any written or electronic documents containing any reference to any allegations made by you in this Action.

**RESPONSE TO REQUEST NO. 37:**

Ms. Wong objects to Request No. 37 as hopelessly overly broad, not reasonably limited in

time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of,

this case. Ms. Wong also objects to Request No. 37 to the extent it is designed to harass. Ms. Wong

further objects to Request No. 37 to the extent that it seeks information protected from disclosure

by the attorney-client privilege, work product doctrine, or any other applicable privilege or

protection. In addition, Ms. Wong objects to Request No. 37 to the extent it seeks confidential or

sensitive personal information of third parties.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce an electronic note chronicling her symptoms of distress caused by Defendants in response Request No. 37.

**REQUEST NO. 38:** Any documents Plaintiff provided or transmitted to any of Veson's managers, supervisors, human resources personnel, agents, or employees regarding Plaintiff's allegations in the Complaint.

**RESPONSE TO REQUEST NO. 38:**

Ms. Wong objects to Request No. 38 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 38 on the grounds that it is substantially duplicative of Request No. 17.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce documents that are within her personal possession, custody, or control and that are responsive to Request No. 38 in response to Request No. 17.

**REQUEST NO. 39:** Any and all records maintained by any physician, health care facility, hospital, psychologist, psychiatrist, social worker, or other healthcare provider with whom Plaintiff visited, consulted, or received treatment or evaluation for any condition or symptom that Plaintiff claims was caused by or resulted from Defendants' alleged conduct, including, but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered.

**RESPONSE TO REQUEST NO. 39:**

Ms. Wong objects to Request No. 39 as overly broad, not reasonably limited in scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 39 to the extent it is designed to harass.

Subject to and as limited by the foregoing specific objections, Ms. Wong will produce relevant documents from health care providers from whom she received treatment for conditions

or symptoms caused by Defendants (Wendy Beaumier, FNP; Tanishia Choice, MD; Able Bodies Physical Therapy; and Tapanainen Chiropractic Center) in response to Request No. 39.

**REQUEST NO. 40:** Any and all records maintained by any physician, health care facility, hospital, psychologist, psychiatrist, social worker, or other healthcare provider with whom Plaintiff visited, consulted, or received treatment from at any time from May 15, 2020, to present, including, but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered.

**RESPONSE TO REQUEST NO. 40:**

Ms. Wong objects to Request No. 40 as hopelessly overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 40 to the extent it is designed to harass. Ms. Wong further objects to Request No. 40 on the grounds that it is substantially duplicative of Request No. 39.

Subject to and as limited by the foregoing specific objections, Ms. Wong will produce relevant documents only from health care providers from whom she received treatment for conditions or symptoms caused by Defendants and that are responsive to Request No. 40 in response to Request No. 39.

**REQUEST NO. 41:** Any and all documents concerning any physical or mental condition that Plaintiff claims is at issue in this case, which were not already produced in response to the above requests.

**RESPONSE TO REQUEST NO. 41:**

Ms. Wong objects to Request No. 41 as overly broad, unduly burdensome, not reasonably limited in scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 41 to the extent it is designed to harass. Ms. Wong further objects to Request No. 41 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged documents that are within her personal possession, custody, or control and that are responsive to Request No. 41 in response to other Requests (*e.g.*, Request Nos. 17, 24, 37, and 39).

**REQUEST NO. 42:** A fully executed copy of the attached medical records authorization and the attached mental health records authorization for each medical caregiver, psychotherapist, psychologist, social worker, marriage counselor, clergy, or other mental health professional or healthcare provider who saw, evaluated, or rendered any treatment to Plaintiff at any time from May 15, 2020, to present.

**RESPONSE TO REQUEST NO. 42:**

Ms. Wong objects to Request No. 42 on the grounds that it is vague and ambiguous – there are no "medical records" or "mental health records" authorizations attached to Defendant's First Request for Production of Documents to Plaintiff. Ms. Wong further objects to Request No. 42 as overly broad and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 42 to the extent it is designed to harass.

**REQUEST NO. 43:** A fully executed employment records authorization attached hereto.

**RESPONSE TO REQUEST NO. 43:**

Ms. Wong objects to Request No. 43 on the grounds that it is vague and ambiguous – there is no "employment records authorization" attached to Defendant's First Request for Production of Documents to Plaintiff. Ms. Wong further objects to Request No. 43 as overly broad and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 43 to the extent it is designed to harass.

**REQUEST NO. 44:** Any and all documents that relate or refer to any employment of Plaintiff during, or subsequent to her employment with Veson, other than Plaintiff's employment with Veson (including any self-employment and any business or consulting work), including, without limitation: invoices for services rendered, correspondence to and from any employer or prospective employer, employment applications, and documents relative to compensation, income and benefits from subsequent employers, which were not produced in response to the above requests.

**RESPONSE TO REQUEST NO. 44:**

Ms. Wong objects to Request No. 44 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 44 to the extent it is designed to harass. Ms. Wong further objects to Request No. 44 to the extent that responsive documents are business records or information belonging to Nexthink or other third parties, and she has neither authority nor permission from them to independently produce any such documents. In addition, Ms. Wong objects to Request No. 44 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and as limited by the foregoing specific objections, please see documents produced in response to Request No. 33. By way of further response, Ms. Wong states that she will also produce her résumé submitted to, and her Employment Agreement with, Nexthink in response to Request No. 44.

**REQUEST NO. 45:** Any and all documents that relate or pertain to any attempts by Plaintiff to obtain new employment (including self-employment) or to engage in any business or to enter into any consulting or independent contractor relationship during or after her employment with Veson, including, without limitation: correspondence to or from other employers, potential employers, documents related to the acquisition or participation in any business; and all versions of Plaintiff's resume.

**RESPONSE TO REQUEST NO. 45:**

Ms. Wong objects to Request No. 45 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 45 to the extent it is designed to harass. Ms. Wong further objects to Request No. 45 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and as limited by the foregoing specific objections, please see documents produced in response to Request No. 44.

**REQUEST NO. 46:** Any and all documents of any kind in your possession, not previously identified, which in any way relate to the allegations made by you in this Action.

**RESPONSE TO REQUEST NO. 46:**

Ms. Wong objects to Request No. 46 as hopelessly overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 46 to the extent that it seeks information squarely in Defendants' possession, custody, or control, or that is equally or more accessible to Defendants than to Ms. Wong. Ms. Wong further objects to Request No. 46 to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. In addition, Ms. Wong objects to Request No. 46 to the extent it seeks confidential or sensitive personal information of third parties.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she will produce relevant, non-privileged document(s) that are within her personal possession, custody, or control and that are responsive to Request No. 46 in response to other Requests or in connection with Plaintiff's Initial Disclosures dated April 1, 2025.

LEVINA WONG

By her attorneys,

/s/*Nicole Corvini*
Nicole Corvini, BBO No. 670587
*ndaly@beckreed.com*
Heather Carlson Krauss, BBO No. 644457
*hkrauss@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665

Dated: July 28, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Nicole Corvini, hereby certify that the document was sent by email to counsel for Defendants, Jamie L. Kessler, at <u>Jamie.Kessler@jacksonlewis.com</u>, on July 28, 2025.

<u>/s/ *Nicole Corvini*</u>