# EXHIBIT C

| | |
|---|---|
| **Subject:** | FW: Wong v. Veson Nautical, LLC et al. - draft Joint Motion |

**From:** Keller, Eve R. (Boston) <Eve.Keller@jacksonlewis.com>
**Sent:** Thursday, November 20, 2025 8:50 AM
**To:** Nicole Daly <ndaly@beckreed.com>
**Cc:** Heather Krauss <hkrauss@beckreed.com>; Sarah Tishler <tishler@beckreed.com>; Bionelli, Sophie E. (Boston) <Sophie.Bionelli@jacksonlewis.com>; Kessler, Jamie L. (Boston) <Jamie.Kessler@jacksonlewis.com>
**Subject:** RE: Wong v. Veson Nautical, LLC et al. - draft Joint Motion

Hi Nicole,

I am emailing concerning Plaintiff's Answers to Veson's First Set of Interrogatories, Responses to Defendants' First Set of Requests for Production, and documents produced.

First, please provide the following information at your earliest convenience:
- any search terms and/or other parameters used to search for documents responsive to Defendants' requests
- which email accounts, computers, laptops, tablets, and phones were searched
- where hard copy documents, if any, were maintained and what files were searched
- whether Plaintiff applied any date restrictions when searching for responsive documents

Next, as you assert objections based on attorney-client privilege throughout the responses, please provide a privilege log promptly.

Below are outstanding deficiencies concerning Plaintiff's responses and production:

**<u>Deficient Interrogatory Answers:</u>**

Interrogatory No. 14 asks Plaintiff to identify every physician, psychologist, social worker or other health care provider or facility that Plaintiff visited, consulted or received treatment from in the past five years. Plaintiff responded with a list of "either her current health care providers or her health care providers whom she has seen in connection with the allegations." Please confirm whether Plaintiff identified every physician, psychologist, social worker or other health care provider or facility that Plaintiff visited, consulted or received treatment from in the past five years. If Plaintiff failed to identify any such provider(s), please immediately amend her response. This information is directly relevant to Plaintiff's emotional distress damages, especially given that Plaintiff claims to have treated with several medical providers for symptoms allegedly caused by Defendants. Defendants are therefore entitled to know whether Plaintiff was treating for other issues before or during the relevant timeframe, and what those issues were.

Interrogatory No. 19 asks Plaintiff to state whether she has made any efforts to seek new employment during or after her employment with Veson. If so, Plaintiff is to state the name of each potential employer, the date of each such application and the position for which application was made, and the outcome of such application. She is also to name any recruiters or employment agencies that she contacted, including the date and nature of the contact, and to identify each document relating to her efforts to seek new employment. Plaintiff objected as overly broad, unduly burdensome, and to the extent it seeks confidential information of third parties. First, the assertion that asking Plaintiff to state whether she made efforts to seek new employment, which is information

1

directly related to Plaintiff's claims and damages, is over broad or unduly burdensome is patently absurd.  Further, any objections concerning confidentiality are improper, especially given that there is a Confidentiality Agreement in place. Plaintiff provided only the date that she interviewed with her current employer and the date she began work there. Please immediately amend Plaintiff's response to provide the date that Plaintiff applied to work at Nexthink; the identities of any other employers that Plaintiff applied for; the dates of such applications; and the results of those applications; and the identities of any recruiters with whom Plaintiff contacted to obtain new employment, and dates of such contact. This information is directly relevant to Plaintiff's claim that she was allegedly constructively discharged and her claim for damages. Defendants are entitled to know when Plaintiff began searching for new employment, which roles she applied for, whether she was offered any other roles, and what steps she took to obtain new employment.

**Deficient Answers to Requests for Production:**

RFP 18 seeks any documents which concern or relate to any communication between Plaintiff and any third parties, excluding her attorneys, but including her family and friends, concerning Mr. Bridgeo or this lawsuit. Plaintiff objected entirely to this request as overly burdensome, seeks irrelevant information, and seeks confidential information about third parties. These objections are improper. This request seeks only non-privileged communications between Plaintiff and others concerning this Action. These communications are directly relevant, as they may lead to the discovery of admissible information and potentially new witnesses, and must be produced. Please immediately amend this response and supplement Plaintiff's production.

RFP 36 seeks any handwritten, hard copy or electronic diary, journal, day planner, or calendar entries that concern or relate to her daily activities from Jan. 2023 through present. Plaintiff objected based on overly broad, unduly burdensome, attorney-client privilege, and to the extent it seeks confidential information. Defendants are willing to limit this request to May 1, 2023 to July 31, 2024. While Defendants do not believe this request for Plaintiff's diary, journal, day planner or calendar entries could possibly contain information subject to attorney-client privilege, to the extent information is being withheld on that basis, please promptly provide a privilege log.  Otherwise, please immediately amend this response and supplement Plaintiff's production.

RFP 39 seeks all records maintained by any medical/psychological provider with whom Plaintiff treated or visited for any condition that Plaintiff claims was caused by or resulted from Defendants' conduct. Plaintiff's amended response states that she produced records from Wendy Beaumier, Tanishia Choice, Able Bodies, and Tapanainen. However, these records are heavily redacted, which is improper, especially given that a Confidentiality Agreement is in place, enabling either party to mark highly sensitive documents as "Attorneys Eyes' Only" and to prevent disclosure to the parties themselves. These specific providers are those that Plaintiff claims to have sought treatment from because of conditions caused by Defendants. These documents are directly relevant to Plaintiff's emotional distress damages and must be produced in non-redacted form. Please amend Plaintiff's response and produce non-redacted versions of these records.

RFP 40 seeks any records maintained by any medical/psychological provider with whom she sought treatment from at any time from May 15, 2020 to present. Plaintiff's amended response states that she produced records only from providers that she sought treatment for conditions or symptoms caused by Defendants. Given that Plaintiff is claiming that she sought medical treatment for PTSD-like symptoms and other physical manifestations that she claims were caused by Defendants, Defendants are entitled to records relating to Plaintiff's psychological and physical state predating her employment at Veson and whether she was treating for psychological and physical conditions due to other causes outside of the workplace. As stated above, Plaintiff may mark these records as "Attorneys Eyes' Only." Please amend Plaintiff's response to this request and produce any responsive documents.

RFPs 44/45 seek documents relating to any employment of Plaintiff during, or subsequent to her employment with Veson, including employment applications, and correspondence from potential employers, and documents

relating to her attempt to obtain new employment: Concerning efforts to find employment, Plaintiff produced her resume and the Employment Agreement for her current employer. But she failed to state whether she has any other documents responsive to this request. As outlined above, Plaintiff's objections are improper, especially given that there is a Confidentiality Agreement in place. Please immediately amend Plaintiff's production with any responsive documents, including her application for employment with Nexthink and any emails relating to the interview process; documents relating to any other employers that Plaintiff applied for; any applications submitted to potential employers; and any results of those applications; and any communications with recruiters with whom Plaintiff contacted to obtain new employment. These documents are directly relevant to Plaintiff's claim that she was allegedly constructively discharged and her claim for damages. Defendants are entitled to know when Plaintiff began searching for new employment, which roles she applied for, whether she was offered any other roles, and what steps she took to obtain new employment.

After you have had an opportunity to review, please let us know when you are available to meet and confer.

Thanks,

Eve



**Eve R. Keller**  (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
75 Park Plaza
4th Floor
Boston, MA 02116
Direct: (617) 305-1238 | Main: (617) 367-0025
Eve.Keller@jacksonlewis.com | www.jacksonlewis.com

||||||