# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEVINA WONG,<br><br>     Plaintiff,<br><br>  v.<br><br>VESON NAUTICAL LLC and SEAN<br>BRIDGEO,<br><br>     Defendants. | Civil Action No. 24-CV-12752-IT |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
TO DEFENDANTS VESON NAUTICAL, LLC AND SEAN BRIDGEO**

Pursuant to Fed. R. Civ. P. 26 and 34 and L.R. 26.1 and 34.1, Plaintiff Levina Wong ("Ms. Wong") hereby requests that Defendants Veson Nautical, LLC ("Veson" or the "Company") and Sean Bridgeo ("Bridgeo") produce the following documents and things for inspection and copying at the offices of Beck Reed Riden LLP, 155 Federal Street, Suite 1302, Boston, MA 02110, within thirty (30) days from the date of service and in accordance with the following instructions.

**DEFINITIONS**

1.  The definitions set forth in L.R. 26.5 are deemed incorporated herein by reference. In this regard, please note that the terms "document" and "documents" specifically include all electronically stored information and any and all communications including, but not limited to WhatsApp, Twitter, Facebook, LinkedIn, Facebook Messenger, WeChat, Slack, Skype, Confide, Signal, Dust, and iMessage.

2.  The terms "communicate" and "communicated" shall mean to transmit a communication by any means, whether it be orally, by writing, or otherwise.

3.  The terms "Plaintiff" or "Ms. Wong" mean Plaintiff Levina Wong.

4.      The terms "you," "yours," and "Veson" mean Defendant Veson Nautical, LLC, its officers, directors, employees, partners, corporate parents, subsidiaries, assigns, agents, attorneys, and any other persons acting on behalf of any of the aforementioned persons.

5.      The term "Bridgeo" means Defendant Sean Bridgeo.

6.      The term "Action" means the above-captioned matter.

7.      The term "Amended Verified Complaint" means the Amended Verified Complaint filed by Plaintiff on December 3, 2024 (*see* Dkt. No. 4).

8.      The term "French Company" means the entity first described in Paragraph 55 of the Amended Verified Complaint.

9.      As used herein, "dates" shall include the exact day, month, and year, if ascertainable or, if not ascertainable, the best approximation thereof (including relationship to other events). Where approximate dates are used, so indicate.

10.     The connectives "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of any discovery request all responses that might otherwise be construed to be outside the scope of the request.

11.     The terms "all," "any," and "each" shall be construed as encompassing any and all.

12.     The use of the singular form of any word includes the plural and vice versa.

13.     The term "computer" means any electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

**INSTRUCTIONS**

1.      Pursuant to Fed. R. Civ. P. 26(e) and L.R. 116.7, Defendants' obligation to respond to these Requests is continuing in nature such that, if after responding, Defendants subsequently discover or obtain possession, custody, or control of any information, documents, communications, or things previously requested, Defendants shall supplement applicable responses and produce subsequently-discovered information, documents, communications, or things.

2.      Each Request shall operate and be responded to independently and, unless otherwise indicated, no Request limits the scope of any other Request.

3.      If no documents are responsive to a particular Request, Defendants are to state that no responsive documents exist.

4.      Where information, documents, communications, and things in Defendants' possession are requested, the Request extends to information, documents, communications, and things in the possession of Veson's predecessors and/or successors, as well as to information, documents, communications, and things in the possession of Defendants' officers, directors, agents, employees, servants, representatives, and, unless privileged, attorneys. Whenever a response to these Requests includes information, documents, communications, and things that are not drawn directly from Defendants, state the source of the information, documents, communications, and things. If Defendants cannot fully respond to the following Requests after exercising due diligence to secure the information, documents, communications, and things requested, so state and specify the portion of each Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information, documents, communications, and things and the facts relied upon that support any contention that

3

the Requests cannot be answered fully and completely, and state what knowledge, information or belief Defendants have concerning the portion of any Requests to which they cannot respond in full.

5.    If any objection is made to any Request herein, the objection shall state with particularity the basis therefore, and the Request shall be responded to the extent to which it is not objected.

6.    If any requested information, document, communication, or thing was, but no longer is, in Defendants' possession or under Defendants' control, state precisely what disposition was made of it and identify the person who ordered or authorized such disposition.

7.    If, in response to a Request, Defendants do not know all the facts necessary to provide a complete and specific response, Defendants should provide a response to such portion of the Request as Defendants can and provide such facts and information as are known to Defendants and any estimates, approximations, or beliefs that Defendants consider reliable. Any such estimates, approximations, or beliefs should be clearly denoted as such, and the bases for Defendants' belief in their reliability should be explained.

