# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

LEVINA WONG,

                    Plaintiff,

          v.                                                    Civil Action No. 24-CV-12752-IT

VESON NAUTICAL LLC and SEAN
BRIDGEO,

                    Defendants.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANTS VESON NAUTICAL, LLC AND SEAN BRIDGEO**

Pursuant to Fed. R. Civ. P. 26 and 33 and L.R. 26.1 and 33.1, Plaintiff Levina Wong ("Ms. Wong") hereby requests that Defendants Veson Nautical, LLC ("Veson" or the "Company") and Sean Bridgeo ("Bridgeo") respond to these interrogatories in a manner that complies with the requirement of all applicable rules and orders. In responding to the interrogatories below, the following definitions and instructions apply.

**DEFINITIONS**

1.      The definitions set forth in L.R. 26.5 are deemed incorporated herein by reference. In this regard, please note that the terms "document" and "documents" specifically include all electronically stored information and any and all communications including, but not limited to WhatsApp, Twitter, Facebook, LinkedIn, Facebook Messenger, WeChat, Slack, Skype, Confide, Signal, Dust, and iMessage.

2.      The terms "communicate" and "communicated" shall mean to transmit a communication by any means, whether it be orally, by writing, or otherwise.

3.      The terms "Plaintiff" or "Ms. Wong" mean Plaintiff Levina Wong.

4.	The terms "you," "yours," and "Veson" mean Defendant Veson Nautical, LLC, its officers, directors, employees, partners, corporate parents, subsidiaries, assigns, agents, attorneys, and any other persons acting on behalf of any of the aforementioned persons.

5.	The term "Bridgeo" means Defendant Sean Bridgeo.

6.	The term "Action" means the above-captioned matter.

7.	The term "Amended Verified Complaint" means the Amended Verified Complaint filed by Plaintiff on December 3, 2024 (*see* Dkt. No. 4).

8.	As used herein, "dates" shall include the exact day, month, and year, if ascertainable or, if not ascertainable, the best approximation thereof (including relationship to other events). Where approximate dates are used, so indicate.

9.	The connectives "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of any discovery request all responses that might otherwise be construed to be outside the scope of the request.

10.	The terms "all," "any," and "each" shall be construed as encompassing any and all.

11.	The use of the singular form of any word includes the plural and vice versa.

12.	The term "computer" means any electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

## **INSTRUCTIONS**

1.	Pursuant to Fed. R. Civ. P. 26(e) and L.R. 116.7, Defendants' obligation to respond to these Interrogatories is continuing in nature such that, if after answering or responding, Defendants subsequently discover or obtain possession, custody, or control of any information

previously requested, Defendants shall supplement the Interrogatory responses to which such subsequently-discovered information relates.

2.      All Interrogatories are to be understood as requiring information in Defendants' possession, custody, or control.

3.      Each Interrogatory shall be answered separately and fully and, unless otherwise indicated, no Interrogatory limits the scope of any other Interrogatory.

4.      In answering the following Interrogatories, Defendants shall furnish all available information, including information in the possession, custody, or control of any of their attorneys, directors, officers, agents, employees, representatives, associates, investigators, or division affiliates, partnerships, parents, subsidiaries, and other persons under their control. If Defendants cannot respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state and specify the portion of each Interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support any contention that the Interrogatories cannot be answered fully and completely, and state what knowledge, information or belief Defendants have concerning the unanswered portion of any such Interrogatories.

5.      Where knowledge or information in Veson's possession is requested, the request extends to knowledge or information in the possession of Veson's predecessors and/or successors, as well as to information in the possession of Veson's officers, directors, agents, employees, servants, representatives, and, unless privileged, attorneys. Whenever an answer to these Interrogatories contains information that is not based upon Defendants' personal knowledge, state the source and nature of such information.

3

6.      If in answering any Interrogatory, Defendant(s) seek to invoke the procedures of Fed. R. Civ. P. 33(d), state fully all facts which support Defendant(s)' contention and that the burden of ascertaining the answer to the Interrogatory is substantially the same for Plaintiff as it is for Defendant(s) and identify by Bates/production number those business records from which Defendant(s) contend Plaintiff may ascertain or derive the answer. Pursuant to L.R. 33.1(b)(4), any documents referred to in an Interrogatory answer invoking Fed. R. Civ. P. 33(d) must be produced within fourteen (14) days after service of such Interrogatory answers.

