# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| LEVINA WONG,<br><br>               Plaintiff,<br><br>        v.<br><br>VESON NAUTICAL LLC and SEAN<br>BRIDGEO,<br><br>             Defendants. | Civil Action No. 24-CV-12752-IT |

**DEFENDANTS' RESPONSES TO PLAINTIFF LEVINA WONG'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Veson Nautical LLC ("Veson") and Sean Bridgeo (collectively "Defendants") hereby

respond to Plaintiff Levina Wong's ("Plaintiff") First Set of Requests for Production of Documents

as follows.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST NO. 1:** All documents identified, consulted, or relied on by Defendants in answering

or otherwise responding to any Interrogatory propounded by Ms. Wong to Defendants. This

Request is not time limited.

**RESPONSE NO. 1**: Documents responsive to this request have been produced as they are

maintained in the ordinary course of business.

**REQUEST NO. 2:** All documents concerning the employment (including any term or condition

of employment, and any changes to any term or condition of employment, including

compensation) of Ms. Wong at Veson, including without limitation, her personnel file and her

medical file. This Request is not time limited insofar as it pertains to Ms. Wong's personnel file and medical file.

**RESPONSE NO. 2:** Documents responsive to this request have been produced. (DEFENDANTS_000078, 000107-000118, 000120-000136, 000141-000276, 000306, 000557-000579).

**REQUEST NO. 3:** All documents concerning Ms. Wong's request for a raise, and Veson's response, in or around April 2023 when Veson promoted her to a Senior Vice President position.

**RESPONSE NO. 3:** Defendants object to this request as it is overly broad and seeks information irrelevant to the claims and defenses in this action.  Subject to and without waiving this objection, after reasonable search, Defendants have located no documents responsive to this request. Defendants will supplement their response, and production, should they locate non-privileged documents responsive to this request.

**REQUEST NO. 4:** All documents and communications concerning the presence (or lack thereof) of rodents or pests at any of the sites considered for Veson's new London office.

**RESPONSE NO. 4:** Defendants object to this request as it is vague, ambiguous, and overly broad. Subject to and without waiving this objection, Defendants are unaware of any responsive documents responsive to this request except for Plaintiff's communications related to her concerns about the mousetraps, have been produced as they are maintained in the ordinary course of business.

**REQUEST NO. 5:** All documents and communications concerning the rat incident as described and alleged in the Amended Verified Complaint, both before and after Bridgeo actually carried out that incident.

**RESPONSE NO. 5:** Defendants object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Veson concerning the litigation or that it seeks documents protected by attorney client privilege, and work product. Subject to and without waiving these objections, nonprivileged documents responsive to this request have been produced as they are maintained in the ordinary course of business.

**REQUEST NO. 6:** All stuffed rats acquired by Bridgeo to carry out the rat incident as described and alleged in the Amended Verified Complaint.

**RESPONSE NO. 6:** Defendants object to this request as it is overly broad, unduly burdensome, and irrelevant to the needs of the case.  Subject to and without waiving this objection, Defendants state that they no longer have the stuffed rats in their possession.

**REQUEST NO. 7:** All documents concerning Bridgeo's acquisition of stuffed rats to carry out the rat incident as described and alleged in the Amended Verified Complaint, including, but not limited to, any purchase orders, receipts, and/or reimbursement requests submitted to Veson.

**RESPONSE NO. 7:** Defendants object to this request as overly broad and seeking documents that are irrelevant to the claims and defenses in this action. Subject to and without waiving this objection, documents responsive to this request have been produced. (DEFENDANTS_000137).

**REQUEST NO. 8:** All documents concerning Veson's investigation into Ms. Wong's complaint about the rat incident including, but not limited to, any reports, summaries, and disciplinary actions.

**RESPONSE NO. 8:** Defendants object to this request as it is vague, ambiguous, overly broad, and unduly burdensome. Defendants also object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Veson concerning the litigation or that it seeks documents protected by attorney client privilege, and work product. Subject to and without waiving these objections, nonprivileged documents responsive to this request have been produced. (DEFANDANTS_000019, 000023, 000032, 000057, 000066, 000072-000074, 000080-000081, 000101-000102, 000104, 000139-000140, 000317, 000554-000556).

