# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEVINA WONG,<br><br>                    Plaintiff,<br><br>          v.<br><br>VESON NAUTICAL LLC and SEAN<br>BRIDGEO,<br><br><br>                    Defendants. | Civil Action No. 24-CV-12752-IT |

**DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants Veson Nautical LLC ("Veson") and Sean Bridgeo (collectively "Defendants"), pursuant to the Federal Rules of Civil Procedure, hereby provide their Objections and Answers to the First Set of Interrogatories and Requests for Production of Plaintiff, Levina Wong.

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify the person(s) involved and/or consulted in the answering of these Interrogatories and identify the Interrogatories each such person was involved or consulted in answering.

**ANSWER NO. 1:**

Defendants object to this interrogatory to the extent that it seeks information that is protected by the attorney-client privileged. Defendants further object to this Interrogatory on the basis that the phrase "involved and/or consulted" is vague and ambiguous. Subject to and without waiving these objections, Sean Bridgeo, and Sean Riley, with the assistance of counsel, were consulted in answering the Interrogatories.

**INTERROGATORY NO. 2:** Identify each and every individual on the Real Estate Committee tasked with searching for and selecting Veson's new London office location.

**ANSWER NO. 2:**

Defendants object to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Subject to, and without waiving this objection, Mr. Bridgeo, Martin Balestra, Georgina Gavin, Margaret Mo, and Graham Piasecki.

**INTERROGATORY NO. 3:** Identify each and every individual who participated in visits of potential sites for Veson's new London office location in early 2024.

**ANSWER NO. 3:**

Defendants object to this Interrogatory on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Subject to, and without waiving this objection, Mr. Bridgeo, Mr. Balestra, Ms. Gavin, Ms. Mo, Mr. Piasecki, Demetri Beldekas, Jesse Dilanni, Justin Boyd, Plaintiff, and certain third-party real estate agents, visited potential office sites for Veson's new London office in early 2024.

**INTERROGATORY NO. 4:** Identify, by address, the potential site for Veson's new London office that Ms. Wong expressed her concerns of rodents about.

**ANSWER NO. 4:**

Defendants object to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Subject to, and without waiving this objection, 1 London Bridge, London, SE1.

**INTERROGATORY NO. 5:** Identify each and every individual with whom Bridgeo discussed, or to whom he disclosed, the rat incident as described and alleged in the Amended Verified Complaint, both before and after he actually carried out that incident.

**ANSWER NO. 5:** Mr. Beldekas, Kerry Unflat, Mr. Riley, and Mr. Bridgeo's wife, Allison Lynch.

**INTERROGATORY NO. 6:** Identify each and every member of Veson's Board of Directors who was informed about the rat incident directed at Ms. Wong by Bridgeo (including the date when each member was first informed).

**ANSWER NO. 6:** Defendants object to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Subject to, and without waiving this objection, in or around February 2024, Veson's Board was informed that Mr. Bridgeo placed three fake rats in Plaintiff's office.

**INTERROGATORY NO. 7:** Identify each and every member of Veson's Board of Directors who was involved with investigating Ms. Wong's complaints about Bridgeo's treatment of her as alleged in Paragraphs 24, 96, 118, 121, and 130-131 of the Amended Verified Complaint.

**ANSWER NO. 7:** Defendants object to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Defendants further object on the basis that the phrase "was involved with investigating" is vague, ambiguous, and could have multiple interpretations. Subject to, and without waiving these objections, and limited to Defendants' interpretation of the phrase "involved with investigating", Defendants state that none of the members of the Board of Directors investigated Plaintiff's complaints about Mr. Bridgeo directly. Further responding, Board members Ayla Ahmed and Christiane Felts, in consult with the entire Board of Directors made the decision to retain a third-party investigator to investigate Plaintiff's complaints, and the entire Board was aware of the investigation into her complaints, and the outcome of such investigation.

**INTERROGATORY NO. 8:** Identify each and every interview conducted by Veson during the course of its investigation(s) of Ms. Wong's complaints about Bridgeo's treatment of her as alleged in Paragraphs 24, 96, 118, 121, and 130-131 of the Amended Verified Complaint, including, but not limited to, the date, time, and names of individuals who participated in each such interview.

