# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEVINA WONG,<br><br>                    Plaintiff,<br><br>          v.<br><br>VESON NAUTICAL LLC and SEAN BRIDGEO,<br><br>                    Defendants. | Civil Action No. 24-CV-12752-IT |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANTS VESON NAUTICAL, LLC AND SEAN BRIDGEO**

Pursuant to Fed. R. Civ. P. 26 and 34 and L.R. 26.1 and 34.1, Plaintiff Levina Wong ("Ms. Wong") hereby requests that Defendants Veson Nautical, LLC ("Veson" or the "Company") and Sean Bridgeo ("Bridgeo") produce the following documents and things for inspection and copying at the offices of Beck Reed Riden LLP, 155 Federal Street, Suite 1302, Boston, MA 02110, within thirty (30) days from the date of service and in accordance with the following instructions.

**DEFINITIONS**

1.      The definitions set forth in L.R. 26.5 are deemed incorporated herein by reference. In this regard, please note that the terms "document" and "documents" specifically include all electronically stored information and any and all communications including, but not limited to WhatsApp, Twitter, Facebook, LinkedIn, Facebook Messenger, WeChat, Slack, Skype, Confide, Signal, Dust, and iMessage.

2.      The terms "communicate" and "communicated" shall mean to transmit a communication by any means, whether it be orally, by writing, or otherwise.

3.      The terms "Plaintiff" or "Ms. Wong" mean Plaintiff Levina Wong.

4.      The terms "you," "yours," and "Veson" mean Defendant Veson Nautical, LLC, its officers, directors, employees, partners, corporate parents, subsidiaries, assigns, agents, attorneys, and any other persons acting on behalf of any of the aforementioned persons.

5.      The term "Bridgeo" means Defendant Sean Bridgeo.

6.      The term "Action" means the above-captioned matter.

7.      The term "Amended Verified Complaint" means the Amended Verified Complaint filed by Plaintiff on December 3, 2024 (*see* Dkt. No. 4).

8.      The term "French Company" means the entity first described in Paragraph 55 of the Amended Verified Complaint.

9.      As used herein, "dates" shall include the exact day, month, and year, if ascertainable or, if not ascertainable, the best approximation thereof (including relationship to other events). Where approximate dates are used, so indicate.

10.      The connectives "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of any discovery request all responses that might otherwise be construed to be outside the scope of the request.

11.      The terms "all," "any," and "each" shall be construed as encompassing any and all.

12.      The use of the singular form of any word includes the plural and vice versa.

13.      The term "computer" means any electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

## **INSTRUCTIONS**

1.    Pursuant to Fed. R. Civ. P. 26(e) and L.R. 116.7, Defendants' obligation to respond to these Requests is continuing in nature such that, if after responding, Defendants subsequently discover or obtain possession, custody, or control of any information, documents, communications, or things previously requested, Defendants shall supplement applicable responses and produce subsequently-discovered information, documents, communications, or things.

2.    Each Request shall operate and be responded to independently and, unless otherwise indicated, no Request limits the scope of any other Request.

3.    If no documents are responsive to a particular Request, Defendants are to state that no responsive documents exist.

4.    Where information, documents, communications, and things in Defendants' possession are requested, the Request extends to information, documents, communications, and things in the possession of Veson's predecessors and/or successors, as well as to information, documents, communications, and things in the possession of Defendants' officers, directors, agents, employees, servants, representatives, and, unless privileged, attorneys. Whenever a response to these Requests includes information, documents, communications, and things that are not drawn directly from Defendants, state the source of the information, documents, communications, and things. If Defendants cannot fully respond to the following Requests after exercising due diligence to secure the information, documents, communications, and things requested, so state and specify the portion of each Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information, documents, communications, and things and the facts relied upon that support any contention that

the Requests cannot be answered fully and completely, and state what knowledge, information or belief Defendants have concerning the portion of any Requests to which they cannot respond in full.

5.    If any objection is made to any Request herein, the objection shall state with particularity the basis therefore, and the Request shall be responded to the extent to which it is not objected.

6.    If any requested information, document, communication, or thing was, but no longer is, in Defendants' possession or under Defendants' control, state precisely what disposition was made of it and identify the person who ordered or authorized such disposition.

