# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

LEVINA WONG,

                    Plaintiff,

          v.                                              Civil Action No. 24-CV-12752-IT

VESON NAUTICAL LLC and SEAN
BRIDGEO,

                    Defendants.

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**
**TO DEFENDANTS VESON NAUTICAL, LLC AND SEAN BRIDGEO**

Pursuant to Fed. R. Civ. P. 26 and 33 and L.R. 26.1 and 33.1, Plaintiff Levina Wong ("Ms.

Wong") hereby requests that Defendants Veson Nautical, LLC ("Veson" or the "Company") and

Sean Bridgeo ("Bridgeo") respond to these interrogatories in a manner that complies with the

requirement of all applicable rules and orders. In responding to the interrogatories below, the

following definitions and instructions apply.

**DEFINITIONS**

1.      The definitions set forth in L.R. 26.5 are deemed incorporated herein by reference.

In this regard, please note that the terms "document" and "documents" specifically include all

electronically stored information and any and all communications including, but not limited to

WhatsApp, Twitter, Facebook, LinkedIn, Facebook Messenger, WeChat, Slack, Skype, Confide,

Signal, Dust, and iMessage.

2.      The terms "communicate" and "communicated" shall mean to transmit a

communication by any means, whether it be orally, by writing, or otherwise.

3.      The terms "Plaintiff" or "Ms. Wong" mean Plaintiff Levina Wong.

4.    The terms "you," "yours," and "Veson" mean Defendant Veson Nautical, LLC, its officers, directors, employees, partners, corporate parents, subsidiaries, assigns, agents, attorneys, and any other persons acting on behalf of any of the aforementioned persons.

5.    The term "Bridgeo" means Defendant Sean Bridgeo.

6.    The term "Action" means the above-captioned matter.

7.    The term "Amended Verified Complaint" means the Amended Verified Complaint filed by Plaintiff on December 3, 2024 (*see* Dkt. No. 4).

8.    As used herein, "dates" shall include the exact day, month, and year, if ascertainable or, if not ascertainable, the best approximation thereof (including relationship to other events). Where approximate dates are used, so indicate.

9.    The connectives "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of any discovery request all responses that might otherwise be construed to be outside the scope of the request.

10.    The terms "all," "any," and "each" shall be construed as encompassing any and all.

11.    The use of the singular form of any word includes the plural and vice versa.

12.    The term "computer" means any electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

## **INSTRUCTIONS**

1.    Pursuant to Fed. R. Civ. P. 26(e) and L.R. 116.7, Defendants' obligation to respond to these Interrogatories is continuing in nature such that, if after answering or responding, Defendants subsequently discover or obtain possession, custody, or control of any information

previously requested, Defendants shall supplement the Interrogatory responses to which such subsequently-discovered information relates.

2.    All Interrogatories are to be understood as requiring information in Defendants' possession, custody, or control.

3.    Each Interrogatory shall be answered separately and fully and, unless otherwise indicated, no Interrogatory limits the scope of any other Interrogatory.

4.    In answering the following Interrogatories, Defendants shall furnish all available information, including information in the possession, custody, or control of any of their attorneys, directors, officers, agents, employees, representatives, associates, investigators, or division affiliates, partnerships, parents, subsidiaries, and other persons under their control. If Defendants cannot respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state and specify the portion of each Interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support any contention that the Interrogatories cannot be answered fully and completely, and state what knowledge, information or belief Defendants have concerning the unanswered portion of any such Interrogatories.

5.    Where knowledge or information in Veson's possession is requested, the request extends to knowledge or information in the possession of Veson's predecessors and/or successors, as well as to information in the possession of Veson's officers, directors, agents, employees, servants, representatives, and, unless privileged, attorneys. Whenever an answer to these Interrogatories contains information that is not based upon Defendants' personal knowledge, state the source and nature of such information.

6.      If in answering any Interrogatory, Defendant(s) seek to invoke the procedures of Fed. R. Civ. P. 33(d), state fully all facts which support Defendant(s)' contention and that the burden of ascertaining the answer to the Interrogatory is substantially the same for Plaintiff as it is for Defendant(s) and identify by Bates/production number those business records from which Defendant(s) contend Plaintiff may ascertain or derive the answer. Pursuant to L.R. 33.1(b)(4), any documents referred to in an Interrogatory answer invoking Fed. R. Civ. P. 33(d) must be produced within fourteen (14) days after service of such Interrogatory answers.

