# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| LEVINA WONG,<br><br>                     Plaintiff,<br><br>       v.<br><br>VESON NAUTICAL LLC and SEAN<br>BRIDGEO,<br><br>                  Defendants. | Civil Action No. 24-CV-12752-IT |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Veson Nautical LLC and Sean Bridgeo ("Defendants") hereby respond to Plaintiff Levina Wong's Second Set of Requests for Production of Documents and Things.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST NO. 49**: All documents identified, consulted, or relied on by Defendants in preparing [their] response to Ms. Wong's Charge filed with the Massachusetts Commission Against Discrimination (MCAD No. 24BEM02446; EEOC/HUD Charge No. 16C-2024-02506). This Request is not time limited.

**RESPONSE NO. 49:** Defendants object to this request as it is overly broad. Defendants also object to this request to the extent that it seeks disclosure of legal theories of an attorney or other representative of Defendants concerning the litigation or that it seeks documents protected by attorney client privilege, and work product. Subject to and without waiving these objections, Defendants state all non-privileged documents responsive to this request have been produced as they are maintained in the ordinary course of business.

**REQUEST NO. 50**: All documents identified, consulted, or relied on by Defendants in answering Ms. Wong's Amended Verified Complaint. This Request is not time limited.

**RESPONSE NO. 50:** Defendants object to this request as it is overly broad. Defendants also object to this request to the extent that it seeks disclosure of legal theories of an attorney or other representative of Defendants concerning the litigation or that it seeks documents protected by attorney client privilege, and work product. Defendants further object to this Request on the basis that the phrase "All documents . . . . consulted" is vague and ambiguous. Subject to and without waiving these objections, Defendants state all non-privileged documents responsive to this request have been produced as they are maintained in the ordinary course of business.

**REQUEST NO. 51**: Any documents which constitute, relate to, or refer to any communication between Bridgeo and any other current or former Veson employee(s) concerning the subject matter of this Action.

**RESPONSE NO. 51:** Defendants object to this request as it is overly broad. Defendants also object to this request to the extent that it seeks disclosure of legal theories of an attorney or other representative of Defendants concerning the litigation or that it seeks documents protected by attorney client privilege. Subject to and without waiving these objections, Defendants state non-privileged documents responsive to this request have been, or will be after further reasonable search, produced as they are maintained in the ordinary course of business.  Defendants reserve the right to supplement this request as discovery continues.

**REQUEST NO. 52**: Any documents which constitute, relate to, or refer to any communication between Bridgeo and any third parties, excluding his attorneys, but including, and not limited to, Bridgeo's family members and friends, concerning Ms. Wong or the subject matter of this Action.

2

**RESPONSE NO. 52:** Defendants object to this request as it is overly broad. Subject to and without waiving these objections, none.

**REQUEST NO. 53**: Any documents which constitute, relate to, or refer to any communication between Veson and any third parties, excluding its attorneys, concerning Ms. Wong's complaints, performance, or the subject matter of this Action.

**RESPONSE NO. 53:** Defendants object to this request as it is overly broad. Defendants also object to this request to the extent that it seeks disclosure of legal theories of an attorney or other representative of Defendants concerning the litigation or that it seeks documents protected by attorney client privilege. Subject to and without waiving these objections, documents responsive to this request (if any) will be produced as they are maintained in the ordinary course of business.

**REQUEST NO. 54**: Any documents which constitute, relate to, or refer to Veson's hiring of Bridgeo, including, but not limited to, the results of any background checks and communications with members of Veson's Board of Directors, search firms, and references provided by Bridgeo.

**RESPONSE NO. 54:** Defendants object to this request as it is overly broad and seeks information not relevant to the claims and defenses in this matter, and thus, not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, documents responsive to this request related to Bridgeo's hiring documents and background check have been produced. (DEFENDANTS_001155-DEFENDANTS_001179).

**REQUEST NO. 55**: Any documents which constitute, relate to, or refer to Veson's hiring of Kerry Unflat ("Unflat"), including, but not limited to, the results of any background checks and communications with members of Veson's Board of Directors, search firms, and references provided by Unflat.

3

**RESPONSE NO. 55:** Defendants object to this request as it is overly broad and seeks information not relevant to the claims and defenses in this matter, and thus, not likely to lead to the discovery of admissible evidence. Defendants further object to this request because it seeks confidential information pertaining to an individual who is not party to the instant lawsuit.

