# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

LEVINA WONG,

                  Plaintiff,

         v.

VESON NAUTICAL LLC and SEAN
BRIDGEO,

                  Defendants.

Civil Action No. 24-CV-12752-IT

**DEFENDANTS' ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 21:** Identify all current or former Veson employees who submitted written or verbal complaints, concerns, or feedback concerning Bridgeo's workplace conduct, management style, or behavior toward others, and describe the nature and resolution of each complaint.

**ANSWER NO. 21:** Defendants object to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Defendants further object to this Interrogatory on the basis that the phrase "feedback concerning Bridgeo's workplace conduct" is vague and ambiguous. Subject to and without waiving these objections, Defendants state none, except Plaintiff.

**INTERROGATORY NO. 22:** Identify each and every court complaint and/or administrative charge alleging any wrongdoing, misconduct, discrimination, harassment, and/or retaliation by

Bridgeo and/or Veson from January 1, 2020 through the present, including, but not limited to, the parties' full names; the forum; the filing date; the specific wrongdoing, misconduct, discrimination, harassment, and/or retaliation alleged; and, the outcome of each such complaint and/or charge.

**ANSWER NO. 22:** Defendants object to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory on the basis that the phrases "wrongdoing" and "misconduct" are vague, ambiguous and subject to multiple meanings. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Subject to and without waiving this objection, Defendants state none, except Plaintiff.

**INTERROGATORY NO. 23:** Describe each and every instance from January 1, 2020 to the present in which Veson considered or implemented the physical relocation of any employee's office based on a complaint of discrimination, harassment, bullying, or retaliation, and identify the nature of the complaint and the individuals involved.

**ANSWER NO. 23:** Defendants object to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Defendants further object to this Interrogatory on the basis that the phrase "considered" is vague and ambiguous. Subject to and without waiving these objections, the only instance when Veson implemented the physical relocation of any employee's office is following Plaintiff's request.

**INTERROGATORY NO. 24:** Identify each and every legal matter in which Veson selected or retained outside counsel from January 1, 2020 through the present and, for each such instance, identify who made the selection, who was consulted about the selection, and whether Ms. Wong (in her capacity as Veson's General Counsel) was involved or excluded.

**ANSWER NO. 24:** Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not adequately limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Defendants further object as the phrase "selected" is vague and ambiguous. Further responding, Defendants' Counsel will schedule a call with Plaintiff's Counsel to discuss narrowing the date range and scope of Interrogatory No. 24.

**INTERROGATORY NO. 25:** Identify all personal assets held by Bridgeo from January 1, 2023 through the present, whether held individually or jointly with his wife, including, but not limited to, bank and investment accounts (including the name of the institution where each such account is held and the last four digits of each such account), trusts (including any trusts for the benefit of Bridgeo's family members and for which Bridgeo is a trustee), real property, and life insurance policies.

**ANSWER NO. 25:** Defendants object to this request as overly broad, unduly burdensome, and premature. Defendants further object to this request to the extent that it seeks documents that are neither relevant to a claim or defense of any party to this litigation nor proportional to the needs of the case. Subject to and without waiving these objections, Defendants will supplement this response following the liability-phase of the case, if necessary.

Respectfully Submitted,

Defendants,

By their attorneys,


*/s/ Eve R. Keller*
Jamie L. Kessler, BBO #681867
Eve R. Keller, BBO #712209
Jackson Lewis, P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
TELE: (617) 367-0025
Jamie.Kessler@jacksonlewis.com
Eve.Keller@jacksonlewis.com


Dated: July 25, 2025

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEVINA WONG,<br><br>Plaintiff,<br><br>v.<br><br>VESON NAUTICAL LLC and SEAN BRIDGEO,<br><br>Defendants. | Civil Action No. 24-CV-12752-IT |

## <u>VERIFICATION</u>

I hereby affirm that the foregoing information is true and accurate to the best of my knowledge information and belief based upon my personal knowledge and/or the books and records of Veson Nautical LLC kept in the ordinary course of its business.

_Sean Bridgeo_                    7/25/2025

Sean Bridgeo, Chief Financial Officer

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on this 25th day of July 2025, a copy of the foregoing document was served on opposing counsel by electronic mail.

Nicole Corvini
Heather Carlson Krauss
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
ndaly@beckreed.com
hkrauss@beckreed.com

*/s/ Eve R. Keller*
Jackson Lewis P.C.