# EXHIBIT L

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEVINA WONG,<br><br>                    Plaintiff,<br><br>          v.<br><br>VESON NAUTICAL LLC and SEAN BRIDGEO,<br><br>                    Defendants. | Civil Action No. 24-CV-12752-IT |

**DEFENDANTS AMENDED ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants Veson Nautical LLC ("Veson") and Sean Bridgeo (collectively "Defendants"), pursuant to the Federal Rules of Civil Procedure, hereby provide their amended Objections and Answers to the First Set of Interrogatories and Requests for Production of Plaintiff, Levina Wong.

**AMENDED ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 6:** Identify each and every member of Veson's Board of Directors who was informed about the rat incident directed at Ms. Wong by Bridgeo (including the date when each member was first informed).

**ANSWER NO. 6:** Defendants object to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Subject to, and without waiving this objection, in or around February 2024, Veson's Board was informed that Mr. Bridgeo placed three fake rats in Plaintiff's office.

**AMENDED ANSWER NO. 6:** Defendants object to this Interrogatory on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Subject to, and without waiving this objection, in or around February 2024, Veson's Board was informed that Mr. Bridgeo placed three fake rats in Plaintiff's office. Further responding, the following individuals served on Veson's Board of Directors in 2024:

Petri Oksanen, Francisco Partners
Quentin Lathuille, Francisco Partners
Ayla Ahmed, Francisco Partners
Walker C. Simmons, Pamlico Capital
Eric J. Wilkins, Pamlico Capital
Christiane R. Felts, Pamlico Capital
John D. Veson, Veson Nautical
John R. Riley Jr., Veson Nautical
Scott Stephenson, Independent Director
Deane Price, Independent Director

**INTERROGATORY NO. 7:** Identify each and every member of Veson's Board of Directors who was involved with investigating Ms. Wong's complaints about Bridgeo's treatment of her as alleged in Paragraphs 24, 96, 118, 121, and 130-131 of the Amended Verified Complaint.

**ANSWER NO. 7:** Defendants object to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Defendants further object on the basis that the phrase "was involved with investigating" is vague, ambiguous, and could have multiple interpretations. Subject to, and without waiving these objections, and limited to Defendants' interpretation of the phrase "involved with investigating", Defendants state that none of the members of the Board of Directors investigated Plaintiff's complaints about Mr.

Bridgeo directly. Further responding, Board members Ayla Ahmed and Christiane Felts, in consult with the entire Board of Directors made the decision to retain a third-party investigator to investigate Plaintiff's complaints, and the entire Board was aware of the investigation into her complaints, and the outcome of such investigation.

**AMENDED ANSWER NO. 7:** Defendants object to this Interrogatory on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Defendants further object on the basis that the phrase "was involved with investigating" is vague, ambiguous, and could have multiple interpretations. Subject to, and without waiving these objections, and limited to Defendants' interpretation of the phrase "involved with investigating", Defendants state that none of the members of the Board of Directors investigated Plaintiff's complaints about Mr. Bridgeo directly. Further responding, Board members Ayla Ahmed and Christiane Felts, in consult with the entire Board of Directors, whose members are identified in Defendants' Amended Response to Interrogatory No. 6, made the decision to retain a third-party investigator to investigate Plaintiff's complaints. Further responding, the entire Board was aware of both the investigation into Plaintiff's complaints and the resulting findings.

**INTERROGATORY NO. 14:** Identify each and every individual involved in discussions concerning the payment and/or nonpayment of any compensation, equity, and/or bonuses to Ms. Wong for each year from 2020 through 2024.

**ANSWER NO. 14:** Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense

in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Defendants further object as the phrase "involved in discussions" is vague and ambiguous and subject to multiple interpretations. Defendants further object to the extent this Interrogatory implies that Plaintiff was not paid compensation, equity or bonuses that she was entitled, which has never been alleged by Plaintiff and is not a claim in this action. Subject to, and without waiving this objection, in accordance with Fed. R. Civ. P. 33(d), Defendants refer Plaintiff to documents that they will produce in response to Plaintiff's document requests concerning Plaintiff's compensation, equity, and bonuses.

**AMENDED ANSWER NO. 14:** Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Defendants further object as the phrase "involved in discussions" is vague and ambiguous and subject to multiple interpretations. Defendants further object to the extent this Interrogatory implies that Plaintiff was not paid compensation, equity or bonuses that she was entitled, which has never been alleged by Plaintiff and is not a claim in this action. Subject to, and without waiving this objection, in accordance with Fed. R. Civ. P. 33(d), Defendants refer Plaintiff to documents bates stamped Defendants_000120-000136 and 000569-000579 that they produced in response to Plaintiff's document requests concerning Plaintiff's compensation, equity, and bonuses.

**INTERROGATORY NO. 17:** Describe each and every prank that Bridgeo has played on a colleague within the last ten (10) years to support Defendants' assertion in their Position Statement dated October 4, 2024 that "Mr. Bridgeo has a history of playing pranks on colleagues," including,

but not limited to, the prank involving Mr. Beldekas that is identified in footnote 3 of that Position Statement. Please include within your answer the identity of the colleague(s) upon whom each such prank was played, the identity of Bridgeo's employer at the time of the prank, Veson's position as to whether any prank played on a Veson employee involved a violation of the Company's policies, and what action – if any – was taken by Bridgeo's employer in response to each of Bridgeo's pranks.

