**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEVINA WONG,<br><br>                    Plaintiff,<br><br>          v.<br><br>VESON NAUTICAL LLC and SEAN BRIDGEO,<br><br>                    Defendants. | Civil Action No. 24-CV-12752-IT |

**PLAINTIFF LEVINA WONG'S OPPOSITION TO DEFENDANTS'**
**MOTION TO COMPEL DISCOVERY**

Plaintiff Levina Wong ("Ms. Wong") hereby opposes the Motion to Compel Plaintiff's

Production of Documents (Dkt. No. 29, the "Motion") filed by Defendants Veson Nautical LLC

("Veson" or the "Company") and Sean Bridgeo ("Bridgeo") (collectively "Defendants"). As set

forth below, Defendants' Motion seeks to bypass the protections of the Federal Rules of Civil

Procedure to engage in an intrusive, unnecessary search of Ms. Wong's private life. Specifically,

Defendants' First Request for Production of Documents to Plaintiff ("RFP") No. 18 demands

non-privileged communications between Ms. Wong and third parties—including family

members and friends—concerning either Bridgeo generally or the subject matter of this action.

This RFP is a transparent attempt to harass Ms. Wong and is wholly disproportionate to

the needs of the case. Ms. Wong has already searched for and produced responsive

communications with Veson employees who worked with both Bridgeo and her during the

relevant time period. Extending this search to her private support network violates her privacy

and finds no support in Massachusetts law. Because RFP No. 18 is overbroad, designed to harass, and seeks irrelevant information, the Motion should be denied.

## FACTUAL BACKGROUND

As alleged in the Amended Verified Complaint ("Compl."), this action arises from a calculated campaign of gender-based harassment and retaliation orchestrated by Bridgeo and ratified by Veson's leadership, culminating in Ms. Wong's constructive discharge in July 2024. Compl., ¶¶ 201-02.

Ms. Wong joined Veson in March 2020 as its inaugural General Counsel and was promoted to Senior Vice President in April 2023. *Id*., ¶¶ 9-10. Shortly thereafter, Bridgeo—Veson's CFO—began a persistent effort to undermine Ms. Wong's authority, including excluding her from key contract negotiations and retaining outside counsel without her consultation, decisions that resulted in malpractice exposure and critical contracting errors that harmed the Company's legal and commercial interests. *Id*., ¶¶ 39-47, 60-63, 70-71, 73-77. Bridgeo did not engage in this type of undermining behavior with any of the senior male employees at Veson. *Id*., ¶¶ 54. This differential treatment was consistent with his discriminatory attitude toward female attorneys, as Bridgeo made clear that he expected female attorneys to occupy subordinate positions to him. *Id*., ¶¶ 25, 29, 54.

Then, in early 2024, after Ms. Wong raised concerns about a rodent infestation at a prospective London office site, Bridgeo exploited gendered tropes to mock her. Compl., ¶¶ 83-87. On February 6, 2024, Bridgeo carried out a pre-planned "prank" by hiding three realistic stuffed rats in Ms. Wong's trash bin, desk, and personal work bag. *Id*., ¶¶ 99-103, 107. Bridgeo acted with malicious intent, even inviting a Senior Manager to witness the harassment, in order to publicly humiliate and intimidate Ms. Wong. *Id*., ¶ 115. Veson's leadership compounded the

2

hostility; rather than disciplining Bridgeo, senior executives questioned Ms. Wong's "sense of humor" and sent mocking messages regarding maintenance tickets. *Id.*, ¶ 106.

Following Ms. Wong's formal harassment complaint, Veson initiated a series of retaliatory acts. *Id.*, ¶ 130, 141. For example, when Ms. Wong requested a lock for her door and that Bridgeo's office be moved, Veson stalled for months, citing concerns over the "optics" of moving Bridgeo, while forcing Ms. Wong to isolate herself from her team. Compl,, ¶ 142-148. When Veson finally relocated Bridgeo, it moved his entire Finance Team and the HR Team into a restricted suite adjacent to the CEO, while exiling Ms. Wong and her Legal Team to a space without C-suite proximity. *Id.*, ¶ 149-155. Veson also manufactured performance criticism of Ms. Wong by deliberately deleting an email to falsely suggest she had excluded HR from a certain matter. *See id.*, ¶ 157-163. This environment caused Ms. Wong to suffer situational PTSD-like symptoms, requiring FMLA leave. Compl., ¶ 167-169. Upon her return, Veson ignored her request for a third-party mediator, failed to engage in the interactive process, and continued to exclude her from legal matters within her purview. *See id.*, ¶ 171-199. These intolerable conditions rendered her continued employment impossible. *See id.*, ¶ 11, 200-203.

