# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| LEVINA WONG,<br><br>Plaintiff,<br><br>v.<br><br>VESON NAUTICAL LLC and SEAN<br>BRIDGEO,<br><br>Defendants. | Civil Action No. 24-CV-12752-IT |

**PLAINTIFF LEVINA WONG'S**
**THIRD AMENDED RESPONSES TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.1 and 34.1 of the Local Civil Rules of the United States District Court for the District of Massachusetts ("the Local Rules"), Plaintiff Levina Wong ("Ms. Wong"), provides her third amended responses to Defendant's First Request for Production of Documents to Plaintiff (the "Requests") as follows:

**RESERVATION OF RIGHTS**

Any production of documents by Ms. Wong in response to the Requests is subject to Ms. Wong's right to object to the admission into evidence of any and all such documents on the ground that they are irrelevant to the issues in this action, or are otherwise inadmissible, or were produced inadvertently. By this response, Ms. Wong does not intend to waive, but explicitly preserves, her attorney-client privilege and all other privileges and protections from disclosure, including the protections afforded by the work product doctrine. Responsive documents that have been withheld or redacted on the basis of privilege, if any, will be identified in a separate privilege log.

The responses and objections are based upon Ms. Wong's present knowledge, information, and belief. Ms. Wong reserves the right to rely on any facts, documents, or other evidence that may hereafter develop or come to her attention.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 18:** Any documents which constitute, relate to, or refer to any communication between Plaintiff and any third parties, excluding her attorneys, but including and not limited to Plaintiff's family members and friends, concerning Bridgeo, or the subject matter of this Action.

**RESPONSE TO REQUEST NO. 18:**

Ms. Wong objects to Request No. 18 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 18 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong further objects to Request No. 18 on the grounds that it is designed to harass.

**AMENDED RESPONSE TO REQUEST NO. 18**

Ms. Wong objects to Request No. 18 as overly broad, unduly burdensome, not reasonably limited in time and scope, and seeking information that is irrelevant to, and disproportionate of the needs of, this case. Ms. Wong also objects to Request No. 18 to the extent it seeks confidential or sensitive personal information of third parties. Ms. Wong further objects to Request No. 18 on the grounds that it is designed to harass.

Subject to and as limited by the foregoing specific objections, Ms. Wong states that after conducting a reasonable search, she has produced all text messages between herself and individuals who were employed by Veson concurrently with Ms. Wong and Bridgeo (*i.e.*, from September 2022 through July 8, 2024) that are within her personal possession, custody, or control and that are responsive to Request No. 18 (*e.g.*, WONG000081-WONG000092).

LEVINA WONG

By her attorneys,

/s/*Nicole Corvini*
Nicole Corvini, BBO No. 670587
*ndaly@beckreed.com*
Heather Carlson Krauss, BBO No. 644457
*hkrauss@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665

Dated: April 2, 2026

## **CERTIFICATE OF SERVICE**

I, Nicole Corvini, hereby certify that the document was sent by email to counsel for Defendants, Jamie L. Kessler, at Jamie.Kessler@jacksonlewis.com, on April 2, 2026.

/s/ *Nicole Corvini*