# EXHIBIT D



Beck Reed Riden LLP
155 Federal Street | Suite 1302
Boston | Massachusetts 02110
Tel. (617) 500-8660 | Fax (617) 500-8665
BeckReedRiden.com

Nicole Corvini Daly
ndaly@beckreed.com

October 1, 2025

*By Email*

Jamie Kessler, Esq.
Eve Keller, Esq.
Jackson Lewis P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
Jamie.kessler@jacksonlewis.com
Eve.keller@jacksonlewis.com

Re:    Levina Wong v. Veson Nautical LLC and Sean Bridgeo
       Civil Action No. 24-CV-12752-IT

Dear Jamie and Eve:

I am writing to follow up on our discovery deficiency letter to you dated August 20, 2025 (the "Deficiency Letter"), the meet and confer held on September 18, 2025, and the follow up email from Eve on September 26, 2025 explaining Defendants' process for searching for responsive documents. As we discussed during the meet and confer, these are our proposed resolutions to the issues identified in the Deficiency Letter:

**Defendants' Deficient Interrogatory Answers**

For Interrogatory Nos. 2, 3, 9, 10, 11, 12, and 19 please confirm that Defendants' answers are complete and, if not, promptly amend each incomplete answer.

For Interrogatory No. 6, please amend Defendants' answer to specify the identities of all members of Veson's Board of Directors who were informed of the rat stunt directed at Levina Wong by Sean Bridgeo and the date(s) of their notification(s). Similarly, for Interrogatory No. 7, please amend Defendants' answer to identify each member of the Board of Directors who consulted with Alya Ahmed and Christiane Felts and who was aware of the investigation and its outcome.

With respect to Interrogatory No. 14, please amend Defendants' answer (which refers to business records pursuant to Fed. R. Civ. P. 33(d)) by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). We propose that Defendants identify the documents containing responsive information by their Bates-label numbers.



Jamie Kessler, Esq.
Eve Keller, Esq.
October 1, 2025
Page 2

Alternatively, amend Defendants' answer to identify all individuals who were involved in discussions relating to Ms. Wong's compensation, equity and/or bonuses.

With respect to Interrogatory No. 17, Ms. Wong will narrow the scope of the request to pranks played by Bridgeo on a colleague within the last five (5) years – please amend Defendants' answer accordingly and/or indicate whether Defendants are standing on their objections.

For Interrogatory Nos. 15 (identification of, and specified details concerning, each and every workplace investigation involving allegations of wrongdoing, misconduct, discrimination, harassment, and/or retaliation by any member of Veson's senior leadership team from January 2020 through December 31, 2024); 16 (the identity of each and every member of Veson's Board of Directors with whom Bridgeo discussed the May 2023 workplace investigation and the identity of the individual who made the decision to not hire a third-party investigator); 18 (identification of each and every person, including members of Veson's Board of Directors, who was involved with Veson's decision to hire Bridgeo, including persons responsible for checking Bridgeo's references or conducting other background checks); 20 (identification of any and all oral or written statements, as well as any and all video recordings, audio recordings, transcripts, transcriptions, or notes of such statements, that Veson has in its possession, custody, and/or control concerning any of the claims, defenses, allegations, or subject matter contained in any of the pleadings filed in this Action); and, 25 (identification of all personal assets held by Bridgeo from January 1, 2023 through the present, whether held individually or jointly with his wife, including identification of specific examples of such assets), please amend the Defendants' answers to fully and completely provide the requested information, as specified in the Deficiency Letter. We maintain that all of that information is discoverable at this time for the reasons set forth more fully in the Deficiency Letter. Alternatively, confirm that Defendants will stand on their objections.

**Defendants' Deficient Document Production**

Thank you for providing an explanation of Defendants' process for searching for documents responsive to Ms. Wong's discovery requests (including custodians, devices, accounts or locations searched, and search terms) in the September 26th email. We have two follow up issues:

(1) To clarify, was Kerri Unflat's email account searched for the term "Shipfix" regardless of whether or not Levina Wong was included on those emails? We understand that there would have been relevant and responsive emails between Ms.



Jamie Kessler, Esq.
Eve Keller, Esq.
October 1, 2025
Page 3

Unflat and Margaret Mo, for example, in which Shipfix employment contracts were discussed.

(2) We also request that Defendants search Ms. Unflat's email and Slack messages with Ms. Mo using the terms "Levina" or "Levina Wong" (or members of the Legal Team, like "Boey" or "Boey Yu"); "Shipfix" (to encompass communications concerning Shipfix director issues and employment contract issues), "KS" or "King and Spalding" or "Alice;" and "Legal" to determine if there are other responsive documents that should be produced.

Based on the meet and confer, it is our understanding that Defendants also expect to produce a privilege log in the near future identifying all documents responsive to the discovery requests that have been withheld, detailing the basis for the privilege claim for each specific document, by the end of this week. We anticipate that this information will help us determine whether or which particular discovery request(s) may be the subject of a motion to compel by Ms. Wong.

