# EXHIBIT E

**JacksonLewis**

**Jackson Lewis P.C.**
75 Park Plaza, 4th Floor
Boston MA 02116
(617) 367-0025 Main
(617) 367-2155 Fax
jacksonlewis.com

October 30, 2025

*Via Electronic Mail*
Nicole Corvini Daly
Beck Reed Riden LLP
155 Federal Street, Suite 1302
Boston, MA 02110
ndaly@beckreed.com

**Re:**  *Levina Wong v. Veson Nautical LLC and Sean Bridgeo*
Civil Action No. 24-CV-12752-IT

Dear Nicole:

We write in response to Plaintiff's October 1, 2025 correspondence and address the issues raised concerning Defendants' responses to Plaintiff's Interrogatories and Requests for Production.

### Defendants' Interrogatory Answers Identified By Plaintiff As Deficient

- Defendants confirm that their July 11, 2025 responses to Interrogatory Nos. 2, 3, 9, 10, 11, 12, and 19 are complete.

- Defendants agree to amend their responses to Interrogatories Nos. 6, 7, 17, 20.

- Defendants agree to amend their answer to Interrogatory No. 14 to direct Plaintiff to their production bates stamped Defendants_000120-136 and 000569-579, related to Plaintiff's compensation, equity, and bonuses.

- Defendants maintain their objections to Interrogatory Nos. 15, 16, 18, and 25 for the reasons set forth in their responses to Plaintiff's Interrogatories, and as outlined below.

  o Interrogatory No. 15 seeks information about every workplace investigation involving any misconduct by any member of the senior leadership team between Jan 2020–Dec. 31, 2024, individuals involved, summary of allegations, and the outcome. Defendants objected on the grounds that the term "senior leadership team" is vague and ambiguous, which it is as it is an undefined term and could have multiple meanings and refer to various individuals; the request is overbroad in that Plaintiff has not alleged any claims against members of the "senior leadership team" save for Bridgeo;

and to the extent the information is protected by attorney-client privilege and work product. Further, the term "misconduct" could refer to many types of claims, allegations and/or wrongdoing, most of which would be irrelevant to Plaintiff's allegations and claims.  Further still, Defendants answered the Interrogatory as it relates to Bridgeo, the named Defendant in the matter.

o  Interrogatory No. 16 seeks information about members of the Board with whom Bridgeo discussed the May 2023 investigation into the former VP of HR's allegations of gender discrimination/hostile work environment. Defendants objected because this Interrogatory seeks information that is not relevant to any claim or defense in this matter in that it involves complaints unrelated to alleged discrimination or harassment by Bridgeo. Further, Plaintiff herself investigated the former employee's claims and determined that they were unsubstantiated. Defendants also objected because this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case.

o  Interrogatory No. 18 seeks information about which members of the Board were involved in hiring Bridgeo. Defendants objected because this Interrogatory is overbroad and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case.

o  Interrogatory No. 25 seeks information about Bridgeo's personal assets from January 1, 2023 through present, including bank and investment accounts, trust, real property, and life insurance policies. Defendants objected as overly broad, unduly burdensome, and premature, and stated that they will supplement their response following the liability phase of the case, if necessary.  Further, this request seeks highly confidential and private information that is wholly irrelevant to Plaintiff's claims.  There is also no evidence to suggest that the applicable insurance policy would not be sufficient to cover any liability on behalf of both the Company and the individual defendant.

**Defendants' Document Production Identified By Plaintiff As Deficient**

• Defendants searched Unflat's emails for terms "Levina," Levina Wong," and "King and Spalding" within 10 of "Levina" or "Wong."

• Defendants searched slack channels for Wong, Bridgeo, Riley, and Unflat for the term "ShipFix." To the extent that Mo discussed "ShipFix" over slack with Unflat, those conversations were searched. Any responsive documents were produced.

- Defendants do not agree to search Unflat's mailbox for terms "ShipFix," "KS," "Alice," or "Legal" without limitation because these blanket terms will pull tens of thousands of emails (possibly more) unrelated to any claim or defense in this matter.

