**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

LEVINA WONG,

      Plaintiff,

v.

VESON NAUTICAL LLC AND SEAN
BRIDGEO,

      Defendant.

Civil Action No. 24-cv-12752-IT

**LEAVE TO FILE GRANTED ON
MAY 19, 2026**

## <u>DEFENDANTS' REPLY IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>

Defendants Veson Nautical LLC ("Veson") and Sean Bridgeo ("Bridgeo") (collectively, "Defendants") respectfully submit this Reply in further support of their Motion to Compel Production of Documents. Plaintiff's Opposition does not dispute the central point: non-privileged communications with third parties concerning Bridgeo, Plaintiff's allegations, or the claims and defenses in this action are plainly relevant to issues of liability, credibility, causation, and damages. Nor does Plaintiff show that producing such documents would impose any undue burden. Instead, Plaintiff attempts to recast a narrow, standard discovery request as harassment. It is not.

Defendants seek only a limited category of non-privileged communications directly bearing on Plaintiff's allegations and the factual narrative she has placed at issue in this lawsuit. Those materials may reveal what Plaintiff said to others, when she said it, whether her accounts have been consistent, whether third parties possess relevant knowledge, and whether Plaintiff's alleged injuries or damages were attributed to the conduct alleged here. That is standard, proportional discovery under the Federal Rules.

## ARGUMENT

**A. Plaintiff Cannot Shield Non-Privileged Third-Party Communications That Go Directly to Her Allegations, Credibility, and Claimed Damages.**

Plaintiff has placed her relationship with Bridgeo, her allegations about his conduct, and her claimed emotional-distress damages squarely at issue. By her own account, Plaintiff—Veson's former General Counsel—maintained a cordial working relationship with Bridgeo until February 7, 2024, when, "after talking to an attorney," she "decided that [she has] been suffering from bullying and microaggressions." She now asserts claims against Veson and/or Bridgeo for, among other things, intentional infliction of emotional distress, discrimination, hostile work environment, failure to accommodate, violations of the Earned Sick Time Law and the Massachusetts Paid Family and Medical Leave Act, and tortious interference with advantageous business relations, and she seeks substantial compensatory and punitive damages, including for alleged severe emotional distress and related medical treatment.

In these circumstances, Defendants are entitled to discovery of Plaintiff's non-privileged communications with third parties concerning Bridgeo and the allegations in this case. Those communications are likely to bear directly on whether Plaintiff's contemporaneous account is consistent with the narrative advanced in this litigation, whether and when her characterization of Bridgeo's conduct changed, the nature and extent of her claimed distress, the existence of third-party witnesses with relevant knowledge, and Plaintiff's overall credibility.

Plaintiff's authorities do not support her objections because they address a different kind of discovery dispute. Sanoiki v. Harvard University, No. 19-12172-LTS, 2022 U.S. Dist. LEXIS 247361 (D. Mass. Dec. 20, 2022) involved a motion to quash a third-party deposition subpoena directed to a nonparty who had no direct involvement in the sole remaining breach-of-contract claim. Id. at *2. That is not what Defendants seek here. Defendants are not pursuing third-party

discovery, much less a third-party deposition, at this time. They seek discovery from Plaintiff herself, specifically, Plaintiff's own non-privileged communications with third parties concerning Bridgeo and the allegations she has put at issue in this case. That is a critical distinction. The request is directed to *a party*, seeks materials in Plaintiff's possession, custody, or control, and concerns Plaintiff's own statements about the events, injuries, and damages she now alleges. Sanoiki therefore does not help Plaintiff; if anything, it highlights how far afield her cited authority is from the discovery Defendants actually seek.

The same is true of Netherlands Insurance Co. v. HP, Inc., 648 F. Supp. 3d 271 (D. Mass. 2022). There, the dispute concerned discovery into other alleged fires involving different printer models, and the court found plaintiffs had not shown how those different incidents would help prove causation in the case before it. Id. at 273, 275. Here, by contrast, Defendants are not seeking information about unrelated incidents or unrelated actors. They seek Plaintiff's own communications with third parties about Bridgeo, her allegations, and her claimed injuries—the very subjects she has placed in controversy. Those communications are directly tied to Plaintiff's claims, Defendants' defenses, Plaintiff's credibility, and her asserted emotional-distress damages.

