**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEVINA WONG,<br><br>          Plaintiff,<br><br>     v.<br><br>VESON NAUTICAL LLC and SEAN BRIDGEO,<br><br>          Defendants. | Civil Action No. 24-CV-12752-IT<br><br>**(Leave to file granted on May 28, 2026)** |

**PLAINTIFF LEVINA WONG'S REPLY IN**
**FURTHER SUPPORT OF HER MOTION TO COMPEL DISCOVERY**

Plaintiff Levina Wong ("Ms. Wong") submits this Reply in further support of her Motion to Compel (Dkt. No. 32) (the "Motion"). Because Defendants' Opposition does not cure the deficiencies the Motion identifies, the Motion should be granted.

**I.     DEFENDANTS CANNOT SHIELD THE INVESTIGATION MATERIALS UPON WHICH THEY AFFIRMATIVELY RELY.**

As a threshold matter, Defendants' objections to producing any communications with or among Veson's Board of Directors ("Board") concerning the investigation on the basis of attorney-client privilege are meritless. Veson's CEO, John Veson, emphatically declared at his May 29, 2026 deposition that, during Board meetings he attended and during which the investigation was discussed, he was "certain" no attorneys were present. It strains credulity to maintain that ***no*** non-privileged documents exist evidencing Board meetings or communications in which Plaintiff's internal complaint and the subsequent investigation were raised. Accordingly, Defendants' withholding of communications with or among the Board reflecting the investigation into Plaintiff's complaint and where no attorney was included for purposes of seeking or providing

1

legal advice – including Board emails, Slack messages, meeting minutes, or summaries – is improper and such documents must be immediately searched for and produced.

## A. Defendants Placed the Investigation's Conclusion At Issue and Waived Privilege.

Defendants argue that no waiver occurred because they merely referenced an investigation into Plaintiff's complaint without raising an advice-of-counsel defense. But an at-issue waiver is not limited to that defense alone – it arises when a party injects claims or defenses into the litigation that implicate communications with counsel. *See Bacchi v. Mass. Mut. Life Ins. Co.*, 110 F. Supp. 3d 270, 275 (D. Mass. 2015). In determining whether such a waiver has occurred, courts have required that the privileged information be not only relevant, but also actually relied upon by the privilege holder to support a claim or defense in the case. *See id.* at 276. Here, Defendants rely upon the investigation's conclusion that there was "insufficient evidence" of discrimination or retaliation as their justification for failing to discipline either Bridgeo or Unflat and to support their Tenth Affirmative Defense of good faith compliance with applicable laws. Ms. Wong can test that conclusion only by being given access to the withheld records. *See, e.g., Bacchi*, 110 F. Supp. 3d at 276 (reliance element likely met if defendant raised the defense of subjective good faith belief that its actions were lawful because plaintiff, to test that assertion, would need to know whether defendant received any contradictory legal advice). Indeed, to Ms. Wong's knowledge, Veson never actually investigated her retaliation complaint, and Defendants are now hiding behind an assertion of privilege to hide that its investigation failed to cover her retaliation complaint – revealing both a lack of evidence to support its conclusion and a lack of good faith compliance.

## B. The Materials at Issue Are Discoverable Fact Work Product.

Even absent waiver, the materials at issue are discoverable as fact work product because Ms. Wong has shown substantial need and undue hardship should they not be produced. *See United States v. Cadden*, No. CR No. 14-10363-RGS, 2015 WL 5737144, at *2 (D. Mass. Sept. 30, 2015).

Material qualifies for heightened opinion work product protection only where its focus, selection, or arrangement reflects the attorney's thought process in some meaningful way. *See Attorney Gen. v. Facebook, Inc.*, 487 Mass. 109, 128 (2021). Defendants' privilege log describes nothing more than ordinary notes from witness interviews taken by the investigator in February 2024. Those contemporaneous accounts carry a value that depositions taken years later cannot replicate. *See, e.g., Felisberto v. Dumdey*, 541 F. Supp. 3d 142, 151 (D. Mass. 2021) (compelling disclosure of investigation notes in a negligence action where the passage of time rendered it "practically impossible" to obtain the substantial equivalent of those documents "without undue hardship").[1]

## II.    DEFENDANTS MUST SEARCH FOR RESPONSIVE DOCUMENTS FROM ADDITIONAL CUSTODIANS THEY IDENTIFIED AS KNOWLEDGEABLE.

Defendants call a search of the records of Margaret Mo, Boey Yu, Ayla Ahmed, and Christiane Felts disproportionate and irrelevant. But Defendants cannot identify Mo and Yu in their initial disclosures as individuals likely to support their claims or defenses and then refuse to search their records. *See United States v. United Techs. Corp*., No. 3:16-CV-01730, 2020 WL 7339916, at *9 (D. Conn. Dec. 14, 2020). And, because Defendants' own interrogatory answers identify Board members Ahmed and Felts as the decisionmakers who retained an outside investigator, their records are likewise undeniably relevant.  Ms. Wong is entitled to responsive documents yielded from a search of these particular custodians.