8.    If, in responding to any of these Requests, Defendants encounter any ambiguity in construing a Request or any definition or instruction relevant to a Request, set forth the matter deemed ambiguous and the construction selected or used in answering the Request. Furthermore, if any Request is ambiguous or unclear to Defendants, Defendants are requested to contact undersigned counsel as soon as possible so that the Request can be clarified to avoid unnecessary delays in discovery.

9.    In the event that Defendants object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that Request as narrowed to the least extent

4

necessary, in Defendants' judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that Request for purposes of your response and the factual basis for your conclusion concerning alleged overbreadth.

10.     Each and every copy of a document that is different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

11.     In accordance with Fed. R. Civ. P. 34, all documents, communications, and things produced for inspection and copying shall be organized and labeled to correspond with the categories in the Request or shall be produced as they are kept in the normal course of business.

12.     If Defendants produce any tape, disk, card, wire, or other electronic or mechanical recording or transcript, or any computer program in response to any Request, Defendants shall also produce such documents, software, and instructions as are necessary for the decoding, playing back, printing, and/or interpretation thereof, and any other documents that are necessary to convert said information into a useable format.

13.     If a requested document is in a language other than English, both the original and any existing English translation thereof shall be produced.

14.     If Defendants withhold any information, documents, communications, or things on the grounds of privilege (including work product immunity), identify the nature of the privilege that is being claimed and, if privilege is governed by state law, indicate the state's privilege rule being invoked; and further identify: (i) the type of document (*e.g.*, letter, email, or memorandum); (ii) the general subject matter of the document; (iii) the date of the document; and, (iv) such other information as is sufficient to evaluate Defendants' claim of privilege including, for example and where appropriate, the author of the document, the addressees of the document, any other recipient

shown in the document and, where not apparent, the relationship of the author, addressees, and recipients to each other. All such documents, communications, and/or things shall be listed on a privilege log, and the log shall be supplied at a time and place to be agreed upon by counsel. For redacted documents, identify the Bates number corresponding to the first and last page of any document that has been redacted.

15.    If, for reasons other than privilege, Defendants refuse to produce documents or withhold documents sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

16.    All productions made in responding to these or any subsequent Requests should be made pursuant to the protocol agreed to by the parties.

17.    Unless otherwise specified within a particular request, these Requests shall be construed to cover the period spanning January 1, 2023 through the present.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**: All documents identified, consulted, or relied on by Defendants in answering or otherwise responding to any Interrogatory propounded by Ms. Wong to Defendants. This Request is not time limited.

**REQUEST NO. 2**: All documents concerning the employment (including any term or condition of employment, and any changes to any term or condition of employment, including compensation) of Ms. Wong at Veson, including without limitation, her personnel file and her medical file. This Request is not time limited insofar as it pertains to Ms. Wong's personnel file and medical file.

**REQUEST NO. 3**: All documents concerning Ms. Wong's request for a raise, and Veson's response, in or around April 2023 when Veson promoted her to a Senior Vice President position.

6

**REQUEST NO. 4**: All documents and communications concerning the presence (or lack thereof) of rodents or pests at any of the sites considered for Veson's new London office.

**REQUEST NO. 5**: All documents and communications concerning the rat incident as described and alleged in the Amended Verified Complaint, both before and after Bridgeo actually carried out that incident.

**REQUEST NO. 6**: All stuffed rats acquired by Bridgeo to carry out the rat incident as described and alleged in the Amended Verified Complaint.

**REQUEST NO. 7**: All documents concerning Bridgeo's acquisition of stuffed rats to carry out the rat incident as described and alleged in the Amended Verified Complaint, including, but not limited to, any purchase orders, receipts, and/or reimbursement requests submitted to Veson.

**REQUEST NO. 8**: All documents concerning Veson's investigation into Ms. Wong's complaint about the rat incident including, but not limited to, any reports, summaries, and disciplinary actions.

**REQUEST NO. 9**: All documents submitted to Veson's Board of Directors concerning the rat incident including, but not limited to, any initial reports and/or summaries of investigations and their outcomes.

**REQUEST NO. 10**: All documents concerning Veson's deliberations and decision about what actions, if any, to take towards Bridgeo (and any other Veson employees who were complicit in his misconduct) as a result of Ms. Wong's complaints about him as alleged in Paragraphs 24, 96, 118, 121, and 130-131 of the Amended Verified Complaint.