7.      If any objection is made to any Interrogatory herein, the objection shall state with particularity the basis therefore, and the Interrogatory shall be answered to the extent not objected to.

8.      If Defendants otherwise decline to set forth in their response any of the information requested by any Interrogatory, state the exact grounds upon which Defendants rely for their refusal, and provide all other responsive information.

9.      If any identified document and/or information was, but no longer is, in Defendants' possession or under Defendants' control, state precisely what disposition was made of it and identify the person who ordered or authorized such disposition.

10.      If Defendants withhold any information on the basis of privilege, immunity, or any similar claim, provide all information falling within the scope of the Interrogatory which is not privileged, and, for each item of information to which a claim of privilege is made, identify such information with sufficient particularity to enable Plaintiff to assess, and the Court to adjudicate, the applicability of privilege or immunity for purposes of a motion to compel, in a manner consistent with applicable federal and local rules.

11.     If, in response to an Interrogatory, Defendants do not know all the facts necessary to provide a complete and specific answer, Defendants should provide answers to any portions of the Interrogatory that Defendants can answer and provide such facts and information as are known to Defendants and any estimates, approximations, or beliefs that Defendants consider reliable. Any such estimates, approximations, or beliefs should be clearly denoted as such, and the bases for Defendants' belief in their reliability should be explained.

12.     If, in answering any of these Interrogatories, Defendants encounter any ambiguity in construing an Interrogatory or any definition or instruction relevant to an Interrogatory, set forth the matter deemed ambiguous and the construction selected or used in answering the Interrogatory.

13.     Any/all productions made in responding to these or any subsequent Interrogatories (*e.g.*, under Fed. R. Civ. P. 33(d)) should be made pursuant to the production protocol agreed to by the parties.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify the person(s) involved and/or consulted in the answering of these Interrogatories and identify the Interrogatories each such person was involved or consulted in answering.

**INTERROGATORY NO. 2**: Identify each and every individual on the Real Estate Committee tasked with searching for and selecting Veson's new London office location.

**INTERROGATORY NO. 3**: Identify each and every individual who participated in visits of potential sites for Veson's new London office location in early 2024.

**INTERROGATORY NO. 4**: Identify, by address, the potential site for Veson's new London office that Ms. Wong expressed her concerns of rodents about.

5

**INTERROGATORY NO. 5**: Identify each and every individual with whom Bridgeo discussed, or to whom he disclosed, the rat incident as described and alleged in the Amended Verified Complaint, both before and after he actually carried out that incident.

**INTERROGATORY NO. 6**: Identify each and every member of Veson's Board of Directors who was informed about the rat incident directed at Ms. Wong by Bridgeo (including the date when each member was first informed).

**INTERROGATORY NO. 7**: Identify each and every member of Veson's Board of Directors who was involved with investigating Ms. Wong's complaints about Bridgeo's treatment of her as alleged in Paragraphs 24, 96, 118, 121, and 130-131 of the Amended Verified Complaint.

**INTERROGATORY NO. 8**: Identify each and every interview conducted by Veson during the course of its investigation(s) of Ms. Wong's complaints about Bridgeo's treatment of her as alleged in Paragraphs 24, 96, 118, 121, and 130-131 of the Amended Verified Complaint, including, but not limited to, the date, time, and names of individuals who participated in each such interview.

**INTERROGATORY NO. 9**: Identify each and every individual involved in discussions concerning what actions, if any, to take towards Bridgeo (and any other Veson employees who were complicit in his misconduct) as a result of Ms. Wong's complaints about Bridgeo's treatment of her as alleged in Paragraphs 24, 96, 118, 121, and 130-131 of the Amended Verified Complaint.

**INTERROGATORY NO. 10**: Identify each and every individual involved in discussions concerning Ms. Wong's requests for accommodations or assistance including, but not limited to, her requests that Bridgeo's office be relocated away from hers, for a lock on her office door, to not participate in meetings with Bridgeo until after he had participated in training or coaching, to not interact with Bridgeo in a one-on-one basis, for leaves of absence, for Veson to retain a third party

6

mediator, to avoid interactions with Bridgeo unless they were in a group setting, and for prior notice when Bridgeo would be attending a meeting with her as alleged in Paragraphs 142-144, 156, 169, 171, 175, and 179 of the Amended Verified Complaint.