**REQUEST NO. 9:** All documents submitted to Veson's Board of Directors concerning the rat incident including, but not limited to, any initial reports and/or summaries of investigations and their outcomes.

**RESPONSE NO. 9:** Defendants object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Veson concerning the litigation or that it seeks documents protected by attorney client privilege, and work product. Subject to, and without waiving these objections, Defendants state there are no non-privileged documents in their possession, custody or control.

**REQUEST NO. 10:** All documents concerning Veson's deliberations and decision about what actions, if any, to take towards Bridgeo (and any other Veson employees who were complicit in

4

his misconduct) as a result of Ms. Wong's complaints about him as alleged in Paragraphs 24, 96, 118, 121, and 130-131 of the Amended Verified Complaint.

**RESPONSE NO. 10:** Defendants object to this request to the extent it assumes facts not established, including that Mr. Bridgeo engaged in "misconduct" or that any other employee was "complicit in misconduct."  Defendants object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Veson concerning the litigation or that it seeks documents protected by attorney client privilege, and work product. Subject to and without waiving these objections, documents responsive to this request have been produced. (DEFENDANTS_000554-000555).

**REQUEST NO. 11:** All documents concerning Ms. Wong's requests for accommodations or assistance during her employment with Veson including, but not limited to, her requests that Bridgeo's office be relocated away from hers, for a lock on her office door, to not participate in meetings with Bridgeo until after he had participated in training or coaching, to not interact with Bridgeo in a one-on-one basis, for leaves of absence, for Veson to retain a third party mediator (including calendar entries or proposals from any potential third party mediator), to avoid interactions with Bridgeo unless they were in a group setting, and for prior notice when Bridgeo would be attending a meeting with her as alleged in Paragraphs 142-144, 156, 169, 171, 175, and 179 of the Amended Verified Complaint.

**RESPONSE NO. 11:** Defendants object to use of the word "accommodations" in connection with the alleged requests made by Plaintiff as outlined in Interrogatory No. 10, save for "leaves of

absence." Subject to and without waiving this objection, documents responsive to this request have been produced as they are maintained in the ordinary course of business.

**REQUEST NO. 12:** All documents concerning Veson's decision(s) whether or not to physically relocate its Legal team, Bridgeo's team, and/or Kerry Unflat ("Unflat")'s team in 2024, including any such decisions after Ms. Wong's resignation.

**RESPONSE NO. 12:** Defendants object to this request as it is overly broad. Subject to and without waiving this objection, documents concerning Veson's decision to relocate the Legal team, Mr. Bridgeo's team, and/or Ms. Unflat's team in 2024 have been produced as they are maintained in the ordinary course of business.

**REQUEST NO. 13:** All documents between Bridgeo and Unflat, Unflat and John R. "Sean" Riley ("Riley"), or among all three together concerning relocations of individuals or teams within Veson's Boston office in 2024, including any documents after Ms. Wong's resignation.

**RESPONSE NO. 13:** Defendants object to this request as it is vague, ambiguous, overly broad, and unduly burdensome. Subject to and without waiving this objection, documents concerning Veson's decision to relocate any individuals or teams during in 2024 have been produced as they are maintained in the ordinary course of business.

**REQUEST NO. 14:** All emails, Slack messages, or other documents in which Ms. Wong complained that the relocation of Veson's Chief People Officer and the Human Resources team in 2024 was retaliatory.

**RESPONSE NO. 14:** Documents responsive to this request (if any) will be produced as they are maintained in the ordinary course of business.

6

**REQUEST NO. 15:** All documents concerning Ms. Wong's reports of resistant, exclusionary, and retaliatory behavior by Unflat and/or other employees in Veson's Human Resources Department as alleged in the Amended Verified Complaint, including, but not limited to, documents reflecting Veson's response(s).