**ANSWER NO. 8:** Defendants are unable to respond as to the "time" the investigator conducted the below interviews. Responding further, Defendants state that the third-party investigator interviewed the following individuals on the following dates:

1. Levina Wong, attended by her counsel Nicole Daly (2/14/24 and 3/12/24)
2. Kerry Unflat (2/15/24 and 3/14/24)
3. Demetri Beldekas (2/15/24)
4. Sean Bridgeo (2/15/24 and 3/18/24)
5. Sean Riley (2/16/24 and 3/14/24)

**INTERROGATORY NO. 9:** Identify each and every individual involved in discussions concerning what actions, if any, to take towards Bridgeo (and any other Veson employees who were complicit in his misconduct) as a result of Ms. Wong's complaints about Bridgeo's treatment of her as alleged in Paragraphs 24, 96, 118, 121, and 130-131 of the Amended Verified Complaint.

**ANSWER NO. 9:** Defendants object to this Interrogatory to the extent it assumes facts not established, including that Mr. Bridgeo engaged in "misconduct" or that any other employee was "complicit in misconduct." Defendants further object to this Interrogatory to the extent that it calls for information protected by attorney-client privilege. Defendants further object to the phrase "involved in discussions" as vague, ambiguous, and subject to multiple interpretations. Subject to, and without waiving these objections, and subject to Defendants interpretation of the phrase "involved in discussions", Defendants respond: Ms. Unflat and Mr. Riley, with the assistance of counsel.

**INTERROGATORY NO. 10:** Identify each and every individual involved in discussions concerning Ms. Wong's requests for accommodations or assistance including, but not limited to, her requests that Bridgeo's office be relocated away from hers, for a lock on her office door, to not participate in meetings with Bridgeo until after he had participated in training or coaching, to not interact with Bridgeo in a one-on-one basis, for leaves of absence, for Veson to retain a third party mediator, to avoid interactions with Bridgeo unless they were in a group setting, and for prior notice when Bridgeo would be attending a meeting with her as alleged in Paragraphs 142-144, 156, 169, 171, 175, and 179 of the Amended Verified Complaint.

**ANSWER NO. 10:** Defendants object to this Interrogatory to the extent that it calls for information protected by attorney-client privilege. Defendants further object to use of the word "accommodations" in connection with the alleged requests made by Plaintiff as outlined in

Interrogatory No. 10, save for "leaves of absence." Subject to, and without waiving these objections, Ms. Unflat, Jesse DiIanni, Mr. Riley, and Ms. Mosher.

**INTERROGATORY NO. 11:** Identify each and every individual involved in discussions concerning what actions, if any, to take towards Kerry Unflat ("Unflat") and other employees in Veson's Human Resources Department as a result of Ms. Wong's reports of their resistant, exclusionary, and retaliatory behavior as alleged in the Amended Verified Complaint.

**ANSWER NO. 11:** Defendants object to this Interrogatory to the extent that it calls for information protected by attorney-client privilege. Defendants further object because Plaintiff never reported "resistant, exclusionary, and retaliatory behavior" by "other employees" in the Human Resources department during her employment.  Subject to, and without waiving these objections, no one discussed taking action towards Ms. Unflat because the third-party investigator investigated Plaintiff's allegations of retaliation related to the office relocation and electing not to negotiate an employment agreement for Ms. Wong and found insufficient evidence of retaliation. No one discussed taking action towards any other members of Veson's Human Resources department as Plaintiff did not report such allegations during her employment.

**INTERROGATORY NO. 12:** Identify each and every individual involved in any discussions concerning Veson's decision whether or not to physically relocate its Legal team, Bridgeo's team, and/or Unflat's team in 2024, including any requests or relocations after Ms. Wong's resignation.