7.    If, in response to a Request, Defendants do not know all the facts necessary to provide a complete and specific response, Defendants should provide a response to such portion of the Request as Defendants can and provide such facts and information as are known to Defendants and any estimates, approximations, or beliefs that Defendants consider reliable. Any such estimates, approximations, or beliefs should be clearly denoted as such, and the bases for Defendants' belief in their reliability should be explained.

8.    If, in responding to any of these Requests, Defendants encounter any ambiguity in construing a Request or any definition or instruction relevant to a Request, set forth the matter deemed ambiguous and the construction selected or used in answering the Request. Furthermore, if any Request is ambiguous or unclear to Defendants, Defendants are requested to contact undersigned counsel as soon as possible so that the Request can be clarified to avoid unnecessary delays in discovery.

9.    In the event that Defendants object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that Request as narrowed to the least extent

necessary, in Defendants' judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that Request for purposes of your response and the factual basis for your conclusion concerning alleged overbreadth.

10.    Each and every copy of a document that is different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

11.    In accordance with Fed. R. Civ. P. 34, all documents, communications, and things produced for inspection and copying shall be organized and labeled to correspond with the categories in the Request or shall be produced as they are kept in the normal course of business.

12.    If Defendants produce any tape, disk, card, wire, or other electronic or mechanical recording or transcript, or any computer program in response to any Request, Defendants shall also produce such documents, software, and instructions as are necessary for the decoding, playing back, printing, and/or interpretation thereof, and any other documents that are necessary to convert said information into a useable format.

13.    If a requested document is in a language other than English, both the original and any existing English translation thereof shall be produced.

14.    If Defendants withhold any information, documents, communications, or things on the grounds of privilege (including work product immunity), identify the nature of the privilege that is being claimed and, if privilege is governed by state law, indicate the state's privilege rule being invoked; and further identify: (i) the type of document (*e.g.*, letter, email, or memorandum); (ii) the general subject matter of the document; (iii) the date of the document; and, (iv) such other information as is sufficient to evaluate Defendants' claim of privilege including, for example and where appropriate, the author of the document, the addressees of the document, any other recipient

shown in the document and, where not apparent, the relationship of the author, addressees, and recipients to each other. All such documents, communications, and/or things shall be listed on a privilege log, and the log shall be supplied at a time and place to be agreed upon by counsel. For redacted documents, identify the Bates number corresponding to the first and last page of any document that has been redacted.

15.    If, for reasons other than privilege, Defendants refuse to produce documents or withhold documents sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

16.    All productions made in responding to these or any subsequent Requests should be made pursuant to the protocol agreed to by the parties.

17.    Unless otherwise specified within a particular request, these Requests shall be construed to cover the period spanning January 1, 2023 through the present.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 49**: All documents identified, consulted, or relied on by Defendants in preparing its response to Ms. Wong's Charge filed with the Massachusetts Commission Against Discrimination (MCAD No. 24BEM02446; EEOC/HUD Charge No. 16C-2024-02506). This Request is not time limited.

**REQUEST NO. 50**: All documents identified, consulted, or relied on by Defendants in answering Ms. Wong's Amended Verified Complaint. This Request is not time limited.

**REQUEST NO. 51**: Any documents which constitute, relate to, or refer to any communication between Bridgeo and any other current or former Veson employee(s) concerning the subject matter of this Action.

**REQUEST NO. 52**: Any documents which constitute, relate to, or refer to any communication between Bridgeo and any third parties, excluding his attorneys, but including, and not limited to, Bridgeo's family members and friends, concerning Ms. Wong or the subject matter of this Action.

**REQUEST NO. 53**: Any documents which constitute, relate to, or refer to any communication between Veson and any third parties, excluding its attorneys, concerning Ms. Wong's complaints, performance, or the subject matter of this Action.

**REQUEST NO. 54**: Any documents which constitute, relate to, or refer to Veson's hiring of Bridgeo, including, but not limited to, the results of any background checks and communications with members of Veson's Board of Directors, search firms, and references provided by Bridgeo.

**REQUEST NO. 55**: Any documents which constitute, relate to, or refer to Veson's hiring of Kerry Unflat ("Unflat"), including, but not limited to, the results of any background checks and communications with members of Veson's Board of Directors, search firms, and references provided by Unflat.