7.      If any objection is made to any Interrogatory herein, the objection shall state with particularity the basis therefore, and the Interrogatory shall be answered to the extent not objected to.

8.      If Defendants otherwise decline to set forth in their response any of the information requested by any Interrogatory, state the exact grounds upon which Defendants rely for their refusal, and provide all other responsive information.

9.      If any identified document and/or information was, but no longer is, in Defendants' possession or under Defendants' control, state precisely what disposition was made of it and identify the person who ordered or authorized such disposition.

10.     If Defendants withhold any information on the basis of privilege, immunity, or any similar claim, provide all information falling within the scope of the Interrogatory which is not privileged, and, for each item of information to which a claim of privilege is made, identify such information with sufficient particularity to enable Plaintiff to assess, and the Court to adjudicate, the applicability of privilege or immunity for purposes of a motion to compel, in a manner consistent with applicable federal and local rules.

11.     If, in response to an Interrogatory, Defendants do not know all the facts necessary to provide a complete and specific answer, Defendants should provide answers to any portions of the Interrogatory that Defendants can answer and provide such facts and information as are known to Defendants and any estimates, approximations, or beliefs that Defendants consider reliable. Any such estimates, approximations, or beliefs should be clearly denoted as such, and the bases for Defendants' belief in their reliability should be explained.

12.     If, in answering any of these Interrogatories, Defendants encounter any ambiguity in construing an Interrogatory or any definition or instruction relevant to an Interrogatory, set forth the matter deemed ambiguous and the construction selected or used in answering the Interrogatory.

13.     Any/all productions made in responding to these or any subsequent Interrogatories (*e.g.*, under Fed. R. Civ. P. 33(d)) should be made pursuant to the production protocol agreed to by the parties.

## INTERROGATORIES

**INTERROGATORY NO. 21**: Identify all current or former Veson employees who submitted written or verbal complaints, concerns, or feedback concerning Bridgeo's workplace conduct, management style, or behavior toward others, and describe the nature and resolution of each complaint.

**INTERROGATORY NO. 22**: Identify each and every court complaint and/or administrative charge alleging any wrongdoing, misconduct, discrimination, harassment, and/or retaliation by Bridgeo and/or Veson from January 1, 2020 through the present, including, but not limited to, the parties' full names; the forum; the filing date; the specific wrongdoing, misconduct, discrimination, harassment, and/or retaliation alleged; and, the outcome of each such complaint and/or charge.

**INTERROGATORY NO. 23**: Describe each and every instance from January 1, 2020 to the present in which Veson considered or implemented the physical relocation of any employee's office based on a complaint of discrimination, harassment, bullying, or retaliation, and identify the nature of the complaint and the individuals involved.

**INTERROGATORY NO. 24**: Identify each and every legal matter in which Veson selected or retained outside counsel from January 1, 2020 through the present and, for each such instance, identify who made the selection, who was consulted about the selection, and whether Ms. Wong (in her capacity as Veson's General Counsel) was involved or excluded.

**INTERROGATORY NO. 25**: Identify all personal assets held by Bridgeo from January 1, 2023 through the present, whether held individually or jointly with his wife, including, but not limited to, bank and investment accounts (including the name of the institution where each such account is held and the last four digits of each such account), trusts (including any trusts for the benefit of Bridgeo's family members and for which Bridgeo is a trustee), real property, and life insurance policies.

LEVINA WONG

By her attorneys,

/s/*Nicole Corvini*
Nicole Corvini, BBO No. 670587
*ndaly@beckreed.com*
Heather Carlson Krauss, BBO No. 644457
*hkrauss@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665

Dated: June 16, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Nicole Corvini, hereby certify that the document was sent by email to counsel for Defendants, Jamie L. Kessler, at Jamie.Kessler@jacksonlewis.com, on June 16, 2025.

<u>/s/ *Nicole Corvini*</u>