**REQUEST NO. 56**: All documents reflecting any complaints, concerns, or feedback concerning Bridgeo's workplace conduct, management style, or behavior toward others from January 1, 2020 through the present, including, but not limited to, documents reflecting the resolution of each complaint.

**RESPONSE NO. 56:** Defendants object to this request as it is overly broad. Defendants further object to this Request on the basis that the phrase "feedback concerning Bridgeo's . . . behavior towards others" is vague and ambiguous. Subject to, and without waiving these objections, none except Plaintiff's complaint.

**REQUEST NO. 57**: All documents concerning any court complaint and/or administrative charge alleging any wrongdoing, misconduct, discrimination, harassment, and/or retaliation by Bridgeo and/or Veson from January 2020 through the present, including, but not limited to, documents reflecting the outcome of each such complaint and/or charge.

**RESPONSE NO. 57:** Defendants object to this request as it is overly broad. Defendants further object to this Request on the basis that the phrases "wrongdoing" and "misconduct" are vague, ambiguous and subject to multiple meanings. Further, the Request seeks documents and information not relevant to the claims and defenses asserted in this action, and thus is not likely to lead to the discovery of admissible evidence.  Defendants also object to this request to the extent that it seeks disclosure of legal theories of an attorney or other representative of Defendants

4

concerning the litigation or that it seeks documents protected by attorney client privilege. Subject to and without waiving these objections and limited to claims similar to those asserted by Plaintiff in this action, Defendants state none except those filed by Plaintiff.

**REQUEST NO. 58**: Documents sufficient to show all Veson employees at the Senior Vice President level and above and their name, gender, title(s), and compensation from January 1, 2020 through the present.

**RESPONSE NO. 58:** Defendants object to this request as it is overly broad and unduly burdensome. Defendants further object to this request because it seeks confidential information pertaining to individuals who are not party to the instant lawsuit.

**REQUEST NO. 59**: All organizational charts, internal memos, or executive communications that define or describe the scope of authority and job responsibilities of the General Counsel at Veson, from January 1, 2020 through Ms. Wong's resignation.

**RESPONSE NO. 59:** Defendants object to this request as it is overly broad and unduly burdensome. Subject to and without waiving this objection, the job description and relevant organization chart have been produced. (DEFENDANTS_ 001149-DEFENDANTS_001154).

**REQUEST NO. 60**: All documents and communications concerning the rationale for not informing Ms. Wong about the French Company acquisition closing date and for not involving her in the legal review of director changes and employment agreements post-closing.

**RESPONSE NO. 60:** Defendants object to Plaintiff's characterization of the communications and actions related to the Shipfix acquisition. Subject to, and without waiving this objection, none.

5

**REQUEST NO. 61**: All internal Veson communications or summaries concerning Ms. Wong's emotional state, health, or alleged conduct that relate to Defendants' position that she voluntarily resigned or was not constructively discharged.

**RESPONSE NO. 61:** Defendants object to the Request to the extent it assumes facts not in evidence and is inaccurate. Specifically, it states that it is Defendants' "position" that Plaintiff voluntarily resigned and seems to assert that Plaintiff was "constructively discharged," which is a grossly inaccurate assertion of the facts. Subject to and without waiving the foregoing objections, Defendants state there are no non-privileged documents in their possession, custody or control. Defendants reserve the right to supplement this request as discovery continues.

**REQUEST NO. 62**: All communications between Veson and any prospective employer or professional contact of Ms. Wong concerning her job performance at Veson, her departure from Veson, or her character, from January 1, 2023 through the present.

**RESPONSE NO. 62:** Defendants state there are no documents in their possession, custody or control.

**REQUEST NO. 63**: All documents concerning Veson's efforts to fill or restructure Ms. Wong's role following her departure from Veson, including any internal or external job postings, changes to the role's title or responsibilities, and hiring communications.

**RESPONSE NO. 63:** Defendants object to this request as it is overly broad and unduly burdensome. Defendants further object to this request because it seeks confidential information pertaining to individuals who are not party to the instant lawsuit. Subject to and without waiving these objections, Defendants state there are no documents in their possession, custody or control related to any effort to restructure Plaintiff's role following her departure.

6

**REQUEST NO. 64**: To the extent not covered by any foregoing Request, all policies applicable to Veson employees from January 1, 2020 through the present concerning workplace conduct.