**ANSWER NO. 17:** Defendants object to this Interrogatory on the grounds that it is overbroad, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Subject to, and without waiving this objection, in 2023 while employed at Veson as CFO, Mr. Bridgeo noticed that Mr. Beldekas' computer was unlocked. Mr. Bridgeo used Mr. Beldekas' computer to send Teams messages from Mr. Beldekas' account to multiple other employees stating, "I like cats" as a joke.  Mr. Bridgeo also played a longstanding joke on Greg Wilkins that lasted multiple years during Plaintiff's employment. When Mr. Wilkins exited Mr. Bridgeo's office, Mr. Bridgeo would announce loudly that Mr. Wilkins shared he was taking his wife and Veson colleague Marcy Wilkins out on a fancy date that weekend so that Ms. Wilkins overheard. Ms. Wilkins would then knowingly approach her husband about going on the date.

**AMENDED ANSWER NO. 17**: Subject to Plaintiff's agreement to narrow the scope of Interrogatory No. 17 to pranks played by Bridgeo on a colleague within the last five (5) years, Defendants state as follows:  In 2023 while employed at Veson as CFO, Mr. Bridgeo noticed that Mr. Beldekas' computer was unlocked. Mr. Bridgeo used Mr. Beldekas' computer to send Teams messages from Mr. Beldekas' account to multiple other employees stating, "I like cats" as a joke. Mr. Bridgeo also played a longstanding joke on Greg Wilkins that lasted multiple years during

Plaintiff's employment. When Mr. Wilkins exited Mr. Bridgeo's office, Mr. Bridgeo would announce loudly that Mr. Wilkins shared he was taking his wife and Veson colleague Marcy Wilkins out on a fancy date that weekend so that Ms. Wilkins overheard. Ms. Wilkins would then knowingly approach her husband about going on the date.  In or about 2020, Mr. Bridgeo regularly pranked his former supervisor who was notoriously skittish by entering his office unannounced causing him to jump in surprise. During that same period, Mr. Bridgeo would surreptitiously change the height of a former colleague's standing desk, which they would laugh about together. At this time, Mr. Bridgeo does not recall any other examples of pranks he played on colleagues within the last five (5) years.

**INTERROGATORY NO. 20:** Identify any and all oral or written statements, as well as any and all video recordings, audio recordings, transcripts, transcriptions, or notes of such statements, that Veson has in its possession, custody, and/or control concerning any of the claims, defenses, allegations, or subject matter contained in any of the pleadings filed in this Action, and include for each the following:

a. The person who gave or made the statement.
b. The date or timeframe when the statement was taken and made.
c. The person to whom the statement was made.
d. Specify whether the statement was recorded in whole, in part, or in summary, regardless of medium (*e.g*., paper, digital or other electronic medium) and, if so, identify the recording.

**ANSWER NO. 20:** Defendants object to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Defendants further object to this Interrogatory because it seeks confidential information pertaining to individuals who are not parties to the instant lawsuit. Defendants further

object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or was compiled in anticipation of litigation. Subject to, and without waiving these objections, none except the Position Statement Verification, attached to Defendant's response to Plaintiff's First Set of Production.

**AMENDED ANSWER NO. 20**: Defendants object to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. It therefore requests information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1). Defendants further object to this Interrogatory because it seeks confidential information pertaining to individuals who are not parties to the instant lawsuit. Defendants further object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or was compiled in anticipation of litigation. Subject to, and without waiving these objections, Defendants have no non-privileged/non-work product oral or written statements or notes of such statements in their possession except the Position Statement Verification, attached to Defendant's response to Plaintiff's First Set of Production. Further responding, Defendants have no video recordings, audio recordings, transcripts, or transcriptions in response to this request.

Respectfully submitted,

VESON NAUTICAL LLC and SEAN
BRIDGEO

By their attorneys,

*/s/ Eve R. Keller*
Jamie Kessler, BBO # 681867
Eve Keller, BBO # 712209
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
T: 617-367-0025; F: 617-367-2155
Jamie.kessler@jacksonlewis.com
Eve.keller@jacksonlewis.com

Dated: November 21, 2025

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of November 2025, a copy of the foregoing document was served on opposing counsel by electronic mail.

COUNSEL FOR LEVINA WONG
Nicole Corvini
Heather Carlson Krauss
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, MA 02110
ndaly@beckreed.com
hkrauss@beckreed.com

*/s/ Eve R. Keller*
Jackson Lewis P.C.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEVINA WONG,<br><br>        Plaintiff,<br><br>    v.<br><br>VESON NAUTICAL LLC and SEAN BRIDGEO,<br><br>        Defendants. | Civil Action No. 24-CV-12752-IT |

## VERIFICATION

I hereby affirm that the foregoing information is true and accurate to the best of my knowledge information and belief based upon my personal knowledge and/or the books and records of Veson Nautical LLC kept in the ordinary course of its business.

_Sean Bridgeo_

Sean Bridgeo, Chief Financial Officer

4916-3428-1338, v. 1