## ARGUMENT

### I.   Legal Standard

Discovery in federal court is governed by the principles of relevance and proportionality. *See* Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), parties may obtain discovery regarding non-privileged matter relevant to any party's claim or defense and proportional to the needs of the case. Proportionality under Rule 26(b)(1) depends on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit." *Id*. While Rule 26 contains a broad mandate, there are indeed limits. In particular, "[c]ourts and commentators have recognized that privacy interests can be a consideration in evaluating proportionality, particularly in the context of a request to inspect personal electronic devices." *Henson v. Turn, Inc.*, No. 15-CV-01497-JSW (LB), 2018 WL 5281629, at \*5 (N.D. Cal. Oct. 22, 2018) (denying motion to compel, and collecting cases) *see also Johnson v. Nyack Hosp.*, 169 F.R.D. 550, 562 (S.D.N.Y. 1996) (holding that Rule 26 allows courts to limit discovery on account of burden, and that courts should consider "the burdens imposed on the [responding parties]' privacy and other interests"). In reviewing discovery requests, Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly." *Cutter v. HealthMarkets, Inc.*, Civil Action No. 10-11488-JLT, 2011 WL 613703, at \*2 (D. Mass. 2011) (internal quotation marks and citation omitted). [1]

## II.    Defendants Have Failed to Meet Their Initial Burden of Proving Relevance.

Under Rule 26, the party moving to compel over an adversary's objection "bears the initial burden of showing the relevance of the information sought." *Douglas v. EF Educ. First Int'l, Ltd.*, 344 F.R.D. 135, 138 (D. Mass. 2023) (internal quotation marks and citation omitted). Here, the Defendants have failed to meet this burden. Defendants' Motion relies on total speculation that private, non-work conversations with family and friends *might* reveal inconsistent statements. *See Sonoiki v. Harvard Univ.*, No. CV 19-12172-LTS, 2022 WL 21796380, at \*1 (D. Mass. Dec. 20, 2022) (blocking the deposition where any "corresponding discovery benefit…will be minimal, at best," and finding the non-party witness had no direct involvement in the case's core theories, rendering the requested discovery unjustified and

---

[1] As noted in Plaintiff's Motion to Compel Discovery, Dkt. No. 33, the instant Motion strikes Plaintiff as quite ironic, as Defendants have refused to search for responsive documents from relevant custodians **within Veson itself**, yet Defendants are simultaneously moving to compel Ms. Wong to produce communications between Ms. Wong and **third parties**.

disproportionate). The Defendants have provided no factual basis to suggest these intimate, non-professional communications are of consequence to any of the claims or defenses in this case. *See id.* at *1 (holding that a party's unsupported assertion, which was "unsupported by factual citation or legal authority," was "utterly without merit").

Ms. Wong has already produced all of her communications with individuals who were employed by Veson concurrently with her and Bridgeo (from September 2022 through July 8, 2024), which constitute the relevant, contemporaneous communications reflecting her time at the Company. *See* Ex. A at 2. Seeking to pivot from these records to personal communications with anyone else in Ms. Wong's life, including her family and friends, is a fishing expedition that Defendants have not justified. *See Netherlands Ins. Co. v. HP, Inc.,* 648 F. Supp. 3d 271, 275 (D. Mass. 2022) (denying a motion to compel discovery where the "relevance is unclear at best" and where the moving party "failed regardless to demonstrate that the discovery they seek is relevant"); *Rockstar Consortium US LP v. Google Inc.*, 2015 WL 5972422, at *6 (D. Mass. Oct. 14, 2015) (holding that the rules "do not permit a party to begin with broad, burdensome subpoenas and only then proceed to target specific, relevant information, especially when non-parties are involved"); *Sonoiki,* 2022 WL 21796380, at *1. Proving relevance requires more than inference and guesswork, and the Defendants' boilerplate assertions that these messages might be probative do not satisfy the requirements of Rule 26. *See Sonoiki,* 2022 WL 21796380, at *1; *Netherlands Ins. Co.,* 648 F. Supp. 3d at 275.

Because the Defendants offer only speculation, and no concrete showing of relevance, and because Ms. Wong has already produced all responsive communications with Veson colleagues who worked with both Bridgeo and Ms. Wong during the relevant time period, the

request to invade her plainly personal conversations fails to satisfy Rule 26's threshold showing and should therefore be denied in its entirety.

### III.    RFP No. 18 Is Nearly Limitless and Overly Broad.

Defendants' RFP No. 18 is a nearly limitless demand that seeks "all communications" with "any third party" concerning "Bridgeo" or the entire "subject matter of this Action." This Court has rejected such "any other documents" requests as overbroad and not proportional to the needs of the case. *See Doe v. Holly*, Civil No. 20-10139-LTS, 2021 WL 1700765, at *3 (D. Mass. Apr. 29, 2021) ("Given that Defendants have already turned over the bullying prevention policies[,] ... Plaintiffs' request for 'any other documents' is overbroad and otherwise not 'proportional to the needs of the case' " under Rule 26(b)(1)).