In a further effort to resolve our concerns with Defendants' responses to various Requests, Ms. Wong proposes as follows:

For Request Nos. 3, 14, 23, 25, 35, 39, and 53 please amend Defendants' responses to confirm that a search has occurred and that all responsive documents have been located and produced. If that is not the case for any particular Request, please amend the answers to either state that additional documents are forthcoming or that, following a diligent search, no responsive documents exist in Defendants' possession, custody, or control.

With respect to Request Nos. 4, 11, 15, 17, 18, 24, 28, 36, 41, 42, and 49-51, please conduct a search for the specific examples of responsive documents that were given in the Deficiency Letter (or from specific individuals) and that appear to be missing from Defendants' productions. For example, Defendants have not produced any documents related to the RACI exercise in response to Request No. 15. Moreover, it appears that Bridgeo's full personnel file has not been produced in response to Request No. 28 as there is neither a Roster 360 Report (conducted in the April/May 2024 time frame) nor any documentation of Bridgeo's completion of "conflict resolution or sensitivity training." Depending on the results of those searches, please produce additional responsive documents promptly and/or amend Defendants' responses accordingly to clarify Defendants' position.

With respect to Request No. 6, please provide a more complete explanation, pursuant to Instruction No. 6 set forth in Plaintiff's First Set of Requests for Production to Defendants Veson



Jamie Kessler, Esq.
Eve Keller, Esq.
October 1, 2025
Page 4

Nautical, LLC and Sean Bridgeo, for why Defendants "no longer have the stuffed rats in their possession."

With respect to Request Nos. 20-22, we understand that you were going to consult with your clients to determine whether Defendants are willing to change their position and provide documents sufficient to show the requested financial information about Veson Nautical, LLC. Please let us know the outcome of that discussion by either confirming that they are standing on their objections or by amending Defendants' responses accordingly.

While Defendants assert that documents related to Ms. Wong's claims have been retained, Request No. 34 seeks information about Veson's policies regarding preservation and destruction of documents (including those in electronic form) more generally. Please produce all responsive documents promptly and amend Defendants' Response No. 34 accordingly.

With respect to Request No. 57, for the reasons detailed in the Deficiency Letter, please clarify whether there have been *any* court complaints and/or administrative charges alleging any wrongdoing, misconduct, discrimination, harassment, and/or retaliation by Bridgeo and/or Veson from January 2020 through the present other than the ones filed by Ms. Wong. If other court complaints or administrative charges do exist, Defendants maintain that such documents are responsive and should be produced promptly.

Regarding Request No. 63, Defendants responded, in part, that "there are no documents in their possession, custody or control related to any effort to restructure Plaintiff's role following her departure." Please clarify whether Defendants have also searched for documents concerning Veson's efforts to *fill* Ms. Wong's role following her departure from Veson, or whether Defendants stand on their objections as to those specific documents.

Finally, please confirm whether Defendants are standing on their objections with respect to Request Nos. 9 (all documents submitted to Veson's Board of Directors concerning the rat incident, including any initial reports and/or summaries of investigations and their outcomes); 18 (all documents concerning any complaint and/or investigation into any alleged act of wrongdoing, misconduct, discrimination, harassment, and/or retaliation by any member of Veson's Senior Leadership Team from January 2020 through December 31, 2024, including documents reflecting the outcome of each such investigation); 30 (all documents concerning Kerri Unflat's departure from Veson); 31 (all documents constituting the personnel file of Ms. Wong's replacement at Veson); 45 (documents sufficient to identify all persons involuntarily terminated by Veson from January 1, 2021 through the present); 49-50 (all documents identified, consulted, or relied on by Defendants in preparing their response to Ms. Wong's Charge filed with the Massachusetts Commission Against Discrimination and their answer to the Amended



Jamie Kessler, Esq.
Eve Keller, Esq.
October 1, 2025
Page 5


Verified Complaint); 55 (any documents which constitute, relate to, or refer to Veson's hiring of Unflat, including the results of any background checks and communications with members of Veson's Board of Directors, search firms, and references provided by Unflat); 58 (documents sufficient to show all Veson employees at the Senior Vice President level and above and their name, gender, title(s), and compensation from January 1, 2020 through the present); 67 (all communications between Veson and any person or entity involved in assisting with public relations, media, or employee communications in response to the issues raised by Ms. Wong's internal complaints or this Action); and, 68-72 (documents reflecting Bridgeo's compensation, personal assets, and available insurance policies). We maintain that all of the documents sought in those Requests are discoverable at this time for the reasons set forth more fully in the Deficiency Letter.

Thank you in advance for your attention to these matters.

Very truly yours,

*/s/Nicole Corvini Daly*

Nicole Corvini Daly