- Defendants agree to search Unflat's mailbox for "ShipFix" within 10 of "Levina" or "Wong" and to produce any nonprivileged documents responsive to this request.

- Defendants produced their privilege log on October 29, 2025.

- Defendants have produced all nonprivileged, responsive documents in response to Request No. 3. Defendants agree to conduct an additional search of all custodians' mailboxes for terms "raise," "compensation," "comp," "pay," "salary" w/in 10 of "Levina" or "Wong" between March-April 2023, and to produce any additional nonprivileged documents responsive to Request No. 3.

- Defendants have conducted a reasonable search, including ESI searches with the search terms shared with Plaintiff, and produced any nonprivileged documents responsive to Request Nos. 14, 23, 25, 35, 39, and 53 concerning the claims or defenses in this matter.

- Defendants have conducted a reasonable search, including ESI searches with the search terms shared with Plaintiff, and produced any nonprivileged documents responsive to Request Nos. 4, 11, 41, 42, 49, 50, and 51.

- Defendants agree to amend their responses to Request Nos. 15, 17, and 28.

- Defendants maintain their objections to Request Nos. 18 and 24 for the reasons set forth in their responses to Plaintiff's First Set of Requests for Production and as outlined below.

  o Request No. 18 seeks documents concerning any complaint or investigation into any wrongdoing, discrimination, or retaliation by any member of Veson's senior leadership team from January 2020 through December 31. Defendants objected on the grounds that the term "senior leadership team" is vague and ambiguous; the request is overbroad in that Plaintiff has not alleged any claims against members of the "senior leadership team" save for Bridgeo; and to the extent the documents are protected by attorney-client privilege and work product. Further, Defendants answered the Request as it relates to Bridgeo, the named Defendant in the matter.

  o Request No. 24 seeks documents, emails, slacks between Wong, the legal team, Riley, and HR concerning the French Company's CFO's resignation from Veson and/or ongoing post-employment obligations at Veson.

Defendants objected as it is vague, ambiguous, overly broad, and unduly burdensome, and irrelevant to any of the claims or defenses in this matter. Defendants conducted a reasonable search, including ESI searches with the search terms shared with Plaintiff, and produced responsive documents bates labeled Defendants_000035-36; 000046-49; 000055; 000064-65. Defendants do not agree to broadly search and produce any and all documents concerning the French Company's CFO's resignation and post-employment obligations. Such documents are irrelevant to Plaintiff's claims and allegations, and such documents could number in the thousands or more.  The expense and burden to review such volume of hits is not proportional to the needs of this single-plaintiff case.

- Defendants agree to amend their responses to Request Nos. 6 and 34.

- Defendants maintain their objections to Request Nos. 20, 21, 22, 57, and 63 for the reasons set forth in our responses to Plaintiff's Requests for Production.

  o Request Nos. 20-22 seek documents relating to Veson's finances, which Defendants objected to as overly broad, unduly burdensome, and premature, and stated that they will supplement their responses following the liability phase of the case, if necessary.

  o Request No. 57 seeks documents concerning any complaint or charge alleging discrimination or harassment by Bridgeo and/or Veson from January 2020 through present. Defendants objected on the grounds that the request is overbroad and seeks information not relevant to the claims or defenses asserted in this action, and not likely to lead to the discovery of admissible evidence. Defendants also objected as it seeks documents protected by attorney client privilege. Further, Defendants answered "none" except those filed by Plaintiff, limited to claims similar to those asserted in this action.

  o Request No. 63 seeks documents concerning Veson's efforts to fill or restructure Plaintiff's role. Defendants objected as this request is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses asserted in this action, and not likely to lead to the discovery of admissible evidence. Further, Defendants responded that there are no documents in their possession related to any effort to restructure Plaintiff's role following her departure and maintains their objections concerning producing any documents relating to its efforts to fill Plaintiff's role after her resignation for the reasons set forth in their response to Request No. 63 and above.

- Finally, Plaintiff maintains their objections to Request Nos. 9, 18, 30, 31, 45, 49, 50, 55, 58, 67, 68, 69, 70, 71, and 72 for the reasons set forth in Defendants' responses to Plaintiff's Requests for Production, and below.