**B. Defendants' Request Is Proportional To The Needs of The Case.**

Plaintiff's contemporaneous perception of her treatment at Veson, and of her relationship with Bridgeo, goes to the heart of this case. Plaintiff seeks substantial damages based largely on her claim that Defendants caused her severe emotional distress. Her own non-privileged communications about Bridgeo and the allegations she now presses in this action are therefore highly probative of liability, causation, credibility, and damages. Those communications are uniquely within Plaintiff's possession, custody, or control, and their importance plainly outweighs

any claimed burden of reviewing and producing them.  Indeed, there is no alternative avenue by which to obtain this information.

Nor is the request overbroad. Defendants do not seek all of Plaintiff's communications, all of her texts, or a sweeping inquiry into her day-to-day activities. They seek only a narrow set of non-privileged communications that concern Bridgeo or the allegations at issue in this lawsuit. That is targeted, proportional party discovery directed to matters Plaintiff herself has placed squarely in controversy.

Plaintiff's cited cases do not suggest otherwise. In Controlled Kinematics, Inc. v. Novanta Corp., No. 17-cv-11029-ADB, 2019 U.S. Dist. LEXIS 116922 (D. Mass. July 15, 2019), the discovery request sought documents broadly showing what the plaintiff and its principals were doing on a daily basis over a multi-year period. Id. at *8-10. The court found that request overbroad because it could sweep in virtually any company document, as well as phone and computer records, merely on the theory that such materials might show daily activities. Id. at *10. That bears no resemblance to the request here. Defendants are not seeking a wholesale account of Plaintiff's daily life or work activities; they seek only Plaintiff's own communications about Bridgeo and the allegations in this case.

The same is true of Hardy v. UPS Ground Freight, Inc., No. 3:17-cv-30162-MGM, 2019 U.S. Dist. LEXIS 121277 (D. Mass. July 22, 2019). There, the issue was whether the defendant could compel forensic imaging of the plaintiff's cell phone—that is, wholesale access to the entire contents of the device. Id. at *9. The court concluded that the defendant had not shown circumstances justifying that intrusive relief. Id. This case is entirely different. Defendants are not seeking forensic imaging (at this point), unrestricted access to Plaintiff's phone, or all of Plaintiff's text messages and communications. They seek only a limited category of Plaintiff's non-privileged

communications with third parties concerning Bridgeo or the allegations she has placed at issue. That is ordinary, tailored party discovery—not the kind of sweeping and invasive request rejected in Hardy.

### C. Defendants' Request Is Not Designed To Harass Plaintiff.

Finally, Plaintiff's assertion that Request No. 18 is intended to "harass" is meritless. Request No. 18 is a proper, narrowly tailored discovery request directed to materials that bear directly on Plaintiff's claims; it is not harassment by another name. Plaintiff herself has made alleged workplace humiliation, mistreatment, and resulting severe emotional distress central to this case. Having done so, she cannot plausibly argue that her own non-privileged communications concerning those same subjects are somehow disproportionate to the needs of the litigation. To the contrary, communications in which Plaintiff contemporaneously described her workplace experience, her interactions with Bridgeo, and the emotional impact she now attributes to Defendants go directly to liability, causation, credibility, and damages.

Plaintiff's cited authorities do not change that conclusion. This is not a case in which Defendants seek forensic imaging of Plaintiff's phone, unfettered access to all of her private communications, or discovery untethered to the claims at issue. Defendants seek only a limited set of Plaintiff's own non-privileged communications with third parties concerning Bridgeo or the allegations in this lawsuit. That is routine, proportional party discovery, and Plaintiff's effort to recast it as harassment should be rejected.

### CONCLUSION

For the foregoing reasons, and those set forth in Defendants' Motion, Defendants respectfully request that the Court enter an Order directing Plaintiff to fully respond to discovery as set forth above.

DEFENDANTS,

VESON NAUTICAL LLC AND SEAN
BRIDGEO

By its attorneys,

/s/ Eve R. Keller
Jamie Kessler, BBO # 681867
Eve Keller, BBO # 712209
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
Telephone: (617) 367-0025
Jamie.kessler@jacksonlewis.com
Eve.keller@jacksonlewis.com

## CERTIFICATE OF SERVICE

This hereby certifies that on this 21st day of May, 2026, this document, filed through this Court's ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a paper and/or electronic copy shall be served on non-registered participants pursuant to applicable rules.

/s/ Eve R. Keller
Jackson Lewis, P.C.

4918-2074-2061, v. 1