## III.    INVESTIGATIONS INTO OTHER SENIOR LEADERS ARE DISCOVERABLE COMPARATOR EVIDENCE.

Defendants assert that discovery into Veson's handling of internal complaints against other members of the Senior Leadership Team ("SLT") is barred absent a pleaded pattern-or-practice

---

[1] Should the Court have concerns that opinion material is interwoven, *in camera* review is appropriate and would allow for the protection of true mental impressions while ordering production of the factual core. *See, e.g., Facebook*, 487 Mass. at 128-29 (observing that "where a document contains both fact and opinion work product, a court may still order its production if the opinion portions can be redacted or removed.").

claim, and that such other complaints are irrelevant to an individual suit. However, an individual disparate treatment plaintiff may seek evidence of general practices to, *inter alia*, show a pattern of discriminatory conduct or to counter a defendant's affirmative defense that it made good faith efforts "at all material times" to comply with its obligations under applicable laws. *See, e.g., Karp v. Cigna Healthcare, Inc.*, 882 F. Supp. 2d 199, 213-14 (D. Mass. 2012) (plaintiff could offer evidence of a corporate-wide pattern or practice of discrimination to prove that she was the victim of individual discrimination); *Briddell v. Saint Gobain Abrasives Inc.*, 233 F.R.D. 57, 59–60 (D. Mass. 2005) (information about company's practices relevant to its affirmative defense of good faith efforts to comply with law). *See also Brown v. Wal-Mart Assocs., Inc.*, 616 F. Supp. 3d 137, 143-44 (D. Mass. 2022) (permitting discovery of workplace complaints against specific individuals made by other employees in disparate treatment case). Ms. Wong has identified at least four complaints of misconduct by SLT members, and Veson's responses to such complaints are relevant both to show a pattern of discriminatory conduct tolerated by Veson and to counter its Tenth Affirmative Defense of good faith efforts to comply with applicable laws. The requests are also tethered to a concrete disparity (as opposed to exploratory): Veson required Ms. Wong to personally investigate her own supervisor, Sean Riley, while, upon information and belief, it retained outside investigators for complaints against other SLT members. In short, the requested information is narrowly limited to complaints against SLT members and bears directly on Defendants' good faith compliance defense, among other issues. In addition, the Protective Order resolves any confidentiality concern.

## IV.   DISCOVERY OF VESON'S FINANCIAL INFORMATION IS RELEVANT TO DAMAGES AND CANNOT BE UNILATERALLY DEFERRED.

Defendants argue that financial discovery is premature until liability is established. But whether to defer damages discovery is for the Court, not a party, to decide. *See Mellor v. JetBlue*

4

*Airways Corp.*, No. 1:21-CV-10319-IT, 2023 WL 8653730, at *2 (D. Mass. Dec. 14, 2023) (bifurcation is for the court, not the parties). Ms. Wong needs the requested financial information to value the Class B Units Award she lost on her constructive discharge – a question of compensatory contract damages, not an inquiry into an individual defendant's net worth, so Defendants' punitive damages and "deep-pocket" authorities are inapposite. *See, e.g., Pedraza v. Holiday Housewares, Inc.*, 203 F.R.D. 40, 42-43 (D. Mass. 2001) (denying financial discovery because the link between an individual defendant's tax returns and generalized punitive damages was too tenuous). Any proportionality objection is blunted by the language of Requests Nos. 20–22, seeking only documents "sufficient to show" valuation, and the Protective Order resolves any confidentiality concern. Defendants have no sound basis to withhold this requested information.

## V.    DOCUMENTS CONCERNING KERRY UNFLAT'S DEPARTURE ARE RELEVANT COMPARATOR EVIDENCE.

Defendants' argument that Ms. Wong cannot obtain discovery concerning Ms. Unflat's departure absent a pattern-or-practice claim again erroneously conflates Rule 8 with Rule 26(b)(1). Veson's disparity in its treatment of Bridgeo, a male executive, and Unflat, a female executive, following internal complaints of misconduct may evidence, among other things, a pretext for discriminatory intent in its actions towards Plaintiff. The Protective Order resolves any confidentiality concern, and these records should be produced.

### <u>CONCLUSION</u>

For these reasons, the Court should grant the Motion to Compel, overrule Defendants' objections to the discovery requests at issue, and order Defendants to produce all responsive documents and complete interrogatory answers within ten days of the Court's order.

5

Respectfully submitted,

LEVINA WONG

By her attorneys,

/s/*Nicole Corvini*
Nicole Corvini, BBO No. 670587
*ndaly@beckreed.com*
Heather Carlson Krauss, BBO No. 644457
*hkrauss@beckreed.com*
Sarah Tishler, BBO No. 714062
*tishler@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665

Dated: June 3, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the CM/ECF system on June 3, 2026 and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and that any nonregistered participants have been served this day by email.

/ s/*Nicole Corvini*
Nicole Corvini, BBO No. 670587

6