**REQUEST NO. 11**: All documents concerning Ms. Wong's requests for accommodations or assistance during her employment with Veson including, but not limited to, her requests that Bridgeo's office be relocated away from hers, for a lock on her office door, to not participate in

7

meetings with Bridgeo until after he had participated in training or coaching, to not interact with Bridgeo in a one-on-one basis, for leaves of absence, for Veson to retain a third party mediator (including calendar entries or proposals from any potential third party mediator), to avoid interactions with Bridgeo unless they were in a group setting, and for prior notice when Bridgeo would be attending a meeting with her as alleged in Paragraphs 142-144, 156, 169, 171, 175, and 179 of the Amended Verified Complaint.

**REQUEST NO. 12**: All documents concerning Veson's decision(s) whether or not to physically relocate its Legal team, Bridgeo's team, and/or Kerry Unflat ("Unflat")'s team in 2024, including any such decisions after Ms. Wong's resignation.

**REQUEST NO. 13**: All documents between Bridgeo and Unflat, Unflat and John R. "Sean" Riley ("Riley"), or among all three together concerning relocations of individuals or teams within Veson's Boston office in 2024, including any documents after Ms. Wong's resignation.

**REQUEST NO. 14**: All emails, Slack messages, or other documents in which Ms. Wong complained that the relocation of Veson's Chief People Officer and the Human Resources team in 2024 was retaliatory.

**REQUEST NO. 15**: All documents concerning Ms. Wong's reports of resistant, exclusionary, and retaliatory behavior by Unflat and/or other employees in Veson's Human Resources Department as alleged in the Amended Verified Complaint, including, but not limited to, documents reflecting Veson's response(s).

**REQUEST NO. 16**: All documents concerning Ms. Wong's resignation from Veson including, but not limited to, communications concerning whether or not to offer her severance, accelerated vesting of her equity options, or any other separation benefits.

8

**REQUEST NO. 17**: To the extent not covered by any foregoing Request, all documents concerning any pranks that Bridgeo has played on a Veson colleague including, but not limited to, documents reflecting any disciplinary action taken against Bridgeo as a result of such pranks and Veson policies implicated by such pranks.

**REQUEST NO. 18**: All documents concerning any complaint and/or investigation into any alleged act of wrongdoing, misconduct, discrimination, harassment, and/or retaliation by any member of Veson's Senior Leadership Team (*i.e.*, Bridgeo, John Veson, Riley, Unflat, Eric Christofferson, Ben Thurecht, Jesse DiIanni, Russ Hubbard, and/or Ms. Wong) from January 2020 through December 31, 2024, including, but not limited to, documents reflecting the outcome of each such investigation.

**REQUEST NO. 19**: To the extent not covered by any foregoing Request, the Class B Units Award Letter given to Ms. Wong and dated October 25, 2022, and all compensation or equity plan documents referenced therein.

**REQUEST NO. 20**: Documents sufficient to show Veson's budgets and financial statements, broken down by month (or quarter), including documents sufficient to show all of Veson's revenues and the sources of those revenues from January 1, 2024 through the present.

**REQUEST NO. 21**: Documents sufficient to show Veson's financial projections, including projected revenues and the sources of those projected revenues.

**REQUEST NO. 22**: To the extent not covered by any foregoing Request, documents sufficient to show Veson's financial status in order to value the equity set forth in the Class B Units Award Letter given to Ms. Wong and dated October 25, 2022.

**REQUEST NO. 23**: All Slack messages between Ms. Wong and Bridgeo, Ms. Wong and Unflat, or among all three together.

9

**REQUEST NO. 24**: All documents, including, but not limited to, emails and Slack messages, between and among Ms. Wong, her Legal team, Riley, and Veson's Human Resources Department employees concerning the French Company's CFO's resignation from Veson and/or his ongoing post-employment obligations to Veson.

**REQUEST NO. 25**: All documents, including, but not limited to, emails and Slack messages, between and among Ms. Wong and Veson's Human Resources Department employees concerning Veson's closing of its Polish subsidiary.

**REQUEST NO. 26**: All documents and communications, including, but not limited to, emails and Slack messages, between and among Ms. Wong and/or Bridgeo on the one hand, and members of Veson's Human Resources Department on the other hand, concerning the retention of any outside employment counsel for Veson, from May 1, 2023 through Ms. Wong's last day at Veson.