**INTERROGATORY NO. 11**: Identify each and every individual involved in discussions concerning what actions, if any, to take towards Kerry Unflat ("Unflat") and other employees in Veson's Human Resources Department as a result of Ms. Wong's reports of their resistant, exclusionary, and retaliatory behavior as alleged in the Amended Verified Complaint.

**INTERROGATORY NO. 12**: Identify each and every individual involved in any discussions concerning Veson's decision whether or not to physically relocate its Legal team, Bridgeo's team, and/or Unflat's team in 2024, including any requests or relocations after Ms. Wong's resignation.

**INTERROGATORY NO. 13**: Identify each and every individual involved in discussions concerning Ms. Wong's resignation, including but not limited to discussions concerning whether or not to offer her severance, accelerated vesting of her equity options, and/or any other separation benefits.

**INTERROGATORY NO. 14**: Identify each and every individual involved in discussions concerning the payment and/or nonpayment of any compensation, equity, and/or bonuses to Ms. Wong for each year from 2020 through 2024.

**INTERROGATORY NO. 15**: Identify each and every workplace investigation involving allegations of wrongdoing, misconduct, discrimination, harassment, and/or retaliation by any member of Veson's senior leadership team from January 2020 through December 31, 2024, including, but not limited to, the identity of each individual charged with undertaking the investigation, a summary of the allegations, and the outcome of the investigation.

**INTERROGATORY NO. 16**: Identify each and every member of Veson's Board of Directors with whom Bridgeo discussed the May 2023 workplace investigation as described in Paragraphs 35-38 of the Amended Verified Complaint and, in your answer, identify who made the decision to not hire a third party investigator.

**INTERROGATORY NO. 17**: Describe each and every prank that Bridgeo has played on a colleague within the last ten (10) years to support Defendants' assertion in their Position Statement dated October 4, 2024 that "Mr. Bridgeo has a history of playing pranks on colleagues," including, but not limited to, the prank involving Mr. Beldekas that is identified in footnote 3 of that Position Statement. Please include within your answer the identity of the colleague(s) upon whom each such prank was played, the identity of Bridgeo's employer at the time of the prank, Veson's position as to whether any prank played on a Veson employee involved a violation of the Company's policies, and what action – if any – was taken by Bridgeo's employer in response to each of Bridgeo's pranks.

**INTERROGATORY NO. 18**:  Identify each and every person, including, but not limited to, members of Veson's Board of Directors, who was involved with Veson's decision to hire Bridgeo including, but not limited to, persons responsible for checking Bridgeo's references or conducting other background checks.

**INTERROGATORY NO. 19**:  Identify each and every person, including, but not limited to, members of Veson's Board of Directors, who was involved with Veson's decision to hire Unflat including, but not limited to, persons responsible for checking Unflat's references or conducting other background checks.

**INTERROGATORY NO. 20**:  Identify any and all oral or written statements, as well as any and all video recordings, audio recordings, transcripts, transcriptions, or notes of such

8

statements, that Veson has in its possession, custody, and/or control concerning any of the claims, defenses, allegations, or subject matter contained in any of the pleadings filed in this Action, and include for each the following:

a.    The person who gave or made the statement.

b.    The date or timeframe when the statement was taken and made.

c.    The person to whom the statement was made.

d.    Specify whether the statement was recorded in whole, in part, or in summary, regardless of medium (*e.g.*, paper, digital or other electronic medium) and, if so, identify the recording.

LEVINA WONG

By her attorneys,

/s/*Nicole Corvini*
Nicole Corvini, BBO No. 670587
*ndaly@beckreed.com*
Heather Carlson Krauss, BBO No. 644457
*hkrauss@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665

Dated: May 9, 2025

9

## <u>CERTIFICATE OF SERVICE</u>

I, Nicole Corvini, hereby certify that the document was sent by email to counsel for Defendants, Jamie L. Kessler, at Jamie.Kessler@jacksonlewis.com, on May 9, 2025.

/s/ *Nicole Corvini*