**RESPONSE NO. 15:** Defendants object to this request as it is vague, ambiguous, overly broad, and unduly burdensome. Defendants also object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation or that it seeks documents protected by attorney client privilege, and work product. Defendants further object because Plaintiff never reported "resistant, exclusionary, and retaliatory behavior" by "other employees" in the Human Resources department during her employment.  Documents responsive to this request (if any) will be produced as they are maintained in the ordinary course of business.

**REQUEST NO. 16:** All documents concerning Ms. Wong's resignation from Veson including, but not limited to, communications concerning whether or not to offer her severance, accelerated vesting of her equity options, or any other separation benefits.

**RESPONSE NO. 16:** Defendants object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation or that it seeks documents protected by attorney client privilege, and work product. Subject to and without waiving these objections, nonprivileged documents concerning Plaintiff's resignation have been produced. (DEFENDANTS_000152).

**REQUEST NO. 17:** To the extent not covered by any foregoing Request, all documents concerning any pranks that Bridgeo has played on a Veson colleague including, but not limited to, documents reflecting any disciplinary action taken against Bridgeo as a result of such pranks and Veson policies implicated by such pranks.

**RESPONSE NO. 17:** Defendants object to this request as it is vague, ambiguous, overly broad, and unduly burdensome. Subject to and without waiving this objection, none.

**REQUEST NO. 18:** All documents concerning any complaint and/or investigation into any alleged act of wrongdoing, misconduct, discrimination, harassment, and/or retaliation by any member of Veson's Senior Leadership Team (*i.e.*, Bridgeo, John Veson, Riley, Unflat, Eric Christofferson, Ben Thurecht, Jesse DiIanni, Russ Hubbard, and/or Ms. Wong) from January 2020 through December 31, 2024, including, but not limited to, documents reflecting the outcome of each such investigation.

**RESPONSE NO. 18:** Defendants object to this request as it is vague, ambiguous, overly broad, and unduly burdensome. Defendants also object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants concerning the litigation or that it seeks documents protected by attorney client privilege, and work product. Defendants further object to this request because it seeks confidential information pertaining to individuals who are not parties to the instant lawsuit. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case. Subject to and without waiving these objections, nonprivileged documents concerning the

8

complaint and investigation into Plaintiff's complaint against Mr. Bridgeo have been produced as they are maintained in the ordinary course of business.

**REQUEST NO. 19:** To the extent not covered by any foregoing Request, the Class B Units Award Letter given to Ms. Wong and dated October 25, 2022, and all compensation or equity plan documents referenced therein.

**RESPONSE NO. 19:** Defendants object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case. Subject to and without waiving these objections, documents responsive to this request have been produced. (DEFENDANTS_000123-000136).

**REQUEST NO. 20:** Documents sufficient to show Veson's budgets and financial statements, broken down by month (or quarter), including documents sufficient to show all of Veson's revenues and the sources of those revenues from January 1, 2024 through the present.

**RESPONSE NO. 20:** Defendants object to this request as overly broad, unduly burdensome, and premature. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case. Subject to and without waiving these objections, Defendants will supplement this response following the liability-phase of the case, if necessary.

**REQUEST NO. 21:** Documents sufficient to show Veson's financial projections, including projected revenues and the sources of those projected revenues.

**RESPONSE NO. 21:** See Defendants' response to Request No. 20.

**REQUEST NO. 22:** To the extent not covered by any foregoing Request, documents sufficient to show Veson's financial status in order to value the equity set forth in the Class B Units Award Letter given to Ms. Wong and dated October 25, 2022.

**RESPONSE NO. 22:** See Defendants' response to Request No. 20.

**REQUEST NO. 23:** All Slack messages between Ms. Wong and Bridgeo, Ms. Wong and Unflat, or among all three together.

**RESPONSE NO. 23:** Defendants object to this request as it is overly broad, and unduly burdensome. Subject to and without waiving these objections, Slack messages between Plaintiff and Mr. Bridgeo, Plaintiff and Ms. Unflat and among all three concerning claims or defenses relevant to the subject matter of this litigation will be produced as they are maintained in the ordinary course of business.