**ANSWER NO. 12:** Defendants object to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Subject to and without waiving these objections, Ms. Unflat, Jesse DiIanni, and Mr. Riley were involved in discussions

related to office relocations in February-March 2024 based on Plaintiff's request. Following

Plaintiff's resignation, Marcy Wilkins and Boey Yu, members of the Legal Team, asked Mr. Riley

to move their offices near the Human Resources and Finance teams, which Mr. Riley allowed.

**INTERROGATORY NO. 13:** Identify each and every individual involved in discussions

concerning Ms. Wong's resignation, including but not limited to discussions concerning whether or

not to offer her severance, accelerated vesting of her equity options, and/or any other separation

benefits.

**ANSWER NO. 13:** Defendants object to this Interrogatory to the extent that it calls for information

protected by attorney-client privilege. Subject to, and without waiving these objections, Mr. Riley,

and Mr. Veson, with input from the rest of the Board of Directors.

**INTERROGATORY NO. 14:** Identify each and every individual involved in discussions

concerning the payment and/or nonpayment of any compensation, equity, and/or bonuses to Ms.

Wong for each year from 2020 through 2024.

**ANSWER NO. 14:** Defendants object to this Interrogatory on the grounds that it is overbroad,

unduly burdensome, not limited in scope, and not reasonably calculated to lead to the discovery of

admissible evidence. It therefore requests information that is not relevant to any claim or defense

in this action and is not proportional to the needs of the case in light of the factors set forth in Fed.

R. Civ. P. 26(b)(1). Defendants further object as the phrase "involved in discussions" is vague and

ambiguous and subject to multiple interpretations. Defendants further object to the extent this

Interrogatory implies that Plaintiff was not paid compensation, equity or bonuses that she was

entitled, which has never been alleged by Plaintiff and is not a claim in this action. Subject to, and

without waiving this objection, in accordance with Fed. R. Civ. P. 33(d), Defendants refer Plaintiff

to documents that they will produce in response to Plaintiff's document requests concerning Plaintiff's compensation, equity, and bonuses.

**INTERROGATORY NO. 15:** Identify each and every workplace investigation involving allegations of wrongdoing, misconduct, discrimination, harassment, and/or retaliation by any member of Veson's senior leadership team from January 2020 through December 31, 2024, including, but not limited to, the identity of each individual charged with undertaking the investigation, a summary of the allegations, and the outcome of the investigation.

**ANSWER NO. 15:** Defendants object to this Interrogatory on the grounds that it is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Defendants further object to this Interrogatory because it seeks confidential information pertaining to individuals who are not parties to the instant lawsuit. Defendants further object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or was compiled in anticipation of litigation. Subject to, and without waiving these objections, on or about February 12, 2024, a third-party investigator commenced an investigation into Plaintiff's allegations of discrimination, harassment, hostile work environment, and retaliation against Mr. Bridgeo. The third-party investigator concluded there was insufficient evidence to show that Mr. Bridgeo's actions were based on Plaintiff's gender or race or that there had been any retaliation.  Defendants object to producing further information concerning any other workplace investigations that do not concern Plaintiff's allegations against Mr. Bridgeo as such information is irrelevant to Plaintiff's claims.  Defendants do state that there have not been any other allegations of discrimination, harassment, retaliation or "wrongdoing"

made against Mr. Bridgeo during his employment with Veson and thus no other workplace investigations.

**INTERROGATORY NO. 16:** Identify each and every member of Veson's Board of Directors with whom Bridgeo discussed the May 2023 workplace investigation as described in Paragraphs 35-38 of the Amended Verified Complaint and, in your answer, identify who made the decision to not hire a third-party investigator.

**ANSWER NO. 16:** Defendants object to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY NO. 17:** Describe each and every prank that Bridgeo has played on a colleague within the last ten (10) years to support Defendants' assertion in their Position Statement dated October 4, 2024 that "Mr. Bridgeo has a history of playing pranks on colleagues," including, but not limited to, the prank involving Mr. Beldekas that is identified in footnote 3 of that Position Statement. Please include within your answer the identity of the colleague(s) upon whom each such prank was played, the identity of Bridgeo's employer at the time of the prank, Veson's position as to whether any prank played on a Veson employee involved a violation of the Company's policies, and what action – if any – was taken by Bridgeo's employer in response to each of Bridgeo's pranks.