**REQUEST NO. 56**: All documents reflecting any complaints, concerns, or feedback concerning Bridgeo's workplace conduct, management style, or behavior toward others from January 1, 2020 through the present, including, but not limited to, documents reflecting the resolution of each complaint.

**REQUEST NO. 57**: All documents concerning any court complaint and/or administrative charge alleging any wrongdoing, misconduct, discrimination, harassment, and/or retaliation by Bridgeo and/or Veson from January 2020 through the present, including, but not limited to, documents reflecting the outcome of each such complaint and/or charge.

**REQUEST NO. 58**: Documents sufficient to show all Veson employees at the Senior Vice President level and above and their name, gender, title(s), and compensation from January 1, 2020 through the present.

**REQUEST NO. 59**: All organizational charts, internal memos, or executive communications that define or describe the scope of authority and job responsibilities of the General Counsel at Veson, from January 1, 2020 through Ms. Wong's resignation.

**REQUEST NO. 60**: All documents and communications concerning the rationale for not informing Ms. Wong about the French Company acquisition closing date and for not involving her in the legal review of director changes and employment agreements post-closing.

**REQUEST NO. 61**: All internal Veson communications or summaries concerning Ms. Wong's emotional state, health, or alleged conduct that relate to Defendants' position that she voluntarily resigned or was not constructively discharged.

**REQUEST NO. 62**: All communications between Veson and any prospective employer or professional contact of Ms. Wong concerning her job performance at Veson, her departure from Veson, or her character, from January 1, 2023 through the present.

**REQUEST NO. 63**: All documents concerning Veson's efforts to fill or restructure Ms. Wong's role following her departure from Veson, including any internal or external job postings, changes to the role's title or responsibilities, and hiring communications.

**REQUEST NO. 64**: To the extent not covered by any foregoing Request, all policies applicable to Veson employees from January 1, 2020 through the present concerning workplace conduct.

**REQUEST NO. 65**: All communications and documents reflecting Veson's and Bridgeo's understanding of "microaggressions," "bullying," and "pranks" in the workplace and any policies, trainings, or disciplinary guidance issued to Veson employees related to these terms.

**REQUEST NO. 66**: Documents sufficient to show all steps taken by Veson to train its employees, including, but not limited to, its Human Resources staff, on the requirements of the Americans with Disabilities Act, the Massachusetts Paid Family and Medical Leave Act, and the Massachusetts Earned Sick Time Law, from January 1, 2020 through the present.

**REQUEST NO. 67**: All communications between Veson and any person or entity involved in assisting with public relations, media, or employee communications in response to the issues raised by Ms. Wong's internal complaints or this Action.

**REQUEST NO. 68**: To the extent not covered by any foregoing Request, all share or other equity agreements between Bridgeo and Veson from January 1, 2023 through the present and continuing.

**REQUEST NO. 69**: All W-2 and/or 1099 forms issued to Bridgeo from 2023 through the present and continuing.

**REQUEST NO. 70**: Documents sufficient to identify all of Bridgeo's personal assets from January 1, 2023 through the present, whether held individually or jointly with his wife, including, but not limited to, bank and investment accounts (including the name of the institution where each such account is held and the last four digits of each such account), trusts (including any trusts for the benefit of Bridgeo's family members and for which Bridgeo is a trustee), real property, and life insurance policies, including the amount of each identified asset.

**REQUEST NO. 71**: Documents sufficient to identify all personal homeowner insurance policies maintained by Bridgeo from January 1, 2023 through the present, including the primary

carrier, liability limits, policy number, policy period, and coverage and exclusions for each such policy.

**REQUEST NO. 72**: Documents sufficient to identify all personal umbrella insurance policies maintained by Bridgeo from January 1, 2023 through the present, including the primary carrier, liability limits, policy number, policy period, and coverage and exclusions for each such policy.

LEVINA WONG

By her attorneys,

/s/*Nicole Corvini*
Nicole Corvini, BBO No. 670587
*ndaly@beckreed.com*
Heather Carlson Krauss, BBO No. 644457
*hkrauss@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665

Dated: June 16, 2025

**CERTIFICATE OF SERVICE**

I, Nicole Corvini, hereby certify that this document was sent by email to counsel for Defendants, Jamie L. Kessler, at Jamie.Kessler@jacksonlewis.com, on June 16, 2025.

/s/ *Nicole Corvini*