**RESPONSE NO. 64:** Documents responsive to this request have been produced. (DEFENDANTS_000318-DEFENDANTS_000551).

**REQUEST NO. 65**: All communications and documents reflecting Veson's and Bridgeo's understanding of "microaggressions," "bullying," and "pranks" in the workplace and any policies, trainings, or disciplinary guidance issued to Veson employees related to these terms.

**RESPONSE NO. 65:** Defendants object to this request as it is overly broad and unduly burdensome. Defendants further object to this request because "microaggressions," "bullying," and "pranks" are not defined terms. Defendants also object to this request to the extent that it seeks disclosure of legal theories of an attorney or other representative of Defendants concerning the litigation or that it seeks documents protected by attorney client privilege. Subject to, and without waiving these objections, documents responsive to this request have been produced. (DEFENDANTS_000318-DEFENDANTS_000551).

**REQUEST NO. 66**: Documents sufficient to show all steps taken by Veson to train its employees, including, but not limited to, its Human Resources staff, on the requirements of the Americans with Disabilities Act, the Massachusetts Paid Family and Medical Leave Act, and the Massachusetts Earned Sick Time Law, from January 1, 2020 through the present.

**RESPONSE NO. 66:** Defendants object to this request as it is overly broad and unduly burdensome. Subject to and without waiving these objections, documents responsive to this request (if any) will be produced as they are maintained in the ordinary course of business.

7

**REQUEST NO. 67**: All communications between Veson and any person or entity involved in assisting with public relations, media, or employee communications in response to the issues raised by Ms. Wong's internal complaints or this Action.

**RESPONSE NO. 67:** Defendants state there are no non-privileged documents in their possession, custody or control related to communications with any person or entity involved in assisting with public relations or media in response to the issues raised by Plaintiff.

**REQUEST NO. 68**: To the extent not covered by any foregoing Request, all share or other equity agreements between Bridgeo and Veson from January 1, 2023 through the present and continuing.

**RESPONSE NO. 68:** Defendants object to this request as overly broad, and unduly burdensome. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case.

**REQUEST NO. 69**: All W-2 and/or 1099 forms issued to Bridgeo from 2023 through the present and continuing.

**RESPONSE NO. 69:** Defendants object to this request as overly broad, and unduly burdensome. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case.

**REQUEST NO. 70**: Documents sufficient to identify all of Bridgeo's personal assets from January 1, 2023 through the present, whether held individually or jointly with his wife, including, but not limited to, bank and investment accounts (including the name of the institution where each such account is held and the last four digits of each such account), trusts (including any trusts for

8

the benefit of Bridgeo's family members and for which Bridgeo is a trustee), real property, and life insurance policies, including the amount of each identified asset.

**RESPONSE NO. 70:** Defendants object to this request as overly broad, unduly burdensome, and premature. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case. Subject to and without waiving these objections, Defendants will supplement this response following the liability-phase of the case, if necessary.

**REQUEST NO. 71**: Documents sufficient to identify all personal homeowner insurance policies maintained by Bridgeo from January 1, 2023 through the present, including the primary carrier, liability limits, policy number, policy period, and coverage and exclusions for each such policy.

**RESPONSE NO. 71:** Defendants object to this request as overly broad, unduly burdensome, and premature. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case. Subject to and without waiving these objections, Defendants will supplement this response following the liability-phase of the case, if necessary.

**REQUEST NO. 72**: Documents sufficient to identify all personal umbrella insurance policies maintained by Bridgeo from January 1, 2023 through the present, including the primary carrier, liability limits, policy number, policy period, and coverage and exclusions for each such policy.

**RESPONSE NO. 72:** Defendants object to this request as overly broad, unduly burdensome, and premature. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs

9

of the case. Subject to and without waiving these objections, Defendants will supplement this response following the liability-phase of the case, if necessary.

<div style="margin-left: 40%;">

Respectfully Submitted,
Defendants,

By their attorneys,

*/s/ Eve R. Keller*
Jamie L. Kessler, BBO #681867
Eve R. Keller, BBO #712209
Jackson Lewis, P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
TELE: (617) 367-0025
Jamie.Kessler@jacksonlewis.com
Eve.Keller@jacksonlewis.com

</div>

Dated: July 25, 2025

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of July 2025, a copy of the foregoing document was served on opposing counsel by electronic mail.

<div style="margin-left: 25%;">

Nicole Corvini
Heather Carlson Krauss
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
ndaly@beckreed.com
hkrauss@beckreed.com

</div>

<div style="margin-left: 40%;">

*/s/ Eve R. Keller*
Jackson Lewis P.C.

</div>

10