Here, Ms. Wong has already provided a meaningful and proportional production that captures relevant communications. Specifically, Ms. Wong produced all non-privileged text messages between herself and individuals who were employed by Veson concurrently with Ms. Wong and Defendant Bridgeo (from September 2022 through July 8, 2024). *See* Ex.A at 2. These records (Bates Nos. WONG000081-WONG000092) provide Defendants with a contemporaneous account of Ms. Wong's professional interactions during the timeframe of the alleged unlawful conduct.

Seeking to reach beyond this professional sphere into Ms. Wong's communications with "any third party" including her "family members and friends" constitutes an unwarranted privacy intrusion that is "nearly limitless" and "overly broad." *See Controlled Kinematics, Inc. v. Novanta Corp.*, 2019 WL 3082354, at *3 (D. Mass. July 15, 2019). In denying the portion of a motion to compel requesting communications between plaintiff and third parties, the *Controlled Kinematics* court held that such discovery into a party's activities "outside of business hours is

6

well beyond the scope" of the litigation. *Id*. at *4.  Here, RFP No. 18 requires Ms. Wong to sift through years of private data on her personal devices regarding every conversation she had. Compelling Ms. Wong to collect and search through years of intimate, private communications on her personal devices for any mention of Bridgeo or "the subject matter" of her workplace trauma is inherently disproportionate to the needs of the case. *See cf. Hardy v. UPS Ground Freight, Inc.*, No. 3:17-cv-30162-MGM, 2019 WL 3290346, at *3 (D. Mass. July 22, 2019) (denying forensic imaging where defendant failed to meet its burden of demonstrating the relevance of the contents of a personal cell phone given the plaintiff's "compelling privacy interest"); *Henson*, 2018 WL 5281629, at *5-6 ("privacy interests can be a consideration in evaluating proportionality").

**IV.    RFP No. 18 is a "Fishing Expedition" Designed to Harass Ms. Wong and an Unwarranted Invasion into Her Personal Life.**

As discussed above, , RFP No. 18 is a classic "fishing expedition," a pretense for using discovery to intrude into the private lives of Plaintiff and her inner circle. *See Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("As a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery powers in a fishing expedition"); *Malloy v. Wang Laboratories, Inc.*, 95 F.R.D. 488, 490 (D. Mass. 1982) (denying a motion to compel because a defendant's "suspicion" that they "might" discover something does not justify a "fishing expedition into irrelevant waters"). Defendants offer no factual basis to suggest these private conversations contain information of consequence that was not already captured in the production of her communications with Veson colleagues. *See* Mot. at 5 ("[The requested] communications are relevant because they *may . . .*").

Defendants argue that the existing Confidentiality Stipulation and Protective Order (Dkt. No. 21) is sufficient to cure any privacy concerns. This argument is flawed. As established in the

7

District of Massachusetts, a Protective Order governs the handling of materials once they are deemed discoverable, but it does not cure proportionality and relevance issues. *See Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990) (holding that a "protective order which limits to whom information may be disclosed does not eliminate the requirements of relevance and need for information"). Forced disclosure of intimate text messages regarding workplace humiliation is not proportional to the needs of the case, and would be unwarranted invasion into the personal lives of both Ms. Wong and non-parties that no confidentiality label can mitigate. *See LightForce Orthodontics, Inc. v. Align Technology, Inc.*, No. 25-MC-91583-AK, 2026 WL 1133400, at *5 (D. Mass. Apr. 27, 2026) (holding that the "effectiveness of the protective order is wholly separate" from the analysis of whether a third party subpoena should be quashed, and that "it is only after the requesting party has met this burden that a court—while balancing the litigants' interests—should consider the protective order's mitigating effect on the risks of disclosure.").

Furthermore, given the nature of the allegations in the Amended Verified Complaint, which include Defendant Bridgeo's use of realistic-looking rats methodically hidden in Ms. Wong's personal belongings to publicly demean and humiliate her, this request for her most private communications is clearly designed to further harass her. Modern cell phones hold "the privacies of life," and generally a court will deny discovery if there are "less invasive means of obtaining the evidence exists." *See cf. Hardy*, 2019 WL 3290346, at *3 (denying wholesale imaging of a cell phone and emphasizing the need for less intrusive discovery alternatives). Ms. Wong's existing production of her text messages with overlapping Veson employees constitutes exactly such a less invasive alternative. For any additional information, Defendants can directly ask Ms. Wong during her deposition. Because the marginal utility of scouring Ms. Wong's

private life is non-existent while the burden of such an intrusive search is extreme, the Court

should deny Defendants' Motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants'

Motion.

LEVINA WONG

By her attorneys,

/s/*Nicole Corvini*
Nicole Corvini, BBO No. 670587
*ndaly@beckreed.com*
Heather Carlson Krauss, BBO No. 644457
*hkrauss@beckreed.com*
Sarah Tishler, BBO No. 714062
*tishler@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665

Dated: May 11, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the CM/ECF system on May 11, 2026 and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and that nonregistered participants have been served this day by email.

/s/ *Nicole Corvini*

9