- o  Request No. 9 seeks documents submitted to the Board concerning the rat incident. Defendants responded that there are no non-privileged documents in their possession, which response was complete.

- o  Request No. 30 seeks documents relating to Unflat's departure. Defendants objected as this request is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses asserted in this action, and not likely to lead to the discovery of admissible evidence.

- o  Request No. 31 seeks the current General Counsel's personnel file. Again, Defendants objected as this request is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses asserted in this action, and not likely to lead to the discovery of admissible evidence.  Based on our 7.1 conference, we were under the impression that you were not pressing for this information.  As I explained on the call, the current General Counsel's personnel file contains no information relevant to Plaintiff's claims – specifically nothing in the current GC's personnel file will make it more or less likely that Plaintiff was discriminated against or retaliated against.

- o  Request No. 45 seeks documents showing all employees terminated by Veson from Jan. 1, 2021 through the present.  Defendants objected as this request is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses asserted in this action, and not likely to lead to the discovery of admissible evidence.  Indeed, Plaintiff was not terminated by Veson, nor does she allege she was terminated.  Information concerning *all* employees terminated by Veson, none of whom were in the same role as Plaintiff, for an almost four-year period, including years after Plaintiff was no longer employed, is absolutely irrelevant to Plaintiff's claims.

- o  Request No. 49 seeks documents that Defendants relied on in preparing their response to the MCAD Charge. Defendants produced all non-privileged documents in their possession.

- o  Request No. 50 seeks documents identified or relied on in answering Plaintiff's Amended Complaint. Defendants produced all non-privileged documents in their possession.

- o  Request No. 55 seeks documents concerning Veson's hiring of Unflat, background checks and communications with the Board, search firms, and references. Defendants objected as this request is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses asserted in this action, and not likely to lead to the discovery of admissible evidence.

- o  Request No. 58 seeks documents concerning Veson's employees at the Senior VP level and above and their name, gender, title, and compensation from Jan. 1, 2020 through the present. Defendants objected as this request is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses asserted in this action, and not likely to lead to the discovery of admissible evidence.

- o  Request No. 67: seeks communications between Veson and any person involved in assisting with public relations, media or employee communications in response to the issues in the Complaint. Defendants responded that there are no non-privileged documents in their possession, which response was complete.

- o  Request No. 68 seeks share or other equity agreements between Bridgeo and Veson from Jan. 1, 2023 through present. Defendants objected as overly broad, unduly burdensome, and premature, and stated that they will supplement their response following the liability phase of the case, if necessary.

- o  Request No. 69 seeks W-2 and/or 1099 forms issued to Bridgeo from 2023 through the present. Defendants objected as overly broad, unduly burdensome, and premature, and stated that they will supplement their response following the liability phase of the case, if necessary.

- o  Request No. 70 seeks Bridgeo's personal assets from Jan. 1, 2023 through present, whether held individually or jointly with his wife, bank and investment accounts. Defendants objected as overly broad, unduly burdensome, and premature, and stated that they will supplement their response following the liability phase of the case, if necessary.

- o  Request No. 71 seeks Bridgeo's personal homeowner insurance policies from Jan. 1, 2023 through the present, carrier, and liability limits. Defendants objected as overly broad, unduly burdensome, and premature, and stated that they will supplement their response following the liability phase of the case, if necessary.

- o  Request No. 72 seeks documents to identify all personal umbrella insurance policies maintained by Bridgeo from Jan. 2023 to present. Defendants objected as overly broad, unduly burdensome, and premature, and stated that they will supplement their response following the liability phase of the case, if necessary. Further, this request, along with Request Nos. 68-71, seeks highly confidential and private information that is wholly irrelevant to Plaintiff's claims. There is also no evidence to suggest that the applicable insurance policy held by the Company would not be sufficient to cover any liability on behalf of both the Company and the individual defendant.

Please let us know if you believe further 7.1 conference would be helpful to narrow the scope or resolve any of these issues.


Very truly yours,

/s/ Jamie Kessler
Jamie Kessler
Jamie.Kessler@JacksonLewis.com
Eve Keller
Eve.Keller@JacksonLewis.com
Jackson Lewis P.C.