**REQUEST NO. 27**: All documents and communications, including, but not limited to, calendar entries for calls or meetings, between Bridgeo on the one hand, and any prospective outside counsel on the other hand (including, but not limited to, Pannone Lopes Devereaux & O'Gara LLC) concerning Bridgeo's attempts to engage such counsel on behalf of the Company.

**REQUEST NO. 28**: All documents constituting Bridgeo's personnel file. This Request is not time limited.

**REQUEST NO. 29**: All indemnification and joint defense agreements between Bridgeo and Veson. This Request is not time limited.

**REQUEST NO. 30**: All documents concerning Unflat's departure from Veson.

**REQUEST NO. 31**: All documents constituting the personnel file of Plaintiff's replacement at Veson.

10

**REQUEST NO. 32**: All documents concerning any studies or other efforts undertaken by Veson to determine the market compensation for employees in its Legal Department.

**REQUEST NO. 33**: All employment policies applicable to Veson employees from January 1, 2020 through December 31, 2024 including, but not limited to, policies governing internal investigations into alleged misconduct.

**REQUEST NO. 34**: All documents concerning any Veson policy concerning the preservation or destruction of documents, generally and with respect to documents that may be relevant to this Action.

**REQUEST NO. 35**: To the extent not covered by any foregoing Request, all text or Slack messages between and/or among Bridgeo, Riley, Unflat, and any other member of Veson's Senior Leadership Team (*i.e.*, Mr. Veson, Eric Christofferson, Ben Thurecht, Mr. DiIanni, Mr. Hubbard, and/or Ms. Wong) concerning the allegations in the Amended Verified Complaint.

**REQUEST NO. 36**: All documents concerning legal advice sought by or provided to Bridgeo and/or Veson's Human Resources Department in which Ms. Wong was not copied or consulted from January 1, 2022 through her last day at Veson.

**REQUEST NO. 37**: To the extent not covered by any foregoing Request, all documents and communications concerning any Veson meetings during which the facts and circumstances raised by the pleadings in this Action were discussed, including but not limited to, meeting invitations, invitee lists, minutes, and notes.

**REQUEST NO. 38**: To the extent not covered by any foregoing Request, all documents concerning any investigation into any of the alleged misconduct in this case.

**REQUEST NO. 39**: To the extent not covered by any foregoing Request, all instant messages (*e.g.*, Slack, Teams, WhatsApp, iMessage) that may, in any way, concern any of the material facts or circumstances raised in this Action.

**REQUEST NO. 40**: All documents concerning the retention of any professional (including without limitation lawyers, investigators, mediators, and accountants) by Defendants in connection with this Action or any of the material facts or circumstances raised in this Action.

**REQUEST NO. 41**: To the extent not covered by any foregoing Request, all telephone records, including, but not limited to, text messages that may, in any way, concern any of the material facts or circumstances raised in this Action.

**REQUEST NO. 42**: To the extent not covered by any foregoing Request, all diaries, calendars, desk pads, appointment books, or notes that may, in any way, concern any of the material facts or circumstances raised in this Action.

**REQUEST NO. 43**: True and complete copies of reports of experts that may, in any way, concern any of the material facts or circumstances raised in this Action.

**REQUEST NO. 44**: True and complete copies of any witness statements, whether the same be signed or unsigned, written or oral, or transcribed, concerning any of the material facts or circumstances raised in this Action.

**REQUEST NO. 45**: Documents sufficient to identify all persons involuntarily terminated by Veson from January 1, 2021 through the present.

**REQUEST NO. 46**: All documents that Defendants contend support any of their affirmative defenses.

12

**REQUEST NO. 47**: All documents that Defendants intend to offer as evidence at or in connection with any hearing, settlement conference, mediation, motion for interim relief, or final adjudication of this Action.

**REQUEST NO. 48**: All drafts of any documents produced in response to any of the foregoing Requests.

LEVINA WONG

By her attorneys,

/s/*Nicole Corvini*
Nicole Corvini, BBO No. 670587
*ndaly@beckreed.com*
Heather Carlson Krauss, BBO No. 644457
*hkrauss@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665

Dated: May 9, 2025

## CERTIFICATE OF SERVICE

I, Nicole Corvini, hereby certify that this document was sent by email to counsel for Defendants, Jamie L. Kessler, at Jamie.Kessler@jacksonlewis.com, on May 9, 2025.

/s/ *Nicole Corvini*