**REQUEST NO. 24:** All documents, including, but not limited to, emails and Slack messages, between and among Ms. Wong, her Legal team, Riley, and Veson's Human Resources Department employees concerning the French Company's CFO's resignation from Veson and/or his ongoing post-employment obligations to Veson.

**RESPONSE NO. 24:** Defendants object to this request as it is vague, ambiguous, overly broad, and unduly burdensome, and irrelevant to any of the claims or defenses in this matter. Subject to and without waiving this objection, documents related to Shipfix employment contracts and obligations have been produced as they are maintained in the ordinary course of business, and (DEFENDANDTS_000035-000036, 000046-000049, 000055, 000064-000065).

**REQUEST NO. 25:** All documents, including, but not limited to, emails and Slack messages, between and among Ms. Wong and Veson's Human Resources Department employees concerning Veson's closing of its Polish subsidiary.

**RESPONSE NO. 25:** Defendants object to this request as it is vague, ambiguous, overly broad, and unduly burdensome, and irrelevant to any of the claims or defenses in this matter. Subject to and without waiving this objection, documents concerning employees located in Poland following closure of the Polish subsidiary have been produced as they are maintained in the ordinary course of business, and (DEFENDANDTS_000026-000029, 000038-000040, 000071).

**REQUEST NO. 26:** All documents and communications, including, but not limited to, emails and Slack messages, between and among Ms. Wong and/or Bridgeo on the one hand, and members of Veson's Human Resources Department on the other hand, concerning the retention of any outside employment counsel for Veson, from May 1, 2023 through Ms. Wong's last day at Veson.

**RESPONSE NO. 26:** Defendants object to this request as it is vague, ambiguous, overly broad, and unduly burdensome. Subject to and without waiving this objection, documents responsive to this request have been produced as they are maintained in the ordinary course of business.

**REQUEST NO. 27:** All documents and communications, including, but not limited to, calendar entries for calls or meetings, between Bridgeo on the one hand, and any prospective outside counsel on the other hand (including, but not limited to, Pannone Lopes Devereaux & O'Gara LLC) concerning Bridgeo's attempts to engage such counsel on behalf of the Company.

11

**RESPONSE NO. 27:** Defendants object to this request as it is vague, ambiguous, overly broad, and unduly burdensome. Subject to and without waiving this objection, documents responsive to this request have been produced as they are maintained in the ordinary course of business.

**REQUEST NO. 28:** All documents constituting Bridgeo's personnel file. This Request is not time limited.

**RESPONSE NO. 28:** Defendants object to this request as overly broad, and not properly limited in time or scope. Subject to and without waiving this objection, Mr. Bridgeo's 2024 performance evaluation and any disciplinary documents have been produced. (DEFENDANTS_000139-000140, 000307-000316).

**REQUEST NO. 29:** All indemnification and joint defense agreements between Bridgeo and Veson. This Request is not time limited.

**RESPONSE NO. 29:** Defendants object to this request as it is overly broad. Defendants also object to this request to the extent that it seeks disclosure of legal theories of an attorney or other representative of Defendants concerning the litigation or that it seeks documents protected by attorney client privilege, and work product. Subject to and without waiving these objections, none.

**REQUEST NO. 30:** All documents concerning Unflat's departure from Veson.

**RESPONSE NO. 30:** Defendants object to this request as it is overly broad and unduly burdensome. Defendants also object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or that it seeks documents protected by attorney client privilege. Defendants further object to this request because it seeks confidential information pertaining to an individual who is not party to the instant lawsuit.

**REQUEST NO. 31:** All documents constituting the personnel file of Plaintiff's replacement at Veson.

**RESPONSE NO. 31:** Defendants object to this request as it is overly broad and unduly burdensome. Defendants further object to this request because it seeks confidential information pertaining to an individual who is not party to the instant lawsuit. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case.