**ANSWER NO. 17:** Defendants object to this Interrogatory on the grounds that it is overbroad, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Subject to, and without waiving this objection, in 2023 while employed at Veson as CFO,

Mr. Bridgeo noticed that Mr. Beldekas' computer was unlocked. Mr. Bridgeo used Mr. Beldekas' computer to send Teams messages from Mr. Beldekas' account to multiple other employees stating, "I like cats" as a joke.  Mr. Bridgeo also played a longstanding joke on Greg Wilkins that lasted multiple years during Plaintiff's employment. When Mr. Wilkins exited Mr. Bridgeo's office, Mr. Bridgeo would announce loudly that Mr. Wilkins shared he was taking his wife and Veson colleague Marcy Wilkins out on a fancy date that weekend so that Ms. Wilkins overheard. Ms. Wilkins would then knowingly approach her husband about going on the date.

**INTERROGATORY NO. 18:** Identify each and every person, including, but not limited to, members of Veson's Board of Directors, who was involved with Veson's decision to hire Bridgeo including, but not limited to, persons responsible for checking Bridgeo's references or conducting other background checks.

**ANSWER NO. 18:** Defendants object to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY NO. 19:** Identify each and every person, including, but not limited to, members of Veson's Board of Directors, who was involved with Veson's decision to hire Unflat including, but not limited to, persons responsible for checking Unflat's references or conducting other background checks.

**ANSWER NO. 19:** Defendants object to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the

needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Subject to, and without waiving this objection, Mr. Riley in consult with external recruiters.

**INTERROGATORY NO. 20:** Identify any and all oral or written statements, as well as any and all video recordings, audio recordings, transcripts, transcriptions, or notes of such statements, that Veson has in its possession, custody, and/or control concerning any of the claims, defenses, allegations, or subject matter contained in any of the pleadings filed in this Action, and include for each the following:

a.    The person who gave or made the statement.

b.    The date or timeframe when the statement was taken and made.

c.    The person to whom the statement was made.

d.    Specify whether the statement was recorded in whole, in part, or in summary, regardless of medium (*e.g.*, paper, digital or other electronic medium) and, if so, identify the recording.

**ANSWER NO. 20:** Defendants object to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Defendants further object to this Interrogatory because it seeks confidential information pertaining to individuals who are not parties to the instant lawsuit. Defendants further object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or was compiled in anticipation of litigation. Subject to, and without waiving these objections, none except the Position Statement Verification, attached to Defendant's response to Plaintiff's First Set of Production.

Respectfully submitted,

VESON NAUTICAL LLC and SEAN BRIDGEO

By their attorneys,

*/s/ Eve R. Keller*

Jamie Kessler, BBO # 681867
Eve Keller, BBO # 712209
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
T: 617-367-0025; F: 617-367-2155
Jamie.kessler@jacksonlewis.com
Eve.keller@jacksonlewis.com

Dated: July 11, 2025

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

LEVINA WONG,

              Plaintiff,

    v.

VESON NAUTICAL LLC and SEAN
BRIDGEO,

              Defendants.

Civil Action No. 24-CV-12752-IT

## **VERIFICATION**

I hereby affirm that the foregoing information is true and accurate to the best of my knowledge information and belief based upon my personal knowledge and/or the books and records of Veson Nautical LLC kept in the ordinary course of its business.

*Sean Bridgeo*

_____

Sean Bridgeo, Chief Financial Officer

Date:   7/10/2025

**CERTIFICATE OF SERVICE**

This is to certify that on this 11th day of July 2025, a copy of the foregoing document was served on opposing counsel by electronic mail.

COUNSEL FOR LEVINA WONG
Nicole Corvini
Heather Carlson Krauss
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, MA 02110
ndaly@beckreed.com
hkrauss@beckreed.com

/s/ Eve R. Keller
Jackson Lewis P.C.

4922-8982-2036, v. 1