**REQUEST NO. 32:** All documents concerning any studies or other efforts undertaken by Veson to determine the market compensation for employees in its Legal Department.

**RESPONSE NO. 32:** Defendants object to this request as it is overly broad and unduly burdensome. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case. Subject to, and without waiving this objection, none.

**REQUEST NO. 33:** All employment policies applicable to Veson employees from January 1, 2020 through December 31, 2024 including, but not limited to, policies governing internal investigations into alleged misconduct.

**RESPONSE NO. 33:** Defendants object to this request as it is overly broad and unduly burdensome. Subject to and without waiving this objection, documents responsive to this request effective during Plaintiff's employment have been produced. (DEFENDANTS_000318-000551).

**REQUEST NO. 34:** All documents concerning any Veson policy concerning the preservation or destruction of documents, generally and with respect to documents that may be relevant to this Action.

**RESPONSE NO. 34:** Defendants object to this request as it is overly broad and unduly burdensome. Subject to and without waiving this objection, Defendants have retained all documents related to Plaintiff's claims in this matter.

**REQUEST NO. 35:** To the extent not covered by any foregoing Request, all text or Slack messages between and/or among Bridgeo, Riley, Unflat, and any other member of Veson's Senior Leadership Team (*i.e.*, Mr. Veson, Eric Christofferson, Ben Thurecht, Mr. DiIanni, Mr. Hubbard, and/or Ms. Wong) concerning the allegations in the Amended Verified Complaint.

**RESPONSE NO. 35:** Defendants object to this request as it is overly broad and unduly burdensome. Subject to and without waiving these objections, documents responsive to this request will be produced as they are maintained in the ordinary course of business.

**REQUEST NO. 36:** All documents concerning legal advice sought by or provided to Bridgeo and/or Veson's Human Resources Department in which Ms. Wong was not copied or consulted from January 1, 2022 through her last day at Veson.

**RESPONSE NO. 36:** Defendants object to this request as it is overly broad and unduly burdensome. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case. Defendants also object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or that it seeks documents

14

protected by attorney client privilege. Subject to and without waiving these objections, documents responsive to this request have been produced as they are maintained in the ordinary course of business.

**REQUEST NO. 37:** To the extent not covered by any foregoing Request, all documents and communications concerning any Veson meetings during which the facts and circumstances raised by the pleadings in this Action were discussed, including but not limited to, meeting invitations, invitee lists, minutes, and notes.

**RESPONSE NO. 37:** Defendants object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or that it seeks documents protected by attorney client privilege. Subject to and without waiving these objections, nonprivileged documents responsive to this request have been produced as they are maintained in the ordinary course of business.

**REQUEST NO. 38:** To the extent not covered by any foregoing Request, all documents concerning any investigation into any of the alleged misconduct in this case.

**RESPONSE NO. 38:** Defendants object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or that it seeks documents protected by attorney client privilege. Defendants also object to this request to the extent it assumes facts not established, including that anyone engaged in "misconduct." Subject to and without waiving these objections, nonprivileged documents responsive to this request have been produced as they are maintained in the ordinary course of business.

15

**REQUEST NO. 39:** To the extent not covered by any foregoing Request, all instant messages (*e.g.*, Slack, Teams, WhatsApp, iMessage) that may, in any way, concern any of the material facts or circumstances raised in this Action.

**RESPONSE NO. 39:** Defendants object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or that it seeks documents protected by attorney client privilege. Subject to and without waiving these objections, nonprivileged documents responsive to this request will be produced as they are maintained in the ordinary course of business.

**REQUEST NO. 40:** All documents concerning the retention of any professional (including without limitation lawyers, investigators, mediators, and accountants) by Defendants in connection with this Action or any of the material facts or circumstances raised in this Action.

**RESPONSE NO. 40:** Defendants object to this request as it is overly broad and unduly burdensome. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case. Defendants also object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or that it seeks documents protected by attorney client privilege.

**REQUEST NO. 41:** To the extent not covered by any foregoing Request, all telephone records, including, but not limited to, text messages that may, in any way, concern any of the material facts or circumstances raised in this Action.

16

**RESPONSE NO. 41:** Defendants object to this request as it is overly broad and unduly burdensome. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case. Defendants also object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or that it seeks documents protected by attorney client privilege. Subject to and without waiving these objections, nonprivileged documents responsive to this request have been produced. (DEFENDANTS_000119).

**REQUEST NO. 42:** To the extent not covered by any foregoing Request, all diaries, calendars, desk pads, appointment books, or notes that may, in any way, concern any of the material facts or circumstances raised in this Action.

**RESPONSE NO. 42:** Defendants object to this request as it is overly broad and unduly burdensome. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case. Defendants also object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or that it seeks documents protected by attorney client privilege. Subject to and without waiving these objections, nonprivileged documents responsive to this request have been produced. (DEFENDANTS_000101-000103).

**REQUEST NO. 43:** True and complete copies of reports of experts that may, in any way, concern any of the material facts or circumstances raised in this Action.

17

**RESPONSE NO. 43:** Defendants object to this request to the extent it seeks attorney-client privileged documents or attorney work product and states that it has not yet identified at this early stage any expert that it intends to call as a witness at a trial in this matter. Defendants will supplement this response as applicable in accordance with the Federal Rules of Civil Procedure and any Pre-Trial Scheduling Orders.

**REQUEST NO. 44:** True and complete copies of any witness statements, whether the same be signed or unsigned, written or oral, or transcribed, concerning any of the material facts or circumstances raised in this Action.

**RESPONSE NO. 44:** Defendant objects to the extent that it seeks documents protected by attorney client privilege and the work product doctrine. Subject to and without waiving these objections, documents responsive to this request have been produced. (DEFENDANTS_000603).

**REQUEST NO. 45:** Documents sufficient to identify all persons involuntarily terminated by Veson from January 1, 2021 through the present.

**RESPONSE NO. 45:** Defendants object to this request as it is overly broad and unduly burdensome. Defendants further object to this request because it seeks confidential information pertaining to an individual who is not party to the instant lawsuit. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case.

**REQUEST NO. 46:** All documents that Defendants contend support any of their affirmative defenses.

**RESPONSE NO. 46:** Defendants object to this request to the extent that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or that it seeks documents protected by attorney client privilege. Subject to and without waiving these objections, nonprivileged documents responsive to this request have been produced as they are kept in the ordinary course of business.

**REQUEST NO. 47:** All documents that Defendants intend to offer as evidence at or in connection with any hearing, settlement conference, mediation, motion for interim relief, or final adjudication of this Action.

**RESPONSE NO. 47:** Defendants object to this request on the grounds that it seeks the mental impressions and legal conclusions of counsel and is premature. Defendant further objects to the extent that it seeks documents protected by attorney client privilege and the work product doctrine. Subject to and without waiving these objections, Defendant will supplement this response as applicable in accordance with the Federal Rules of Civil Procedure.

**REQUEST NO. 48:** All drafts of any documents produced in response to any of the foregoing Requests.

**RESPONSE NO. 48:** Defendants object to this request on the grounds that it seeks the mental impressions and legal conclusions of counsel. Defendant further objects to the extent that it seeks documents protected by attorney client privilege and the work product doctrine.

19

Respectfully submitted,

VESON NAUTICAL LLC and SEAN BRIDGEO

By their attorneys,

*/s/ Eve R. Keller*
Jamie Kessler, BBO # 681867
Eve Keller, BBO # 712209
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
T: 617-367-0025; F: 617-367-2155
Jamie.kessler@jacksonlewis.com
Eve.keller@jacksonlewis.com

Dated: July 11, 2025

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of July 2025, a copy of the foregoing document was served on opposing counsel by electronic mail.

COUNSEL FOR LEVINA WONG
Nicole Corvini
Heather Carlson Krauss
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, MA 02110
ndaly@beckreed.com
hkrauss@beckreed.com

*/s/ Eve R. Keller*
Jackson Lewis P.C.

4933-1908-3074, v. 1

20